UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2014 JAN 28  P 4: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL JONES

Plaintiff                          Civil Action No.

V.

Defendants

EXPERIAN INFORMATION S O L U T I O N S , INC

LAW OFFICE OF ANDREU, PALMA & ANDREU, PL

WELTMAN WEINBERG & REIS CO., LPA

MCARTHY BURGESS & WOLF, INC.

REVENUE GROUP

CALVERY PORTFOLIO

DYNAMIC RECOVERY SERVICE, INC.

UNITED RECOVERY SYSTEMS LP

INTEGRATY SOLUTIONS SERVICES, INC.

PRO DEBT MEDIATIONS INC

THE LAW OFFICE OF POLLACK & ROSEN

TRANS UNION LLC.

EQUIFAX INFORMATION SERVICES LLC

BANK OF AMERICA N.A

BANK OF AMERICA HOME LOANS

## COMPLAINT

### Parties

1.  The Plaintiff (Paul Jones) is a resident of Stoughton MA 02072, County of Norfolk, and a citizen of the United States.

2.  Defendant Andreu, Palma & Andreu, PL (Andreu) is a Law Firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 1000 NW 57th Court, Ste 400 Miami Florida.

3.  Defendant Weltman Weinberg & Reis Co., LPA (hereafter Weltman) is a Law Firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 325 Chestnut Street. Suite 501, Philadelphia, PA 19106-2605.

4.  Defendant McCarthy, Burgess & Wolff, Inc. (hereafter MB & W ) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking commissioner with a usually address of 26000 Cannon Road. Cleveland Ohio 44146.

5.  Defendant Revenue Group. (Hereafter Revenue) is a third party debt collector that is not registered to collect debts in Massachusetts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 4780 Hinkley Industrial Parkway, Cleveland, Ohio 44109.

6.  Defendant Cavalry Portfolio Services LLC. (Hereafter Cavalry) is a third party debt collector that regularly collects debts with a usually address of 500 Summit Lake Drive Valhalla, NY 10595.

7.  Defendant Dynamic Recovery Services Inc. (hereafter Dynamic) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking commissioner with a usually address 4101 McEwen Road, Suite 150 , Farmers Branch, Texas 75244.

8.  Defendant United Recovery Systems LP. (Hereafter UNITED) is a third party debt collector that regularly collects debts with a usually address of 5800 North Course Drive, Houston Texas 77072.

9.  Defendant Integrity Solution Services, Inc. (hereafter Integrity) is a third party debt collector that regularly collects debts with a usually address of 200 E Campus View Blvd, Ste 300, Columbus, OH 43235-4678.

10. Defendant Professional Debt Mediation, Inc. (hereafter PRO) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 7948 Baymeadows Way 2nd Floor, Jacksonville, Florida 32256.

11. Defendant The Law office of Pollack and Rosen (hereafter Pollack) is a third party debt collection law firm  that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 806 S Douglas Rd #200, Coral Gables, FL 33134.

12. Defendant, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), is a Georgia limited liability company, authorized to do business in Massachusetts.

13. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is an Ohio corporation, authorized to do business in Massachusetts.

14. Defendant, TRANS UNION LLC ("Trans Union"), is a Delaware limited liability

company, authorized to do business in Massachusetts.

15. BANK OF AMERICA CORPORATION ("BOA"), is a Delaware corporation, authorized to do business in Massachusetts with a usually address of 100 North Tryon St Charlotte, North Carolina 28202.

16. BANK OF AMERICA HOME LOANS ("BOAHL) is a subsidiary of Bank of America Corporation with a usually address of 400 COUNTRYWIDE WAY MS SV-314SIMI VALLEY, California.

### Jurisdiction

17. This court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1332.

18. The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and all defendants transact business in Massachusetts.

19. Venue is proper in Suffolk County, Massachusetts, because defendants intentionally reached into that county, availing itself of the protection of the laws of Florida, and Defendant's acts in that county gave rise to the cause of action asserted herein.

20. This Court has jurisdiction over defendants pursuant because defendants caused injury to a person within this state, to wit, Paul Jones, while it was engaged in service activities, to wit, debt collection, within this state.

21. This Court has jurisdiction over defendants pursuant to because Defendants engages in business within this state (Massachusetts), to wit debt collection, and its business within this state gave rise to the causes of action asserted herein.

## FACTS

22. This case is over $75,000 in violations committed by all the defendants.

23. All conditions precedent to the bringing of this action has been performed each defendant was sent a Notice of Pending Lawsuit and the lawsuit to mitigate damages and to save judicial resources and the courts time.

24. Plaintiff has mailed Bank of America, Trans Union, Experian & Equifax at least 10 certified return receipts apiece requesting that my credit file be updated and or validation of the accounts plaintiff is in posection of all returned green cards.

