**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (BOSTON)**

PAUL JONES,                                    CASE NO. 1:14-cv-10218-GAO
                    Plaintiff,

        vs.

EXPERIAN INFORMATION SOLUTIONS, INC.;
LAW OFFICE OF ANDREU, PALMA &
ANDREU, PL; WELTMAN WEINBERG &
REIS CO., LPA; MCARTHY BURGESS &
WOLF, INC.; REVENUE GROUP; CALVERY
PORTFOLIO; DYNAMIC RECOVERY
SERVICE, INC.; UNITED RECOVERY
SYSTEMS LP; INTEGRATY SOLUTIONS
SERVICES, INC.; PRO DEBT MEDIATIONS INC.;
THE LAW OFFICE OF POLLACK & ROSEN;
TRANS UNION LLC; EQUIFAX INFORMATION
SERVICES LLC; BANK OF AMERICA N.A.; and
BANK OF AMERICA HOME LOANS;
                    Defendants.

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND**
**AFFIRMATIVE DEFENSES**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the

"Complaint") as follows.   For the Court's convenience, Plaintiff's allegations are set forth

verbatim with Trans Union's responses immediately following.

**Parties**

1.      The Plaintiff (Paul Jones) is a resident of Stoughton MA 02072, County of

Norfolk, and a citizen of the United States.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form

a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2.      Defendant Andreu, Palma & Andreu, PL (Andreu) is a Law Firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually [sic] address of 1000 NW 57th Court, Ste 400 [sic] Miami [sic] Florida.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3.      Defendant Weltman Weinberg & Reis Co., LPA (hereafter Weltman) is a Law Firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually [sic] address of 325 Chestnut Street. [sic] Suite 501, Philadelphia, PA 19106-2605.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4.      Defendant McCarthy, Burgess & Wolff, Inc. (hereafter MB & W ) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking commissioner with a usually [sic] address of 26000 Cannon Road. [sic] Cleveland [sic] Ohio 44146.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5.      Defendant Revenue Group. [sic] (Hereafter Revenue) is a third party debt collector that is not registered to collect debts in Massachusetts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually [sic] address of 4780 Hinkley Industrial Parkway, Cleveland, Ohio 44109.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6.       Defendant Cavalry Portfolio Services LLC. (Hereafter Cavalry) is a third party debt collector that regularly collects debts with a usually [sic] address of 500 Summit Lake Drive [sic] Valhalla, NY 10595.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

7.       Defendant Dynamic Recovery Services Inc. (hereafter Dynamic) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking commissioner with a usually [sic] address [sic] 4101 McEwen Road, Suite 150, Farmers Branch, Texas 75244.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8.       Defendant United Recovery Systems LP. [sic] (Hereafter UNITED) is a third party debt collector that regularly collects debts with a usually [sic] address of 5800 North Course Drive, Houston [sic] Texas 77072.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.       Defendant Integrity Solution Services, Inc. (hereafter Integrity) is a third party debt collector that regularly collects debts with a usually [sic] address of 200 E Campus View Blvd, Ste 300, Columbus, OH 43235-4678.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.     Defendant Professional Debt Mediation, Inc. (hereafter PRO) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually [sic] address of 7948 Baymeadows Way [sic] 2nd Floor, Jacksonville, Florida 32256.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.     Defendant The Law office of Pollack and Rosen (hereafter Pollack) is a third party debt collection law firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually [sic] address of 806 S Douglas Rd [sic] #200, Coral Gables, FL 33134.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     Defendant, EQUIFAX INFORMATION SERVICES [sic] LLC ("Equifax"), is a Georgia limited liability company, authorized to do business in Massachusetts.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is an Ohio corporation, authorized to do business in Massachusetts.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

14.     Defendant, TRANS UNION [sic] LLC ("Trans Union"), is a Delaware limited liability company, authorized to do business in Massachusetts.

**ANSWER:**  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15.    BANK OF AMERICA CORPORATION ("BOA"), is a Delaware corporation, authorized to do business in Massachusetts with a usually [sic] address of 100 North Tryon St [sic] Charlotte, North Carolina 28202.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.    BANK OF AMERICA HOME LOANS ("BOAHL [sic]) is a subsidiary of Bank of America Corporation with a usually [sic] address of 400 COUNTRYWIDE WAY MS SV-314SIMI [sic] VALLEY, California.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

### Jurisdiction

17.    This court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1332.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18.    The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and all defendants transact business in Massachusetts.

**ANSWER:**  Trans Union states that the allegations "all defendants transact business in Massachusetts" are legal conclusions and, so stating, denies them.  Trans Union states that it

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19.     Venue is proper in Suffolk County, Massachusetts, because defendants intentionally reached into that county, availing itself [sic] of the protection of the laws of Florida, [sic] and Defendant's [sic] acts in that county gave rise to the cause of action asserted herein.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

20.     This Court has jurisdiction over defendants pursuant [sic] because defendants caused injury to a person within this state, to wit, Paul Jones, while it [sic] was engaged in service activities, to wit, debt collection, within this state.

**ANSWER:**   Trans Union denies the allegation that it "caused injury to a person within this state, to wit, Paul Jones." Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

21.     This Court has jurisdiction over defendants pursuant to [sic] because Defendants engages [sic] in business within this state (Massachusetts), to wit debt collection, and its [sic] business within this state gave rise to the causes of action asserted herein.

**ANSWER:**   Trans Union denies the allegation that it "engages in business within this state (Massachusetts), to wit debt collection." Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTS

22.     This case is over $75,000 in violations committed by all the defendants.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

23.    All conditions precedent to the bringing of this action has [sic] been performed each defendant was sent a Notice of Pending Lawsuit and the lawsuit to mitigate damages and to save judicial resources and the courts [sic] time.

