UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS                    2014 APR 28  ⊃ 2: 22

PAUL JONES

Plaintiff                    Civil Action No. 1:14-cv-10218-GAO

V.

Defendants

Experian Information Solutions, Inc. et al

## **PLAINTIFFS MOTION FOR LEAVE TO**
## **FILE FIRST AMENDED COMPLAINT**

1. Pursuant to Federal Rules of Civil Procedure 15(a), Plaintiff moves the Court for
   leave to file his First Amended Complaint. The Rule states that "leave shall be freely
   given when justice so requires." FRCP 15(a).

2. Federal policy strongly favors determination of cases on their merits. Therefore, leave
   to amend the pleadings should be freely given unless the opposing party makes a
   showing of undue prejudice, bad faith, or dilatory motive on the part of the moving
   party. Martinez v. Newport City, 125 F.3d 777, 785 (9 Cir. 1997). Here, no such
   showing by the opposing parties can be made.

2. Plaintiff filed this lawsuit against several defendants on 01/28/2014 including BANK
   OF AMERICA, N.A., (hereafter BOA) (BAC HOME LOANS SERVICING,
   LP(hereafter BOAHL).,alleging violations of the Fair Debt Collection Practices Act

("FDCPA"), Fair Credit Reporting Act (here after FCRA), Telephone Consumer Protection Act (here after TCPA) and the Massachusetts Debt Collection Regulation Act 940 CMR 7.00 (Here after MDCRA).

3. This matter is before the Court on defendant's BOA / BOAHL Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In response to defendant's motion, plaintiff states that he seeks leave to amend his Complaint to allege sufficient facts to support his claims.

4. Defendant's Motion to Dismiss was filed on March 24, 2014, Defendant BOA / BOAHL objects to plaintiff's attempt to seek leave to amend his Complaint.

5. In the proposed First Amended Complaint, Plaintiff seeks to remove four defendants that have settled out of court.

6. Plaintiff has added verbiage against defendant BOA / BOAHL that shows they took plaintiff account while it was in default which makes them a debt collector, "The legislative history of section 1692a (6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned*." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) see also Ogle v. BAC Home Loans Servicing LP, Nos. 2:11-cv-540, 2:11-cv-745, 2013 WL 97617, at *3 (S.D. Ohio Jan.8, 2013), BOA BOAHL can be treated as a "debt collector" under the FDCPA. Nielsen v. Dickerson, 307 F.3d 623 (7th Cir., 2002).

7. BOA / BOAHL never validated this debt, When plaintiff sent a validation request defendant BVPA / BOAHL ignored the dispute and continued to send plaintiff demand for payments which is a violation of the FDCPA.

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that the Court

grant his Motion for Leave of Court to File His First Amended Complaint. The

proposed First Amended Complaint is attached.

Respectfully Submitted,

Paul Jones Prose
572 Park Street
Stoughton, Ma 02072
Pj22765@gmail.com
888-655-3004

**Stephen C. Reil**
Sally & Fitch LLP
16th Floor
One Beacon Street
Boston, MA 02108
617-542-5542
Fax: 617-542-1542
scr@sally-fitch.com

**Ryan M. Cunningham**
Sally & Fitch LLP
One Beacon Street
16th Floor
Boston, MA 02108
617-542-5542
Fax: 617-542-1542
rmc@sally-fitch.com