25. This is an action for money damages.

26. Plaintiff intents to send all defendants a 93a demand letter and Plaintiff will amend the suit to reflect violations of the Massachusetts Unfair and Deceptive Trade Practices Act. MGL 93a (hereafter MGL 93a).

27. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

28. Upon information and belief, defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity & Pro, obtained plaintiff's cell phone number via skip-tracing.

29. Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro on several locations and left several message on my wireless number within the last 12 months which is a violation of the Federal Debt Collection Practices Act. (FDCPA).

30. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United,

Integrity, and Pro violated the FDCPA, MGL 93a, and MDCRA by calling plaintiff wireless numbers using an Automatic Dialer that has the capacity to store and dial numbers without human intervention.

31. Plaintiff tried to mitigate damages by mailing, emailing and calling defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, BOA, BOAHL and Pro notice of intent to sue.

32. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro never sent out a letter after 5 days of the phone call to the plaintiff which is a violation of the Federal Deb Collection Practices Act. (Hereafter FDCPA), Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. (Hereafter MGL 93a).

33. Attached to lawsuit is Exhibits 1-4.

34. Defendant Experian, Equifax and Trans Union violated the Fair Credit Reporting Act by allowing third party debt collectors to pull plaintiffs credit report on several occasions.

35. Defendant Experian, Equifax and Trans Union violated the MGL 93a, the FCRA by allowing BOA to report on plaintiff credit report that his home was reposed by BOA when in fact Bank of New York was the so called owner of record.

36. Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro were trying to collect a nonexistent debt from plaintiff which is a violation of the Federal Deb Collection Practices Act. (Hereafter FDCPA), Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act.

Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. (Hereafter MGL 93a).

37. Defendant called from on several occasions and left messages for another person that does not own the wireless number on at least these dates looking to collect a nonexistent debt from plaintiff.

38. Defendant The Law Office of Pollack and Rosen called plaintiffs Wireless Number 786-431-0267 on December 20, 2013 at 11:03 AM from (305) 448-0006 and several other times asking for a Lamar Ovetta.

39. Defendant Pollack failed to update their records to make sure Lamar Ovetta still owned the telephone number 786-431-0267.

40. Defendant Palma called from (305) 631-0175 on several occasions looking for a Maria and left messages, I the plaintiff owns the wireless number (305) 631-0175).

41. Defendant Palma, Weltman, McCarthy, Paulican, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro called using an Automatic Dialing System that has the capability to store and dial numbers without human intervention.

42. Defendant Palma called on at least these dates looking to collect a nonexistent debt from plaintiff.

01/06/2013 Mon 11:19 AM to 305-748-4151 from 305-631-0175

01/02/2014 Thu 10:19 PM to 305-748-4151 from 305-631-0175

01/06/2014 Mon 11:19 AM to 305-748-4151 from 305-631-0175

12/30/2013 Mon 10:18 AM to 305-748-4151 from 305-631-0175

12/23/2013 Mon 10:16 AM to 305-748-4151 from 305-631-0175

12/16/2013 Mon 10:50 AM to 305-748-4151 from 305-631-0175

12/11/2013 Wed 10:04 AM to 305-748-4151 from 305-631-0175

12/05/2013 Thu 8:50 AM to 305-748-4151 from 305-631-0175

12/04/2013 Wed 2:21 PM to 305-748-4151 from 305-631-0175

11/12/2013 Tue 10:39 AM to 305-748-4151 from 305-631-0175

11/11/2013 Mon 10:49 AM to 305-748-4151 from 305-631-0175

11/07/2013 Thu 1:40 PM to 305-748-4151 from 305-631-0175

43. Defendant Weltman Weinberg & Reis Co (hereafter Weltman) called Plaintiffs wireless number 617-247-0800 on May 7, 2013 looking to collect a nonexistent debt from plaintiff Paul Jones at 12:09 pm from telephone number 385-229-3020 and several other times which is violation of the Federal Debt Collect Practices Act (Hereafter FDCPA) Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. (Hereafter MGL 93a).

44. Defendant Weltman called plaintiff several times and plaintiff caller ID displayed unknown and or blocked message.

45. Defendant MB & W Called plaintiffs wireless number (860) 899-2918, 413-328-2070 on at least these dates below and also called sometimes when plaintiff's caller I.D showed private and or blocked.

September 12, 2013 at 306pm from telephone number 4407355100

September 19, 2013 at 11:43 am from telephone number 4407355100

March 22, 2013 at 4:33 pm from a telephone number that displayed a Blocked message.

May 26, 2011 at 2:18 pm from telephone number 4407355100

July 15, 2011 at 3:24 pm from telephone number 440-735-5100

August 3, 2011 at 11:17 am from telephone number 440-735-5100

46. Defendant MB & W also called plaintiff wireless number to collect a commercial debt where plaintiff Paul Jones was the registered agent plaintiff and is disputing those phone calls in this complaint.