**ANSWER:**  Trans Union states that the allegation that "[a]ll conditions precedent to the bringing of this action has [sic] been performed" is a legal conclusion and, so stating, denies it. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24.    Plaintiff has mailed Bank of America, Trans Union, Experian & Equifax at least 10 certified return receipts apiece requesting that my credit file be updated and or validation of the accounts [sic] plaintiff is in posection [sic] of all returned green cards.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

25.    This is an action for money damages.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

26.     Plaintiff intents [sic] to send all defendants a 93a demand letter and Plaintiff will amend the suit to reflect violations of the Massachusetts Unfair and Deceptive Trade Practices Act. [sic]  MGL 93a (hereafter MGL 93a).

**ANSWER:**  Trans Union denies that it violated the Massachusetts Unfair and Deceptive Trade Practices Act.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27.     On information and belief, the calls were placed using predictive dialers.  The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.     Upon information and belief, defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity & Pro, [sic] obtained plaintiff's cell phone number via skip-tracing.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.     Defendant [sic] Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro on several locations [sic] and left several message [sic] on my wireless number within the last 12 months which is a violation of the Federal Debt Collection Practices Act. [sic]  (FDCPA).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.     Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro violated the FDCPA, MGL 93a, and MDCRA by calling plaintiff [sic] wireless numbers using an Automatic Dialer that has the capacity to store and dial numbers without human intervention.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31.     Plaintiff tried to mitigate damages by mailing, emailing and calling defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro notice of intent to sue.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.     Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro never sent out a letter after 5 days of the phone call to the plaintiff which is a violation of the Federal Deb [sic] Collection Practices Act. [sic] (Hereafter FDCPA), Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. [sic] 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. [sic] (Hereafter MGL 93a).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33.     Defendant BOA violated the FDCPA, MGL 92a & the MDCRA by sending letters to collect a debt from plaintiff Paul Jones.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34.     Defendant [sic] Experian, Equifax and Trans Union violated the Fair Credit Reporting Act by allowing third party debt collectors to pull plaintiffs [sic] credit report on several occasions.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35.     Defendant [sic] Experian, Equifax and Trans Union violated the MGL 93a, [sic] the FCRA by allowing BOA to report on plaintiff [sic] credit report that his home was reposed [sic] by BOA when in fact Bank of New York was the so called owner of record.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.     Defendant [sic] Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro were trying to collect a nonexistent debt from plaintiff which is a violation of the Federal Deb [sic] Collection Practices Act. [sic] (Hereafter FDCPA), Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. [sic] 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. [sic] (Hereafter MGL 93a).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.     Defendant [sic] called from [sic] on several occasions and left messages for another person that does not own the wireless number on at least these dates looking to collect a nonexistent debt from plaintiff.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

38.     Defendant The Law Office of Pollack and Rosen called plaintiffs [sic] Wireless Number [sic] 786-431-0267 on December 20, 2013 at 11:03 AM from (305) 448-0006 and several other times asking for a Lamar Ovetta.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.     Defendant Pollack failed to update their records to make sure Lamar Ovetta still owned the telephone number 786-431-0267.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40.     Defendant Palma called from (305) 631-0175 [sic] on several occasions looking for a Maria and left messages, [sic] I the plaintiff owns [sic] the wireless number (305) 631-0175) [sic].

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41.     Defendant [sic] Palma, Weltman, McCarthy, Paulican, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro called using an Automatic Dialing System that has the capability to store and dial numbers without human intervention.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42.     Defendant Palma called on at least these dates looking to collect a nonexistent debt from plaintiff.

01/06/2013 Mon 11:19 AM to 305-748-4151 from 305-631-0175

01/02/2014 Thu 10:19 PM to 305-748-4151 from 305-631-0175

01/06/2014 Mon 11:19 AM to 305-748-4151 from 305-631-0175

12/30/2013 Mon 10:18 AM to 305-748-4151 from 305-631-0175

12/23/2013 Mon 10:16 AM to 305-748-4151 from 305-631-0175

12/16/2013 Mon 10:50 AM to 305-748-4151 from 305-631-0175

12/11/2013 Wed 10:04 AM to 305-748-4151 from 305-631-0175

12/05/2013 Thu 8:50 AM to 305-748-4151 from 305-631-0175

12/04/2013 Wed 2:21 PM to 305-748-4151 from 305-631-0175

11/12/2013 Tue 10:39 AM to 305-748-4151 from 305-631-0175

11/11/2013 Mon 10:49 AM to 305-748-4151 from 305-631-0175

11/07/2013 Thu 1:40 PM to 305-748-4151 from 305-631-0175

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43.    Defendant Weltman Weinberg & Reis Co (hereafter Weltman) called Plaintiffs [sic] wireless number 617-247-0800 on May 7, 2013 [sic] looking to collect a nonexistent debt from plaintiff Paul Jones at 12:09 pm from telephone number 385-229-3020 and several other times which is violation of the Federal Debt Collect Practices Act (Hereafter FDCPA) [sic] Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. [sic] (Hereafter MGL 93a).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44.    Defendant Weltman called plaintiff several times and plaintiff [sic] caller ID displayed unknown and or blocked message.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

45.     Defendant MB & W Called [sic] plaintiffs [sic] wireless number (860) 899-2918, 413-328-2070 on at least these dates below and also called sometimes when plaintiff's caller ID showed private and or blocked.

September 12, 2013 at 306 pm from telephone number 4407355100

September 19, 2013 at 11:43 am from telephone number 4407355100

March 22, 2013 at 4:33 pm from a telephone number that displayed a Blocked message.