47. Defendant MB & W called plaintiffs wireless number and left voice messages for other people other than the plaintiff looking to collect an nonexistent alleged debt on several occasions on or about 50 times since 2011.

48. On information and belief, the defendants Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro employee failed to advise that they were a debt collector and that this was an attempt to collect a debt.

49. When plaintiff answered the phone on several occasions, there was a 10 second pause with no communications from the other end of the line, which indicates the use of an autodialer mechanism from defendants Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro.

50. Defendant Calvary called plaintiff over 25 times looking for a Michael Clark plaintiff explained to the representative that a Michael Clark is not at this number & the representative stated that I was Michael Clark and I needed to be a man and pay my bills.

51. Defendant Calvary representative stated that they would not stop calling until they spoke with a Michael Clark plaintiff stated that he had this number for over 10 years but the defendant's representative stated I was lying.

52. Defendant Calvary Called plaintiffs wireless number looking for a Michael Clark on at least these dates below and also called sometimes when my called plaintiffs caller I.D

showed private and or blocked.

12/05/2013 Thu 6:20 PM to 781-344-4351 from 888-229-6008

11/27/2013 Wed 11:23am to 781-344-4351 from 888-229-6008

11/22/2013 Fri 8:56 AM to 781-344-4351 from 888-229-6008

11/20/2013 Wed 6:45 PM to 781-344-4351 from 888-229-6008

10/29/2013 Tue 8:28 PM to 781-344-4351 from 888-229-6008

10/24/2013 Thu 8:25 PM to 781-344-4351 from 888-229-6008

09/18/2013 Wed 12:57 PM to 781-344-4351 from 888-229-6008

09/13/2013 Fri 11:43 AM to 781-344-4351 from 888-229-6008

53.  Defendant Dynamic called plaintiff wireless number 786-245-4211 on March 18, 2013 at
     2:16 pm from 800-886-8088 to collect a nonexistent alleged debt from the plaintiff.

54.  Defendant Dynamic called plaintiffs wireless number on several occasions sometime
     plaintiffs caller ID stated unknown or Blocked when the call was answered that's when
     plaintiff realized it was defendant Dynamic.

55.  Defendant Integrity called plaintiffs wireless number (781) 344-4351 on Tuesday February
     7, 2012 from telephone number (866) 994-0377.

56.  Defendant Integrity called plaintiffs wireless number on several occasions and even called
     with a blocked or unknown number plaintiff realized it was defendant Integrity when e
     answered the telephone.

57.  Defendant Revenue called plaintiff wireless number (978-425-6336) & (413-328-2070)
     several times to collect a nonexistent debt from the plaintiff.

58.  Defendant Revenue called on at least these dates below and also called sometimes when
     my called plaintiff's caller I.D showed private and or blocked.

11/06/2013 Wed 9:51 AM to (978) 425-6336 from (216) 763-2750

11/06/2013 Wed 9:28 AM to (978) 425-6336 from (216) 763-2750

59. Defendant United called plaintiffs wireless number on several occasions and even called with a blocked or unknown number plaintiff realized it was defendant Integrity when e answered the telephone.

60. Defendant United called plaintiff wireless number (561) 283-1001 several times to collect a nonexistent debt from the plaintiff.

61. Defendant United called on at least these dates below and also called sometimes when my called plaintiff's caller I.D showed private and or blocked.

    03/23/2012 Friday 9:54 AM to wireless number 561-283-1001 from **(561) 228-9317**

62. Defendant pro called plaintiff wireless number on several occasions and when plaintiff answered the phone there was no one there for 2-3 seconds.

63. Defendant Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro called plaintiff using an Automatic Dialing System that has the capacity to store & dial telephone numbers without human intervention.

64. Defendants Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro continue to attempt to enforce and collect a non-existent debt.

65. Plaintiff advised defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro that he was on a wireless number and he is being charged for the call and has 5000 minutes per month usage, and that no consent was given to contact him via that number or via any other telephonic method in the future.

66. During this communication, the employee of defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro failed to disclose the

identity of the company from which he or she was calling and failed to disclose that the company was a debt collector calling to collect a debt.

67. At the time of this communication, plaintiff had never previously provided defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro with authorization to telephone plaintiff's wireless telephone.

68. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro failed to send Plaintiff written notification of Plaintiff's alleged Indebtedness to defendants and plaintiff's right to dispute defendant's allegation within five (5) days of defendant's above referenced initial communication to plaintiff.

69. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro violated the TCPA even if its actions were only negligent.

70. As of the date of filing this lawsuit, plaintiff has not received written notification of the alleged indebtedness from defendants Palma, Weltman, McCarthy, Paulican, Revenue, Calvary, Dynamic, Pollack, United, Integrity, or Pro.

71. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, United, Integrity, and Pro placed constant and continuous calls to Plaintiff seeking and demanding Payment of a nonexistent debt.

72. This is an action for damages and injunctive relief brought by Plaintiff against Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for violations of the Telephone Consumer Protection Act(TCPA) Sec.227.,47USC§227(b)(l), 47USC§227(a)(iii), Fair Debt Collection Practices Act (FDCPA)15U.S.C.§1692c(a)(l).

73. This is an action for damages and injunctive relief brought by Plaintiff against Defendants

Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for violations of the Telephone Consumer Protection Act(TCPA) Sec.227.,47USC§227(b)(l), 47USC§227(a)(iii), Fair Debt Collection Practices Act (FDCPA)15U.S.C.§1692c(a)(l).

74. Despite Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro familiarity with the TCPA, the Defendants either willfully or knowingly violated the TCPA in placing these calls to the Plaintiff's wireless telephone numbers for which the called party was charged for the call.

75. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro placed telephone calls to the Plaintiffs wireless telephone which the called party is billed for the call and *plaintiff has no established business relationship.*

76. The Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro placed multiple calls to Plaintiff's wireless telephone number repeatedly invaded the privacy of the Plaintiff which is a violation of the Federal Debt collection Practices Act (hereafter FDCPA).

77. Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by Telephone Consumer Practices Act (hereafter TCPA), Massachusetts Debt Collection Practices Act (hereafter MDCRA CMR 940 & 7.00), Massachusetts Unfair & deceptive Trade Practices Act (hereafter MGL 93a) and the Federal Debt Collection Practices Act (hereafter FDCPA).

78. Defendant Palma, Weltman, Morgan, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro were trying to collect a nonexistent debt when they called the Plaintiff on his wireless numbers.

79. Defendants Palma, Weltman, Morgan, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro are debt Collection Companies that regularly collects defaulted debts.

80. Upon information and belief, Defendants Palma, Weltman, Morgan, McCarthy, Paulican, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro are third party debt collector.

81. Plaintiff hereby sues Defendants Palma, Weltman, McCarthy, ,Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for violations of the Telephone Consumer Protection Act(TCPA)Sec.227.,47USC§227(b)(l),47USC§227(a)(iii), Fair Debt Collection Practices Act(FDCPA)l5U.S.C.§1692c(a)(l). Massachusetts Debt Collection regulation Act 9400 CMR 7.00. & Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a.

82. Upon information & belief, Plaintiff contends that many of these practices are widespread for defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro therefore, Plaintiff intends to propound discovery on all of the Defendants for their telephone records to get all the times the defendants called the plaintiff even when plaintiffs caller ID read *Blocked or Unknown*.

83. Plaintiff has wireless numbers and only has 5000 minutes per month and defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro causes plaintiff to be charged for those minutes when he was called by the defendants to

collect a nonexistent alleged debt, and plaintiff has a service for which the called party is charged for the call.

84. Plaintiff's numbers has been listed on the do-not-call list for several years last being registered on or about February 16, 2008.

85. From approximately February 1, 2012 until January 3, 2014, Plaintiff began receiving calls from Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro to Plaintiffs numbers that are registered on the Do-Not Call List.

86. Between February 1, 2012 until January 3, 2014, there were calls placed to the plaintiff's wireless telephone numbers from numbers known to be owned by defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro.

87. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro made phone calls to Plaintiff, and from telephone numbers that were *blocked* on Plaintiffs caller I.D. Plaintiff plans to propound discovery upon Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, United, Integrity, and Pro to get the exact dates.

88. Plaintiff was called from Defendants Palma, Weltman, Morgan, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro, Plaintiff received calls within the last 12 months which is a violation of the FDCPA, MDCRA, MGL 93a and the TCPA ACT.

89. Plaintiff sent Defendants Palma, Weltman, Morgan, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro a Cease & Desist letter on January 3, 2014.

90. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro should have known that Plaintiffs did not owe a debt.

91. Each call was initiated by Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for the purpose of collecting a non- existent debt, in violation of 47 U.S.C. the TCPA Act., FDCPA, MGL 93a & MDCRA.

92. Plaintiff answered several additional calls from Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro where his caller id showed a number "Unknown or Blocked" and where Defendants Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, United, Integrity, and Pro did not identify itself at the commencement of the call which is another violation of the TCPA for which there is no private right of action.

93. Only after answering the caller ID blocked calls did Plaintiff realize it was the Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro calling.