May 26, 2011 at 2:18 pm from telephone number 4407355100

July 15, 2011 at 3:24 pm from telephone number 440-735-5100

August 3, 2011 at 11:17 am from telephone number 440-735-5100

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46.     Defendant MB & W also called plaintiff [sic] wireless number to collect a commercial debt where plaintiff Paul Jones was the registered agent plaintiff [sic] and is disputing those phone calls in this complaint.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47.     Defendant MB & W called plaintiffs [sic] wireless number and left voice messages for other people other than the plaintiff looking to collect an nonexistent alleged debt on several occasions on or about [sic] 50 times since 2011.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48.    On information and belief, the defendants Palma, Weltman, McCarthy, CBSC [sic], Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro employee [sic] failed to advise that they were a debt collector and that this was an attempt to collect a debt.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49.    When plaintiff answered the phone on several occasions, there was a 10 second pause with no communications from the other end of the line, which indicates the use of an autodialer mechanism from defendants Palma, Weltman, McCarthy, CBSC [sic], Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

50.    Defendant Calvary called plaintiff over 25 times looking for a Michael Clark [sic] plaintiff explained to the representative that a Michael Clark is not at this number & the representative stated that I was Michael Clark and I needed to be a man and pay my bills.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

51.    Defendant Calvary representative stated that they would not stop calling until they spoke with a Michael Clark [sic] plaintiff stated that he had this number for over 10 years but the defendant's representative stated I was lying.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

52.     Defendant Calvary Called [sic] plaintiffs [sic] wireless number looking for a Michael Clark on at least these dates below and also called sometimes when my called [sic] plaintiffs [sic] caller ID showed private and or blocked.

12/05/2013 Thu 6:20 PM to 781-344-4351 from 888-229-6008

11/27/2013 Wed 11:23 am [sic] to 781-344-4351 from 888-229-6008

11/22/2013 Fri 8:56 AM to 781-344-4351 from 888-229-6008

11/20/2013 Wed 6:45 PM to 781-344-4351 from 888-229-6008

10/29/2013 Tue 8:28 PM to 781-344-4351 from 888-229-6008

10/24/2013 Thu 8:25 PM to 781-344-4351 from 888-229-6008

09/18/2013 Wed 12:57 PM to 781-344-4351 from 888-229-6008

09/13/2013 Fri 11:43 AM to 781-344-4351 from 888-229-6008

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53.     Defendant Dynamic called plaintiff [sic] wireless number 786-245-4211 on March 18, 2013 [sic] at 2:16 pm from 800-886-8088 to collect a nonexistent alleged debt from the plaintiff.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

54.     Defendant Dynamic called plaintiffs [sic] wireless number on several occasions [sic] sometime [sic] plaintiffs [sic] caller ID stated unknown or Blocked [sic] when the call was answered [sic] that's when plaintiff realized it was defendant Dynamic.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

55.     Defendant Integrity called plaintiffs [sic] wireless number (781) 344-4351 on Tuesday [sic] February 7, 2012 [sic] from telephone number <u>(866) 994-0377</u> [sic].

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56.     Defendant Integrity called plaintiffs [sic] wireless number on several occasions and even called with a blocked or unknown number [sic] plaintiff realized it was defendant Integrity when e [sic] answered the telephone.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

57.     Defendant Revenue called plaintiff [sic] wireless number (978-425-6336) & (413-328-2070) several times to collect a nonexistent debt from the plaintiff.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

58.     Defendant Revenue called on at least these dates below and also called sometimes when my called [sic] plaintiff's caller ID showed private and or blocked.

11/06/2013 Wed 9:51 AM to (978) 425-6336 from (216) 763-2750

11/06/2013 Wed 9:28 AM to (978) 425-6336 from (216) 763-2750

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

59.     Defendant United called plaintiffs [sic] wireless number on several occasions and even called with a blocked or unknown number [sic] plaintiff realized it was defendant Integrity when e [sic] answered the telephone.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

60.     Defendant United called plaintiff [sic] wireless number (561) 283-1001 several times to collect a nonexistent debt from the plaintiff.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

61.     Defendant United called on at least these dates below and also called sometimes when my called [sic] plaintiff's caller ID showed private and or blocked.

03/23/2012 Friday 9:54 AM to wireless number 561-283-1001 from **(561) 228-9317** [sic]

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

62.     Defendant pro [sic] called plaintiff [sic] wireless number on several occasions and when plaintiff answered the phone there was no one there for 2-3 seconds.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

63.     Defendant [sic] Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro called plaintiff using an Automatic Dialing System that has the capacity to store & dial telephone numbers without human intervention.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

64.     Defendants Palma, Weltman, McCarthy, CBSC, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro continue to attempt to enforce and collect a non-existent debt.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

65.     Plaintiff advised defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro that he was on a wireless number and he is being charged for the call and has 5000 minutes per month usage, and that no consent was given to contact him via that number or via any other telephonic method in the future.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

66.     During this communication, the employee of defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro failed to disclose the identity of the company from which he or she was calling and failed to disclose that the company was a debt collector calling to collect a debt.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

67.     At the time of this communication, plaintiff had never previously provided defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro with authorization to telephone plaintiff's wireless telephone.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

68.     Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro failed to send Plaintiff written notification of Plaintiff's alleged Indebtedness [sic] to defendants and plaintiff's right to dispute defendant's [sic] allegation within five (5) days of defendant's [sic] above referenced initial communication to plaintiff.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

69.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro violated the TCPA even if its [sic] actions were only negligent.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

70.    As of the date of filing this lawsuit, plaintiff has not received written notification of the alleged indebtedness from defendants Palma, Weltman, McCarthy, Paulican [sic], Revenue, Calvary, Dynamic, Pollack, United, Integrity, or Pro.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

71.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, United, Integrity, and Pro placed constant and continuous calls to Plaintiff seeking and demanding Payment [sic] of a nonexistent debt.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

72.    This is an action for damages and injunctive relief brought by Plaintiff against Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for violations of the Telephone Consumer Protection Act (TCPA) Sec.227.,47USC§227(b)(1), [sic] 47USC§227(a)(iii), [sic] Fair Debt Collection Practices Act (FDCPA) 15U.S.C.§1692c(a)(1) [sic].