94. At no time did Plaintiff provide *prior express permission* for Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro to call Plaintiffs *wireless telephone number and or service for which the called party is charged for the call.*

95. Plaintiff never gave defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro *prior express permission for Defendants to use equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.*

96. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro does not have, and has never had *an established business relationship with Plaintiff.*

97.   Despite the letters from Plaintiff, Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro continued to place prohibited calls to Plaintiff's *wireless numbers and or service for which the called party is charged for the call* Plaintiff is entitled to treble damages pursuant to 47 U.S.C. §227(b)(3).

98.   Plaintiff seeks damages for any and all calls that Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL made to Plaintiff's wireless telephone numbers in violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not limited to damages for any calls that defendant made which *Plaintiff is unaware of*, for Defendants failure to provide a copy of its do-not-call policy, failure to properly scrub the national DNC as required by the FCC, failure to properly maintain and update its company specific DNC call list, and failure to accommodate Plaintiff's requests to stop calling, failure to train and monitor its employees about the existence of both the national and state required  lists and to enforce the requirement that DNC requests be recorded, failure to stop all calls to the subscriber made within 10 years of consumer request to place his number on company DNC, failure to employ a version of the national "do-not-call" registry obtained from the Commission no more than thirty-one (31) days prior to the date any call is made, and to maintain records documenting this process, failure to sufficiently identify individual telemarketer / Debt Collectors name, his or her employer caller and business entity on whose behalf the calls were being made, or the causing defendants Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL telephone number to be blocked from the subscriber's caller ID.

99.   Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL did not provide Plaintiff with a letter after 5 days of the

debt collection call which is a violation of the Federal Debt Collection Practices Act. (FDCPA) MDCRA 940 - 7.00. & MGL 93a.

100. From February 2012 thru January 3, 2014, Defendants Palma, Weltman, McCarthy, Paulican, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL did violated the TCPA, FDCPA MDCRA 940-700 and the MGL 93a by calling Plaintiffs wireless telephone number and or service for which the called party is charged for the call, over 245 times with no prior permission given by Plaintiff.

101. Defendants Palma, Weltman, McCarthy, Paulican, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL did left recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs answering service *for which the called party was charged for the call.*

102. Plaintiff is within the statute of limitation of the Telephone Consumer Practices Act (TCPA), Massachusetts Debt Collection Practices Act, MGL 93a and the Fair Debt Collection Practices Act (FDCPA).

103. Plaintiff contends that the credit reporting agency Defendants Trans Union, Equifax & Experian has violated such laws by repeatedly and willfully issuing false consumer credit reports concerning Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, a reduction in his credit score, financial loss, loss of use of funds, invasion of privacy, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

104. Plaintiff has disputed with defendants Trans Union, Experian & Equifax over 10 times in writing since September 5, 2011 and defendants Trans Union, Experian & Equifax has failed to correct plaintiffs request which is a violation of the Fair Credit Reporting Act and plaintiff

demands $1000 per month when ever a change was not made after plaintiff disputed in writing to defendants Trans Union, Experian & Equifax.

105.   Defendants Trans Union, Experian & Equifax did not respond to plaintiff request to remove and or update plaintiff's consumer credit report on several occasions over 30 days which is a violation of the Fair Credit Reporting Act.

106.   Plaintiff contends that the defendant BOA and BOAHL has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged debt, obtaining or furnishing his credit reports illegally, Removing Plaintiffs good standing accounts without Plaintiffs approval, knowingly reporting false information to the credit reporting agencies, and refusing to properly investigate Plaintiffs disputes of information transmitted through the credit reporting agencies. In many cases they have conspired with each other in engaging in these actions. For the most part, Plaintiffs demands to the Defendant that they cease these illegal, and in some cases possibly criminal, activity, have met with either no response or continued illegal activity.

107.   Defendant Trans Union, Equifax & Experian failed, in the preparation of Plaintiffs reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, deleted Plaintiffs Good Standing account that effected Plaintiffs credit score, failed to delete incomplete, misleading, and inaccurate information in Plaintiffs file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiffs statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify,

train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated Notification by Plaintiff; failed to properly reinvestigate Plaintiffs disputes; and concealed from or misrepresented facts to Plaintiff regarding his credit report.

108. Defendant BOA and BOAHL has reported false information about Plaintiff to credit reporting agencies and continued to do so despite Plaintiffs numerous disputes about the account that were transmitted through the credit reporting agencies.

109. Defendant BOA and BOAHL has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

110. Defendant BOA and BOAHL did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

111. Plaintiff Credit report reflects a foreclosure from BOA and BOAHL that should not be on Plaintiffs Credit Report because it states **BANK OF AMERICA, CREDIT GRANTOR RECLAIMED COLLATERAL TO SETTLE DEFAULTED MORTGAGE** which is not true, I the Plaintiff is in litigation with Bank of New York and has been for the last 6 and half years and I am still living in the home they have not reclaimed it, nothing should be reported until the final judgment.