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

73.     This is an action for damages and injunctive relief brought by Plaintiff against Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for violations of the Telephone Consumer Protection Act (TCPA) Sec.227.,47USC§227(b)(1), [sic] 47USC§227(a)(iii), [sic] Fair Debt Collection Practices Act (FDCPA) 15U.S.C.§1692c(a)(1) [sic].

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.     Despite Defendant [sic] Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro familiarity with the TCPA, the Defendants either willfully or knowingly violated the TCPA in placing these calls to the Plaintiff's wireless telephone numbers for which the called party was charged for the call.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

75.     Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro placed telephone calls to the Plaintiffs [sic] wireless telephone which the called party is billed for the call and *plaintiff has no established business relationship.*

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

76.     The Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro placed multiple calls to Plaintiff's wireless telephone number repeatedly invaded the privacy of the Plaintiff which is a violation of the Federal Debt collection [sic] Practices Act (hereafter FDCPA).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.     Defendant [sic] Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro knew or should have known that the phone calls made were inconvenient to the consumer.   Such communications are prohibited by Telephone Consumer Practices Act (hereafter TCPA), Massachusetts Debt Collection Practices Act (hereafter MDCRA CMR 940 & 7.00), Massachusetts Unfair & deceptive Trade Practices Act (hereafter MGL 93a) and the Federal Debt Collection Practices Act (hereafter FDCPA).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.     Defendant [sic] Palma, Weltman, Morgan [sic], McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro were trying to collect a nonexistent debt when they called the Plaintiff on his wireless numbers.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

79.    Defendants Palma, Weltman, Morgan [sic], McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro are debt Collection Companies [sic] that regularly collects [sic] defaulted debts.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

80.    Upon information and belief, Defendants Palma, Weltman, Morgan [sic], McCarthy, Paulican [sic], Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro are third party debt collector [sic].

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

81.    Plaintiff hereby sues Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for violations of the Telephone Consumer Protection Act(TCPA)Sec.227.,47USC§227(b)(1),47USC§227(a)(iii), [sic] Fair Debt Collection Practices Act(FDCPA)15U.S.C.§1692c(a)(1). [sic]  Massachusetts Debt Collection regulation Act 9400 CMR 7.00. & Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82.    Upon information & belief, Plaintiff contends that many of these practices are widespread for defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro therefore, Plaintiff intends to propound discovery on all of the Defendants for their telephone records to get all the times the defendants called the plaintiff even when plaintiffs [sic] caller ID read *Blocked or Unknown.*

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

83.    Plaintiff has wireless numbers and only has 5000 minutes per month and defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro causes [sic] plaintiff to be charged for those minutes when he was called by the defendants to collect a nonexistent alleged debt, and plaintiff has a service for which the called party is charged for the call.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

84.    Plaintiff's numbers has[sic] been listed on the do-not-call list for several years last being registered on or about February 16, 2008.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

85.    From approximately February 1, 2012 until January 3, 2014, Plaintiff began receiving calls from Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro to Plaintiffs [sic] numbers that are registered on the Do-Not Call List.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

86.    Between February 1, 2012 until January 3, 2014, there were calls placed to the plaintiff's wireless telephone numbers from numbers known to be owned by defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

87.     Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro made phone calls to Plaintiff, and from telephone numbers that were *blocked* on Plaintiffs [sic] caller ID.   Plaintiff plans to propound discovery upon Defendant Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, United, Integrity, and Pro to get the exact dates.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

88.     Plaintiff was called from Defendants Palma, Weltman, Morgan, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro, [sic] Plaintiff received calls within the last 12 months which is a violation of the FDCPA, MDCRA, MGL 93a and the TCPA ACT.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

89.     Plaintiff sent Defendants Palma, Weltman, Morgan, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro a Cease & Desist letter on January 3, 2014.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

90.     Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro should have known that Plaintiffs [sic] did not owe a debt.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

91.    Each call was initiated by Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro for the purpose of collecting a non-existent debt, in violation of 47 U.S.C. [sic] the TCPA Act., FDCPA, MGL 93a & MDCRA.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

92.    Plaintiff answered several additional calls from Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro where his caller id [sic] showed a number "Unknown or Blocked" and where Defendants Palma, Weltman, McCarthy, CBSC [sic], Revenue, Calvary, Dynamic, United, Integrity, and Pro did not identify itself [sic] at the commencement of the call which is another violation of the TCPA for which there is no private right of action.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

93.    Only after answering the caller ID blocked calls did Plaintiff realize it was the Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro calling.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

94.     At no time did Plaintiff provide **prior express permission** for Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro to call Plaintiffs [sic] **wireless telephone number and or** [sic] **service for which the called party is charged for the call.**

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

95.     Plaintiff never gave defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro **prior express permission for Defendants to use equipment that has the capacity to store or produce random or sequential telephone numbers and/or with the use of a predictive dialer.**

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

96.     Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro does [sic] not have, and has never had **an established business relationship with Plaintiff**.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

97.     Despite the letters from Plaintiff, Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro continued to place prohibited calls to Plaintiffs [sic] **wireless numbers and or** [sic] **service for which the called party is charged for the call** [sic] Plaintiff is entitled to treble damages pursuant to 47 U.S.C. §227(b)(3).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