112. Defendants BOA, BOAHL, Experian, Trans Union & Equifax has caused Plaintiff to be

denied for credit, jobs and a lost of credit score by reporting untrue facts a violation of the FCRA and MGL93a Plaintiff has been damaged and seeks relief by means of triple damages and $1000 per month that Defendants Experian, Trans Union & Equifax has been reporting inaccurate items on plaintiffs credit reports.

113.    Plaintiff has sent several request to the Trans Union, Equifax & Experian, Plaintiff believes that Defendants Trans Union, Equifax & Experian has never reinvestigated his file the correct way, Plaintiff believes that the Defendants Trans Union, Equifax & Experian just looked on a computer and matched up accounts.

114.    Plaintiff is in possession of the home and his credit reports states a repossession which is not true and it is damaging Plaintiff credit score.

115.    Plaintiff has sent several requests by certified mail to Defendant to remove the inaccurate blemish but Defendant Experian, Trans Union and Experian refused to update the plaintiff consumer credit report.

116.    Plaintiff has been damaged and denied lines of credit, Capital One (Furniture) on October 23, 1013, First Bankcard June 11, 2013, First National Bank Of Omaha May 24, 2013, Home Depot Credit Services September 6, 2013, AMX 2 jobs, an AMX line of credit, a Mortgage several car loans and a line of credit for furniture due to this derogatory information on Plaintiff credit report.

117.    Plaintiff sent defendant Trans union a Notice of Pending Lawsuit and a copy of the lawsuit on December 9, 2012 .

118.    Defendant Trans union failed to mark Lease Finance group as paid as agreed which violated the FCRA and Trans Union is reporting that BOA act# 5923 states this is a derogatory account I am currently in litigation and have been for over 5 years.

119.    Defendant Trans union has marked on plaintiffs credit report that Primus Financial act# 3427**** has had late payment 30-60-90 days late which is not true a violation of the FCRA they refuse to update their records this has been going on since September 2011.

120.    Defendant Trans Union has removed plaintiffs good standing accounts  they are Option One Mortgage acct# 6470011348521, Macy east / Jrdn Mrsh act# 4201524205620, Ocwen Loan SVCG LLC Act# 101199859 and Select Portfolio SVCG act# 2770002616159 the removal of these accounts reduced plaintiffs credit score

121.    Plaintiff sent defendant Experian a Notice of Pending lawsuit and a copy of the lawsuit that was to be filed.

122.    Defendant Experian, Trans Union and Equifax has allowed several companies to pull plaintiffs consumer credit report under the theory of review of an account Capital One pulled plaintiffs credit report over 10 times when plaintiff had no account with Capital one, plaintiff has sued Capital One for that and settled the case out of court.

123.    Defendant Experian refuses to remove a derogatory credit file even after the credit grantor Lease Finance Group, LLC account # 1051993XXXX sent them a letter stating that (attached) the late payments are incorrect and Plaintiffs has satisfied all payments obligations and the account should reflect that it was paid as agreed as of December 9, 2012 it is still reported derogatory on Plaintiff credit report.

124.    Defendant Experian refuses to remove BOA act#5923**** that shows a derogatory entree from them while we are in litigation.

125.    Defendant Experian removed plaintiffs good standing account and plaintiff credit score was reduced account are Macy/Jordan marsh, Ocwen Mortgage, PCFS act#64xxxx which is a violation of the FCRA.

126.   Defendant Trans Union, Equifax and Experian has allowed several companies to pull plaintiffs credit under the theory of review of an account Capitol one pulled Plaintiff credit report11 times and plaintiff did not have an account with Capital One at that time.

127.   Defendant Trans Union, Equifax and Experian allowed Plaintiffs credit report to be view by individuals that should not be in Plaintiff personal credit report, when Trans Union, Equifax and Experian should have known that a credit card is not considered an account under the FCRA laws.

128.   Plaintiff Credit report reflects a foreclosure from Bank of America that should not be on Plaintiffs Credit Report it has been there for 7 years, it states BANK OF AMERICA, CREDIT GRANTOR RECLAIMED COLLATERAL TO SETTLE DEFAULTED MORTGAGE which is not true, I the Plaintiff is in litigation with Bank of New York and has been for the last 5 and half years and I am still living in the home they have not reclaimed it, nothing should be reported until the final judgment, Experian has caused Plaintiff to be denied for credit, jobs and a lost of credit score by reporting untrue facts a violation of the FCRA and MGL93a Plaintiff has been damaged and seeks relief by means of triple damages and $2000 per month that it has been report on **Plaintiff credit report which is 60 months a total of $60,000. X 3= $360,000.**

129.   Plaintiff has been writing for a number of years trying to correct the derogatory credit report.

130.   Defendants Trans Union, Experian & Equifax has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

131.   Defendant BOA has reported false information about Plaintiff to Equifax, Trans

union & Experian credit reporting agencies and continued to do so despite Plaintiffs numerous disputes about the accounts that were transmitted through the credit reporting agencies.