98.     Plaintiff seeks damages for any and all calls that Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL made to Plaintiff's wireless telephone numbers in violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not limited to damages for any calls that defendant [sic] made which *Plaintiff is unaware of,* for Defendants [sic] failure to provide a copy of its do-not-call policy, failure to properly scrub the national DNC as required by the FCC, failure to properly maintain and update its company specific DNC call list, and failure to accommodate Plaintiff's requests to stop calling, failure to train and monitor its [sic] employees about the existence of both the national and state required lists and to enforce the requirement that DNC requests be recorded, failure to stop all calls to the subscriber made within 10 years of consumer request to place his number on company DNC, failure to employ a version of the national "do-not-call" registry obtained from the Commission no more than thirty-one (31) days prior to the date any call is made, and to maintain records documenting this process, failure to sufficiently identify individual telemarketer / Debt Collectors [sic] name, his or her employer caller and business entity on whose behalf the calls were being made, or the causing defendants [sic] Palma, Weltman, McCarthy, CBSC [sic], Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL telephone number to be blocked from the subscriber's caller ID.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

99.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL did not provide Plaintiff with a letter after 5 days of the debt collection call which is a violation of the Federal Debt Collection Practices Act. [sic] (FDCPA) MDCRA 940 - 7.00. & MGL 93a.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

100.    From February 2012 thru January 3, 2014, Defendants Palma, Weltman, McCarthy, Paulican [sic], Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL did violated [sic] the TCPA, FDCPA [sic] MDCRA 940-700 and the MGL 93a by calling Plaintiffs [sic] wireless telephone number and or [sic] service for which the called party is charged for the call, over 245 times with no prior permission given by Plaintiff.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

101.    Defendants Palma, Weltman, McCarthy, Paulican [sic], Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, BOA and BOAHL did left [sic] recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs [sic] answering service *for which the called party was charged for the call.*

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

102.    Plaintiff is within the statute of limitation [sic] of the Telephone Consumer Practices Act (TCPA), Massachusetts Debt Collection Practices Act, MGL 93a and the Fair Debt Collection Practices Act (FDCPA).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

103.    Plaintiff contends that the credit reporting agency Defendants Trans Union, Equifax & Experian has [sic] violated such laws by repeatedly and willfully issuing false consumer credit reports concerning Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, a reduction in his credit score, financial loss, loss of use of funds, invasion of privacy, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

104.    Plaintiff has disputed with defendants Trans Union, Experian & Equifax over 10 times in writing since September 5, 2011 [sic] and defendants Trans Union, Experian & Equifax has [sic] failed to correct plaintiffs [sic] request which is a violation of the Fair Credit Reporting Act and plaintiff demands $1000 per month when ever a change was not made after plaintiff disputed in writing to defendants Trans Union, Experian & Equifax.

**ANSWER:**  Trans Union states that it lack knowledge or information sufficient to form a belief about the truth of the allegation that "Plaintiff has disputed with defendants Trans Union, Experian & Equifax over 10 times in writing since September 5, 2011," as it applies to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union denies the remaining allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

105.    Defendants Trans Union, Experian & Equifax did not respond to plaintiff [sic] request to remove and or [sic] update plaintiff's consumer credit report on several occasions over 30 days which is a violation of the Fair Credit Reporting Act.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

106.    Plaintiff contends that the defendant [sic] BOA and BOAHL has [sic] violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged debt, obtaining or furnishing his credit reports illegally, Removing [sic] Plaintiffs [sic] good standing accounts without Plaintiffs [sic] approval, knowingly reporting false information to the credit reporting agencies, and refusing to properly investigate Plaintiffs [sic] disputes of information transmitted through the credit reporting agencies.  In many cases they have conspired with each other in engaging in these actions.  For the most part, Plaintiffs [sic] demands to the Defendant [sic] that

they cease these illegal, and in some cases possibly criminal, activity, have met with either no response or continued illegal activity.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

107.   Defendant [sic] Trans Union, Equifax & Experian failed, in the preparation of Plaintiffs [sic] reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, deleted Plaintiffs [sic] Good Standing [sic] account that effected [sic] Plaintiffs [sic] credit score, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiffs [sic] statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated Notification [sic] by Plaintiff; failed to properly reinvestigate Plaintiffs [sic] disputes; and concealed from or misrepresented facts to Plaintiff regarding his credit report.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

108.    Defendant [sic] BOA and BOAHL has [sic] reported false information about Plaintiff to credit reporting agencies and continued to do so despite Plaintiffs [sic] numerous disputes about the account that were transmitted through the credit reporting agencies.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

109.    Defendant [sic] BOA and BOAHL [sic] has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

110.    Defendant [sic] BOA and BOAHL did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

111.    Plaintiff [sic] Credit [sic] report reflects a foreclosure from BOA and BOAHL that should not be on Plaintiffs [sic] Credit Report [sic] because it states **BANK OF AMERICA, CREDIT GRANTOR RECLAIMED COLLATERAL TO SETTLE DEFAULTED MORTGAGE** which is not true, [sic] I the Plaintiff is [sic] in litigation with Bank of New York and has [sic] been for the last 6 and half years and I am still living in the home they have not reclaimed it, nothing should be reported until the final judgment.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

112.    Defendants BOA, BOAHL, Experian, Trans Union & Equifax has [sic] caused Plaintiff to be denied for credit, jobs and a lost [sic] of credit score by reporting untrue facts a violation of the FCRA and MGL93a [sic] Plaintiff has been damaged and seeks relief by means of triple [sic] damages and $1000 per month that Defendants Experian, Trans Union & Equifax has [sic] been reporting inaccurate items on plaintiffs [sic] credit reports.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

113.    Plaintiff has sent several request [sic] to the [sic] Trans Union, Equifax & Experian, [sic] Plaintiff believes that Defendants Trans Union, Equifax & Experian has [sic] never reinvestigated his file the correct way, [sic] Plaintiff believes that the Defendants Trans Union, Equifax & Experian just looked on a computer and matched up accounts.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

114.    Plaintiff is in possession of the home and his credit reports states [sic] a repossession which is not true and it is damaging Plaintiff [sic] credit score.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

115.    Plaintiff has sent several requests by certified mail to Defendant [sic] to remove the inaccurate blemish [sic] but Defendant [sic] Experian, Trans Union and Experian refused to update the plaintiff [sic] consumer credit report.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