132.    Defendants BOA, BOAHL, Equifax, Trans union & Experian knew or should have known that when an account is in litigation it should not be reported as a foreclosure until there is a final verdict in the case of wrongful foreclosure because it has caused Plaintiff Credit Score to be reduced.

133.    Defendant BOA, BOAHL did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

134.    Defendant BOA, BOAHL formally known as Countrywide initiated several hard credits pulls without permissible purpose mortgage is not considered an account according to the FCRA.

135.    On several occasions, Plaintiff sent letters to BOA demanding validation of an alleged debt and a qualified written request several time. The letter was sent by certified mail.

136.    Defendant BOA, BOAHL did not respond to any of the letter in a timely and orderly fashion which is a violation of the Federal Debt Collection Practices Act Plaintiff request $1000, Massachusetts GL 93a and Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

137.    Defendant BOAHL sent plaintiff 2 letter to plaintiff to provide insurance information on or about November 25, 2013 and December 15 2013, plaintiff send defendant BOA a timely debt validation letter on or about December 5, 2013 and BOAHL never responded and BOAHL sent another letter requesting the same insurance information on December 15, 2013 WITHOUT VALIDATIN which is a violation of the FDCPA because they never validated

the debt and is still trying to collect on it.

138. Defendant BOAHL sent plaintiff a home loan statement and a demand for payment of
$278,165.38 on or about December 19, 2013plaintiff sent defendant a timely debt validation
letter on Defendant BOAHL never answered it.

139. Defendants BOA and BOAHL violated the FDCPA §1692e(2) by falsely representing
the character, amount, or legal status of any debt the loan modification paper work
plaintiff received on or about November 3, 2013 & the Statement plaintiff received on or
about January 3, 2014.

140. On or about November 5th and 7th , 2013 Defendant BOAHL sent plaintiff 2 home loan
Modification package plaintiff sent defendant BOAHL 2 timely debt validation request on or
about November 7th and November 11, 2013 and the Defendant failed to validate and to this
day has continued to collect the alleged debt.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICESACT (FDCPA), 15U.S.C. §1692
### BY DEFENDANTS Palma, Weltman, McCarthy,
### Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro,
### Trans Union, Experian, Equifax, Bank of America & Bank of America Home Loans.

141. Plaintiff alleges and incorporates the information in paragraphs 1through 140.

142. Plaintiff is a consumer within the meaning of §1692a (3).

143. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United,
Integrity, Pro, Bank of America & Bank of America Home Loans are debt collectors
within the meaning of §1692a(6).

144. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United,
Integrity, Pro and Bank of America & Bank of America Home Loans placed

no less than 275 telephone calls to the Plaintiffs wireless number after plaintiff informed them that they had the wrong number and or to Cease & Desist and only contact plaintiff though USPS . Defendants knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15U.S.C. $\S$ 1692c (a) (l). Defendant demands $1000.

145. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans violated §1692e (10) by the use of any false representation or Deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  Plaintiff demands judgment in the amount of $1000.

146. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans violated 15 U.S.C. §1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

147. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans violated the FDCPA. Defendant's violations include, but are not limited to, the following:

§1692e (2) by falsely representing the character, amount, or legal status of any debt.

§1692e (5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

§1692e (8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

§1692e (l0) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§1692e (11) by failing to warn that it was a debt collector.

§1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

§1692g by failure to send a validation notice within five days of the initial communication.

§1692g (b) by not ceasing collection efforts until the debt was validated

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Palma, Weltman, McCarthy, Paulican, Revenue, Calvary, Dynamic, United, Integrity, Pro, Bank of America & Bank of America Home Loans for $1000.00 and or actual and or statutory damages, attorney's fees and costs.

## COUNT II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS
## ACT 47 U.S.C. §227

## By Defendant Palma, Weltman, Morgan, McCarthy,
## Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro

148. Plaintiff alleges and incorporates the information in paragraphs 1 through 98.

149. Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans has violated the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC§ 227(b) (l) (A) (iii) and 47 U.S.C. §227(b) (2) (5).

150. Plaintiff demand $500 for the 1st call and $1500 for every call after the first call all defendants were notified that they had the wrong number.

151. Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans has demonstrated willful or knowing non-compliance with 47 U.S.C.§227(b)(1)(A) the last 250 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans twice after sending and defendants receiving the Intent to Sue Letter and defendants assured Plaintiff that the calls would stop. Since then defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

152. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans has committed 250 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to

damages of $1500 per violation pursuant to 47 U.S.C §227(b)(3)(B) which state:

(1) PROHIBITIONS-it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(a) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii.) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call**

153. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans has demonstrated willful or knowing non-compliance with 47U.S.C.§227(b)(2)(5) by calling the Plaintiffs phone number, more than once during a12 month period.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands actual damages, statutory, treble and punitive damages, and attorney's fees and cost, and to award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

## COUNT III
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT47U.S.C. §227
### By Defendants
**Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans**

154. Plaintiff alleges and incorporates the information in paragraphs 1through 152.

155. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**... (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...**

156. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)   an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)   an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)   both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

157. Defendant violated the TCPA by placing automated calls to plaintiffs' wireless telephone

numbers with an automatic dialing machine that had the capability of storing or dialing

telephone numbers without human intervention.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands actual

damages, statutory, Treble and or punitive damages, and attorney's fees and cost, and to

award Plaintiff the costs of bringing this action, as well as such other and additional relief

as the Court may determine to be just and proper.

**COUNT IV**

## VIOLATIONS OF THE MASSACHUSETT DEBT COLLECTION REGULATION ACT (MDCRA) 940 CMR 7.00
### By Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans

158. Plaintiff alleges and incorporates the information in paragraphs 1through 156.

159. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans called plaintiffs wireless number more than twice a week which is a violation of the MDCRA.

160. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro tried to collect on a nonexistent debt in Massachusetts and were not registered to collect debt in Massachusetts.

161. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans never sent plaintiff anything in writing after calling him to collect a debt which is a violation of MDCRA 940 CMR 7.00.

162. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans called more than once a week a violation of the MDCRA 940 CMR Plaintiff demands $500 for each call to his wireless and or home telephone number.

WHERFORE, based on facts set forth in the above counts Plaintiff demands actual damages, statutory and or treble damages, and attorney's fees and cost, and to award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

## COUNT V
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),

## 15 U.S.C. §1681 BY DEFENDANTS BANK OF AMERICA, BANK OF AMERICA HOME LOANS, TRANS UNION, EXPERIAN & EQUIFAX

163. Plaintiff alleges and incorporates the information in paragraphs 1 through 165.

164. Plaintiff is a consumer within the meaning of §1681a(c).

165. Defendants Trans Union, Experian & Equifax are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

166. Bank of America and Bank of America Home Loans are furnishers of information within the meaning of §1681s-2.

167. For, at least, two years preceding this suit through the present Bank of America Home Loans, Bank of America, Equifax, Experian, Trans Union, have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent trade lines and inquiries.

168. Bank of America, Bank of America Home loans, violated the FCRA. Defendant's violations include, but are not limited to, the following: willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiffs consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined b§1681b.

169. Trans Union, Experian, Equifax, Bank of America Home Loans & Bank of America reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate

information.

**§1618(n) provides** for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by FCRA.

**§1681e(b) provides:** "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**§168li (a) provides:**

"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information ....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

**§1681i (b) provides:**

"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

**§1681i(c) provides:**

"Whenever a statement of a dispute is filed, unless there are reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer Report containing the information in question, clearly note that it

is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

**§1681b (f) provides:** "A person shall not use or obtain a consumer report for any purpose unless-the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

**§1681s-2 provides:**

"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency pursuant to section §1681i; report the results of the investigation to the consumer reporting agency; if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly- modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

**§1681s-2 provides:**"If any financial institution that extends credit and regularly and in

the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

170.   Defendants Bank of America, Bank of America Home Loans, Equifax, Experian, Trans Union, violated the FCRA :

failing, in the preparation of Plaintiffs reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failing to provide all of the information on file, in violation of §1681(g);

failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

failing to delete incomplete, misleading, and inaccurate information in Plaintiffs file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

failing to provide subsequent users of the report with the Plaintiffs statement of dispute or a summary thereof in violation of §1681(i)(c); failing to properly advise Plaintiff of his ability to make a consumer explanation; failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failing to permanently correct Plaintiffs report

after repeated notification by Plaintiff; failing to properly reinvestigate Plaintiffs disputes; and by concealing from or misrepresenting facts to Plaintiff regarding his report.

171.  Bank of America, Bank of America Home Loans violated§ 168ls-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Experian, Trans Union, Bank of America & Bank of America Home Loans for actual, treble and statutory damages, punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 21, 2014

Respectfully Submitted,

Paul Jones Prose

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

888-655-3004

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF MASSACHUSETTS
Plaintiff, Paul Jones, states as follows:

I am the Plaintiff in this civil proceeding.
I believe that this civil Complaint is well grounded in fact and warranted by existing
law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass
any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in
the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in
good faith and solely for the purposes set forth in it. Each and every exhibit which has been
attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered,
changed, modified or fabricated these exhibits, except that some of the attached exhibits may
contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under
penalty of perjury that the foregoing is true and correct

Paul M. Jones

DATE: JANUARY 21, 2014