116.    Plaintiff has been damaged and denied lines of credit, Capital One (Furniture) on October 23, 1013 [sic], First Bankcard [sic] June 11, 2013, First National Bank Of Omaha [sic] May 24, 2013, Home Depot Credit Services [sic] September 6, 2013, AMX 2 jobs, an AMX line of credit, a Mortgage [sic] several car loans and a line of credit for furniture due to this derogatory information on Plaintiff [sic] credit report.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

117.    Plaintiff sent defendant Trans union [sic] a Notice of Pending Lawsuit and a copy of the lawsuit on December 9, 2012.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

118.    Defendant Trans union [sic] failed to mark Lease Finance group as paid as agreed which violated the FCRA and Trans Union is reporting that BOA act# 5923 states this [sic] is a derogatory account [sic] I am currently in litigation and have been for over 5 years.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the allegations that "Defendant Trans union [sic] failed to mark Lease Finance group as paid as agreed" and "Trans Union is reporting that BOA act# 5923 states this [sic] is a derogatory account," which has the effect of a denial under Rule 8(b)(5).  Trans Union states that

it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

119.   Defendant Trans union [sic] has marked on plaintiffs [sic] credit report that Primus Financial act# 3427**** has had late payment [sic] 30-60-90 days late which is not true [sic] a violation of the FCRA [sic] they refuse to update their records [sic] this has been going on since September 2011.

**ANSWER:**  Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the allegation that "Defendant Trans union [sic] has marked on plaintiffs [sic] credit report that Primus Financial act# 3427**** has had late payment [sic] 30-60-90 days late," which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

120.   Defendant Trans Union has removed plaintiffs [sic] good standing accounts [sic] they are Option One Mortgage acct# xxxxxxxxx8521, Macy east / Jrdn Mrsh act# xxxxxxxxx5620, Ocwen Loan SVCG LLC Act# xxxxx9859 and Select Portfolio SVCG act# xxxxxxxxx6159 [sic] the removal of these accounts reduced plaintiffs [sic] credit score [sic]

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

121.   Plaintiff sent defendant Experian a Notice of Pending lawsuit and a copy of the lawsuit that was to be filed.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

122.    Defendant [sic] Experian, Trans Union and Equifax has [sic] allowed several companies to pull plaintiffs [sic] consumer credit report under the theory of review of an account [sic] Capital One pulled plaintiffs [sic] credit report over 10 times when plaintiff had no account with Capital one, [sic] plaintiff [sic] has sued Capital One for that and settled the case out of court.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

123.    Defendant Experian refuses to remove a derogatory credit file even after the credit grantor Lease Finance Group, LLC account # 1051993XXXX sent them a letter stating that (attached) [sic] the late payments are incorrect and Plaintiffs [sic] has [sic] satisfied all payments obligations and the account should reflect that it was paid as agreed as of December 9, 2012 [sic] it is still reported derogatory on Plaintiff [sic] credit report.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

124.    Defendant Experian refuses to remove BOA act#5923**** that shows a derogatory entree [sic] from them while we are in litigation.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

125.    Defendant Experian removed plaintiffs [sic] good standing account and plaintiff [sic] credit score was reduced account [sic] are Macy/Jordan marsh, Ocwen Mortgage, PCFS act#64xxxx which is a violation of the FCRA.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

126.    Defendant [sic] Trans Union, Equifax and Experian has [sic] allowed several companies to pull plaintiffs [sic] credit under the theory of review of an account [sic] Capitol [sic] one pulled Plaintiff [sic] credit report 11 times and plaintiff did not have an account with Capital One at that time.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

127.    Defendant [sic] Trans Union, Equifax and Experian allowed Plaintiffs [sic] credit report to be view by individuals that should not be in Plaintiff [sic] personal credit report, when Trans Union, Equifax and Experian should have known that a credit card is not considered an account under the FCRA laws.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

128.    Plaintiff [sic] Credit report reflects a foreclosure from Bank of America that should not be on Plaintiffs [sic] Credit Report [sic] it has been there for 7 years, it states BANK OF AMERICA, CREDIT GRANTOR RECLAIMED COLLATERAL TO SETTLE DEFAULTED MORTGAGE which is not true, [sic] I the Plaintiff is [sic] in litigation with Bank of New York and has been for the last 5 and half years and I am still living in the home they have not reclaimed it, [sic] nothing should be reported until the final judgment, [sic] Experian has caused Plaintiff to be denied for credit, jobs and a lost [sic] of credit score by reporting untrue facts a violation of the FCRA and MGL93a [sic] Plaintiff has been damaged and seeks relief by means of triple [sic] damages and $2000 per month that it has been report [sic] on **Plaintiff** [sic] **credit report which is 60 months a total of $60,000.** X **3= $360,000.**

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

129.    Plaintiff has been writing for a number of years trying to correct the derogatory credit report.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

130.   Defendants Trans Union, Experian & Equifax has [sic] repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

131.   Defendant BOA has reported false information about Plaintiff to Equifax, Trans union [sic] & Experian credit reporting agencies and continued to do so despite Plaintiffs [sic] numerous disputes about the accounts that were transmitted through the credit reporting agencies.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

132.   Defendants BOA, BOAHL, Equifax, Trans union [sic] & Experian knew or should have known that when an account is in litigation it should not be reported as a foreclosure until there is a final verdict in the case of wrongful foreclosure because it has caused Plaintiff [sic] Credit Score [sic] to be reduced.

**ANSWER:**  As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

133.    Defendant [sic] BOA, [sic] BOAHL did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

134.    Defendant [sic] BOA, [sic] BOAHL formally known as Countrywide initiated several hard credits pulls without permissible purpose [sic] mortgage is not considered an account according to the FCRA.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

135.    On several occasions, Plaintiff sent letters to BOA demanding validation of an alleged debt and a qualified written request several time [sic].  The letter was sent by certified mail.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

136.    Defendant [sic] BOA, [sic] BOAHL did not respond to any of the letter [sic] in a timely and orderly fashion which is a violation of the Federal Debt Collection Practices Act [sic] Plaintiff request [sic] $1000, Massachusetts GL 93a and Massachusetts Debt Collection Regulation Act 940 CMR 7.00.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

137.    Defendant BOAHL sent plaintiff [sic] 2 letter [sic] to plaintiff [sic] to provide insurance information on or about November 25, 2013 [sic] and December 15 [sic] 2013, [sic] plaintiff send [sic] defendant BOA a timely-debt validation letter on or about December 5, 2013 [sic]and BOAHL never responded and BOAHL sent another letter requesting the same insurance information on December 15, 2013 [sic] WITHOUT VALIDATIN [sic] which is a violation of the FDCPA because they never validated the debt and is [sic] still trying to collect on it.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

138.    Defendant BOAHL sent plaintiff a home loan statement and a demand for payment of $278,165.38 on or about December 19, 2013 plaintiff sent defendant a timely debt validation letter on Defendant BOAHL never answered it.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

139.    Defendants BOA and BOAHL violated the FDCPA § 1692e(2) by falsely representing the character, amount, or legal status of any debt [sic] the loan modification paper

work plaintiff received on or about November 3, 2013 [sic] & the Statement [sic] plaintiff received on or about January 3, 2014.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

140.    On or about November 5th and 7th , [sic] 2013 [sic] Defendant BOAHL sent plaintiff 2 home loan Modification [sic] package [sic] plaintiff sent defendant BOAHL 2 timely debt validation request [sic] on or about November 7th and November 11, 2013 [sic] and the Defendant failed to validate and to this day has continued to collect the alleged debt.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
### BY DEFENDANTS Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, Trans Union, Experian, Equifax, Bank of America & Bank of America Home Loans.

141.    Plaintiff alleges and incorporates the information in paragraphs 1 through 140.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

142.    Plaintiff is a consumer within the meaning of § 1692a(3).

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

143.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro, Bank of America & Bank of America Home Loans are debt collectors within the meaning of §1692a(6).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

144.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans placed no less than 275 telephone calls to the Plaintiffs [sic] wireless number after plaintiff informed them that they had the wrong number and or [sic] to Cease & Desist [sic] and only contact plaintiff though USPS.  Defendants knew or should have known that the phone calls made were inconvenient to the consumer.  Such communications are prohibited by 15 U.S.C. § 1692c(a)(1).  Defendant [sic] demands $1000.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

145.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans violated §1692e(10) by the use of any false representation or Deceptive [sic] means to collect or attempt to collect any debt or to obtain information concerning a consumer.  Plaintiff demands judgment in the amount of $1000.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

146.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans violated 15 U.S.C.

§1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

147.   Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

§1692e(2) by falsely representing the character, amount, or legal status of any debt.

§1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

§1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

§1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§1692e(11) by failing to warn that it was a debt collector.

§1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

§1692g by failure to send a validation notice within five days of the initial communication.

§1692g(b) by not ceasing collection efforts until the debt was validated [sic]

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Palma, Weltman, McCarthy, Paulican [sic], Revenue, Calvary, Dynamic, United, Integrity, Pro, Bank of America & Bank of America Home Loans for $1000.00 and or [sic] actual and or statutory damages, attorney's fees and costs.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**COUNT II**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS**
**ACT 47 U.S.C. §227**
**By Defendant [sic] Palma, Weltman, Morgan, McCarthy,**
**Revenue, Calvary, Dynamic, Pollack, United, Integrity, and Pro**

148.    Plaintiff alleges and incorporates the information in paragraphs 1 through 98.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

149.    Defendant [sic] Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and [sic] Bank of America & Bank of America Home Loans has [sic] violated the Telephone Consumer Protection Act (TCPA) Sec, 227., 47 USC§ [sic] 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

150.    Plaintiff demand [sic] $500 for the 1st call and $1500 for every call after the first call [sic] all defendants were notified that they had the wrong number.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

151.   Defendant [sic] Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and [sic] Bank of America & Bank of America Home Loans has [sic] demonstrated willful or knowing non-compliance with 47 U.S.C.§227(b)(1)(A) [sic] the last 250 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff spoke with defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans twice after sending and defendants receiving the Intent to Sue Letter and defendants assured Plaintiff that the calls would stop.   Since then defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro [sic] and Bank of America & Bank of America Home Loans refuses [sic] and continues to violate 47 U.S.C. [sic] An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

152.   Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and [sic] Bank of America & Bank of America Home Loans has [sic] committed 250 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C §227(b)(3)(B) which state:

(1) PROHIBITIONS-it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(a) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii.) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call**

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

153. Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and [sic] Bank of America & Bank of America Home Loans has [sic] demonstrated willful or knowing non-compliance with 47U.S.C.§227(b)(2)(5) [sic] by calling the Plaintiffs [sic] phone number, more than once during a 12 month period.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHERFORE** [sic]**,** based on facts set forth in the above counts Plaintiff demands actual damages, statutory, treble and punitive damages, and attorney's fees and cost, and to award

Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS**
**ACT47U.S.C. §227**
**By Defendants**
**Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity,**
**Pro and Bank of America & Bank of America Home Loans**

154.   Plaintiff alleges and incorporates the information in paragraphs 1 through 152.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

155.   The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions.  It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

156.   The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

157.   Defendant violated the TCPA by placing automated calls to plaintiffs' [sic] wireless telephone numbers with an automatic dialing machine that had the capability of storing or dialing telephone numbers without human intervention.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHERFORE** [sic], based on facts set forth in the above counts Plaintiff demands actual damages, statutory, Treble [sic] and or [sic] punitive damages, and attorney's fees and cost, and to award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### COUNT IV
### VIOLATIONS OF THE MASSACHUSETT [sic] DEBT COLLECTION REGULATION ACT (MDCRA) 940 CMR 7.00
### By Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and Bank of America & Bank of America Home Loans

158.    Plaintiff alleges and incorporates the information in paragraphs 1 through 156.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

159.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and [sic] Bank of America & Bank of America Home Loans called plaintiffs [sic] wireless number more than twice a week which is a violation of the MDCRA.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

160.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro tried to collect on a nonexistent debt in Massachusetts and were not registered to collect debt in Massachusetts.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

161.    Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, [sic] Pro and Bank of America & Bank of America Home Loans never sent plaintiff anything in writing after calling him to collect a debt which is a violation of MDCRA 940 CMR 7.00.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

162.  Defendants Palma, Weltman, McCarthy, Revenue, Calvary, Dynamic, Pollack, United, Integrity, Pro and [sic] Bank of America & Bank of America Home Loans called more than once a week a violation of the MDCRA 940 CMR [sic] Plaintiff demands $500 for each call to his wireless and or [sic] home telephone number.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHERFORE** [sic], based on facts set forth in the above counts Plaintiff demands actual damages, statutory and or [sic] treble damages, and attorney's fees and cost, and to award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**COUNT V**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),**
**15 U.S.C. §1681 BY DEFENDANTS BANK OF AMERICA,**
**BANK OF AMERICA HOME LOANS, TRANS UNION, EXPERIAN &**
**EQUIFAX**

163.  Plaintiff alleges and incorporates the information in paragraphs 1 through 165.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

164.  Plaintiff is a consumer within the meaning of § 1681a(c).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

165.    Defendants Trans Union, Experian & Equifax are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

**ANSWER:**  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

166.    Bank of America and Bank of America Home Loans are furnishers of information within the meaning of §1681s-2.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

167.    For, at least, two years preceding this suit through the present Bank of America Home Loans, Bank of America, Equifax, Experian, [sic] Trans Union, [sic] have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff.  This information has consisted of numerous delinquent trade lines and inquiries.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

168.    Bank of America, [sic] Bank of America Home loans, violated the FCRA. Defendant's [sic] violations include, but are not limited to, the following:  willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiffs [sic] consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined b§ 1681b [sic].

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

169.    Trans Union, Experian, Equifax, Bank of America Home Loans & Bank of America reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

> **§1618(n) provides** [sic] for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by [sic] FCRA.

> **§1681e(b) provides:** "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." **§1681i(a) provides:**

> "If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information .... If after such reinvestigation such information

is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information.... [sic]

**§1681i(b) provides:**

"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.  The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

**§1681i(c) provides:**

"Whenever a statement of a dispute is filed, unless there are reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer Report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

**§1681b(f) provides:** "A person shall not use or obtain a consumer report for any purpose unless-the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification. [sic]

**§1681s-2 provides:**

"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer

reporting agency pursuant to section §1681i; report the results of the investigation to the consumer reporting agency; if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly- modify that item of information; delete that item of information; or permanently block the reporting of that item of information. [sic]

**§1681s-2 provides**: "If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the allegations that "Trans Union, Experian, Equifax, Bank of America Home Loans & Bank of America reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information" as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the

effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

170.    Defendants Bank of America, Bank of America Home Loans, Equifax, Experian, [sic] Trans Union, [sic] violated the FCRA:

failing, in the preparation of Plaintiffs [sic] reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failing to provide all of the information on file, in violation of §1681(g);

failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

failing to delete incomplete, misleading, and inaccurate information in Plaintiffs [sic] file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

failing to provide subsequent users of the report with the Plaintiffs [sic] statement of dispute or a summary thereof in violation of §1681(i)(c); failing to properly advise Plaintiff of his ability to make a consumer explanation; failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failing to permanently correct Plaintiffs [sic] report after repeated notification by

Plaintiff; failing to properly reinvestigate Plaintiffs [sic] disputes; and by concealing from or misrepresenting facts to Plaintiff regarding his report.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

171. Bank of America, [sic] Bank of America Home Loans violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Experian, Trans Union, Bank of America & Bank of America Home Loans for actual, treble and statutory damages, punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.     Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.     Trans Union's reports concerning Plaintiff were true or substantially true.

4.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.     Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.     At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.     Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:   March 20, 2014                                Respectfully submitted,


                                                        _/s/ Scott E. Brady_____
                                                        Scott E. Brady, Esq.
                                                        (admitted *Pro Hac Vice*)
                                                        Schuckit & Associates, P.C.
                                                        4545 Northwestern Drive
                                                        Zionsville, IN  46077
                                                        Telephone:  (317) 363-2400
                                                        Fax:  (317) 363-2257
                                                        E-Mail:  sbrady@schuckitlaw.com

                                                        *Lead Counsel for Defendant, Trans Union,*
                                                        *LLC*

Mardic A. Marashian, Esq. (BBO #548607)
Bonin & Marashian
77 Franklin Street
Boston, MA  02110
Telephone:  (617) 723-2525
Fax:  (617) 723-3163
E-Mail:  mardic@boninmarashian.com

*Local Counsel for Defendant, Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **20th day of March, 2014**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Andrew M. Schneiderman, Esq.<br>aschneiderman@hinshawlaw.com | Joseph P. Bonfiglio, Esq.<br>jbonfiglio@bbolden.com |
| Catherine A. Bednar, Esq.<br>Catherine.bednar@leclairryan.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **20th day of March, 2014**, properly addressed as follows:

| | |
|---|---|
| **<u>Pro Se Plaintiff</u>**<br>Paul Jones<br>572 Park Street<br>Stoughton, MA  02072 | |

*/s/ Scott E. Brady*
Scott E. Brady, Esq.
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  sbrady@schuckitlaw.com

*Counsel for Defendant, Trans Union, LLC*