*2014 APR 28  P 2: 22*

PAUL JONES

Plaintiff                    Civil Action No. 1:14-cv-10218-GAO

V.

Defendants

EXPERIAN INFORMATION S O L U T I O N S , INC

LAW OFFICE OF ANDREU, PALMA & ANDREU, PL

WELTMAN WEINBERG & REIS CO., LPA

MCARTHY BURGESS & WOLF, INC.

REVENUE GROUP

DYNAMIC RECOVERY SERVICE, INC.

INTEGRATY SOLUTIONS SERVICES, INC.

THE LAW OFFICE OF POLLACK & ROSEN

EQUIFAX INFORMATION SERVICES LLC

BANK OF AMERICA N.A

BANK OF AMERICA HOME LOANS

## FIRST AMENDED COMPLAINT

**Parties**

1. The Plaintiff (Paul Jones) is a resident of Stoughton MA 02072, County of Norfolk, and a citizen of the United States.

2. Defendant Andreu, Palma & Andreu, PL (Andreu) is a Law Firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 1000 NW 57th Court, Ste 400 Miami Florida.

3. Defendant Weltman Weinberg & Reis Co., LPA (hereafter Weltman) is a Law Firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 325 Chestnut Street. Suite 501, Philadelphia, PA 19106-2605.

4. Defendant McCarthy, Burgess & Wolff, Inc. (hereafter MB & W ) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking commissioner with a usually address of 26000 Cannon Road. Cleveland Ohio 44146.

5. Defendant Revenue Group. (Hereafter Revenue) is a third party debt collector that is not registered to collect debts in Massachusetts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 4780 Hinkley Industrial Parkway, Cleveland, Ohio 44109.

6. Defendant Dynamic Recovery Services Inc. (hereafter Dynamic) is a third party debt collector that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking commissioner with a usually address 4101 McEwen Road , Suite 150 , Farmers Branch, Texas 75244.

7. Defendant Integrity Solution Services, Inc. (hereafter Integrity) is a third party debt collector that regularly collects debts with a usually address of 200 E Campus View Blvd, Ste 300, Columbus, OH 43235-4678.

8. Defendant The Law office of Pollack and Rosen (hereafter Pollack) is a third party debt collection law firm that regularly collects debts and is not registered to collect debts in Massachusetts with the Massachusetts Banking Commissioner with a usually address of 806 S Douglas Rd #200, Coral Gables, FL 33134.

9. Defendant, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), is a Georgia limited liability company, authorized to do business in Massachusetts.

10. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is an Ohio corporation, authorized to do business in Massachusetts.

11. BANK OF AMERICA CORPORATION ("BOA"), is a debt collector authorized to do business in Massachusetts with a usually address of 100 North Tryon St, Charlotte, North Carolina 28202.

12. BANK OF AMERICA HOME LOANS ("BOAHL") is a subsidiary of Bank of America Corporation and a debt collector with a usually address of 400 COUNTRYWIDE WAY MS SV-314SIMI VALLEY, California.

## Jurisdiction

13. This court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1332.

14. The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and all defendants transact business in Massachusetts.

15. Venue is proper in Suffolk County, Massachusetts, because defendants intentionally reached into that county, availing itself of the protection of the laws of Florida, and Defendant's acts in that county gave rise to the cause of action asserted herein.

16. This Court has jurisdiction over defendants pursuant because defendants caused injury to a person within this state, to wit, Paul Jones, while it was engaged in service activities, to wit, debt collection, within this state.

17. This Court has jurisdiction over defendants pursuant to because Defendants engages in business within this state (Massachusetts), to wit debt collection, and its business within this state gave rise to the causes of action asserted herein.

## FACTS

18. This case is over $75,000 in violations committed by all the defendants.

19. All conditions precedent to the bringing of this action has been performed each defendant was sent a Notice of Pending Lawsuit and the lawsuit to mitigate damages and to save judicial resources and the courts time.

20. Beginning October 16, 2013, prior express written consent will be required for all autodialed and/or pre-recorded calls/texts sent/made to cell, Wireless phones and pre-recorded calls & made to residential land lines.

21. Plaintiff Paul Jones obtained his consumer credit reports from the three major consumer credit reporting agencies in 2012, and found entries by entities that he was unfamiliar with in the reports.

22. Plaintiff defaulted on his loan on or about *July 2007* and the defendants BOA & BOAHL on *Jan. 11, 2008* announced a definitive agreement to purchase Countrywide

Financial Corp. in an all-stock transaction worth approximately $4 billion plaintiff was in default at this time.

23. At the time Defendants BOA & BOAHL began servicing plaintiff's loan, it was in default.

24. Defendants BOA & BOAHL is a loan servicer that acquired plaintiff's loan while he was in default (*July 2007*) making BOA / BOAHL a debt collect under the Federal Debt Collector Practices Act (FDCPA).

25. On or about April 1, 2008 defendant BOA purchased countrywide plaintiff mortgage while it was in default.

26. Plaintiff wrote BOAHL on or about May 1,2012 and requested that they update the information they sent to Trans Union, Experian & Equifax and defendant BOAHL responded on June 19, 2012 and stated that "we confirmed the accuracy of the disputed information, we are unable to complete your request and will maintain the current credit reporting on your account" **Exhibit 1**.

27. LexisNexis reports Liens/Judgments to the defendants Experian & Equifax.

28. Plaintiff wrote LexisNexis and reported that LexisNexis was reporting several NOTICES OF LIENS as Liens to defendant Experian & Equifax, LexisNexis wrote back and stated that "We have completed our investigation and the disputed Lien/Judgments have been removed from your report **Exhibit 2**.

29. Plaintiff disputed several accounts and requested defendant Equifax & Experian to correct plaintiff's good account and defendant Equifax removed it (Lease Finance) which brought plaintiff credit score down **Exhibit 3.**

30. This is an action for money damages.

31. Plaintiff intents to send all defendants a 93a demand letter and Plaintiff will amend the suit to reflect violations of the Massachusetts Unfair and Deceptive Trade Practices Act. MGL 93a (hereafter MGL 93a).

32. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

33. Upon information and belief, defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity obtained plaintiff's wireless phone number via skip-tracing.

34. Defendant BOA , BOAHL, Palma, Weltman , McCarthy, Revenue, Dynamic, Pollack & Integrity on several locations and left several message on my wireless number within the last 12 months which is a violation of the Federal Debt Collection Practices Act. (FDCPA).

35. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity violated the FDCPA, MGL 93a, and MDCRA by calling plaintiff wireless numbers using an Automatic Dialer that has the capacity to store and dial numbers without human intervention.

36. Plaintiff tried to mitigate damages by mailing, emailing and calling defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity notice of intent to sue.

37. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity never sent out a letter after 5 days of the phone call to the plaintiff which is a violation of the Federal Deb Collection Practices Act. (Hereafter FDCPA), Telephone

Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. (Hereafter MGL 93a).

38. Defendant BOA & BOAHL violated the FDCPA, MGL 92a & the MDCRA by sending letters to collect a debt from plaintiff Paul Jones and by not validating plaintiff's request and still moved forward to collect the debt from plaintiff.

39. Defendant Experian & Equifax violated the Fair Credit Reporting Act by allowing third party debt collectors to pull plaintiffs credit report on several occasions and by not updating plaintiff credit report to reflect disputes.

40. Defendant Experian & Equifax violated the MGL 93a, the FCRA by allowing BOA to report on plaintiff credit report that his home was reposed by BOA when in fact Bank of New York was the so called owner of record.

41. Defendant Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity were trying to collect a nonexistent debt from plaintiff which is a violation of the Federal Deb Collection Practices Act. (Hereafter FDCPA), Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. (Hereafter MGL 93a).

42. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity called from on several occasions and left messages for another person that does not own the wireless number on at least these dates looking to collect a nonexistent debt from plaintiff.

43. Defendants The Law Office of Pollack and Rosen called plaintiffs Wireless Number

786-431-0267 on December 20, 2013 at 11:03 AM from (305) 448-0006 and several other times asking for a Lamar Ovetta.

44. Defendant Pollack failed to update their records to make sure Lamar Ovetta still owned the telephone number 786-431-0267.

45. Defendant Palma called from (305) 631-0175 on several occasions looking for a Maria and left messages, I the plaintiff owns the wireless number (305) 631-0175).

46. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity called using an Automatic Dialing System that has the capability to store and dial numbers without human intervention.

47. Defendant Palma called on at least these dates looking to collect a nonexistent debt from plaintiff.

01/06/2013 Mon 11:19 AM to 305-748-4151 from 305-631-0175

01/02/2014 Thu 10:19 PM to 305-748-4151 from 305-631-0175

01/06/2014 Mon 11:19 AM to 305-748-4151 from 305-631-0175

12/30/2013 Mon 10:18 AM to 305-748-4151 from 305-631-0175

12/23/2013 Mon 10:16 AM to 305-748-4151 from 305-631-0175

12/16/2013 Mon 10:50 AM to 305-748-4151 from 305-631-0175

12/11/2013 Wed 10:04 AM to 305-748-4151 from 305-631-0175

12/05/2013 Thu 8:50 AM to 305-748-4151 from 305-631-0175

12/04/2013 Wed 2:21 PM to 305-748-4151 from 305-631-0175

11/12/2013 Tue 10:39 AM to 305-748-4151 from 305-631-0175

11/11/2013 Mon 10:49 AM to 305-748-4151 from 305-631-0175

11/07/2013 Thu 1:40 PM to 305-748-4151 from 305-631-0175

48. Defendant Weltman Weinberg & Reis Co (hereafter Weltman) called Plaintiffs wireless number 617-247-0800 on May 7, 2013 looking to collect a nonexistent debt from plaintiff Paul Jones at 12:09 pm from telephone number 385-229-3020 and several other times which is violation of the Federal Debt Collect Practices Act (Hereafter FDCPA) Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Debt Collection Practices Act MGL 3a. (Hereafter MGL 93a).

49. Defendant Weltman called plaintiff several times and plaintiff caller ID displayed unknown and or blocked message.

50. Defendant MB & W Called plaintiffs wireless number (860) 899-2918, 413-328-2070 on at least these dates below and also called sometimes when plaintiff's caller I.D showed private and or blocked.

    September 12, 2013 at 306pm from telephone number 4407355100

    September 19, 2013 at 11:43 am from telephone number 4407355100

    March 22, 2013 at 4:33 pm from a telephone number that displayed a Blocked message.

    May 26, 2011 at 2:18 pm from telephone number 4407355100

    July 15, 2011 at 3:24 pm from telephone number 440-735-5100

    August 3, 2011 at 11:17 am from telephone number 440-735-5100

51. Defendant MB & W also called plaintiff wireless number to collect a commercial debt where plaintiff Paul Jones was the registered agent plaintiff and is disputing those phone calls in this complaint.

52. Defendant MB & W called plaintiffs wireless number and left voice messages for other people other than the plaintiff looking to collect an nonexistent alleged debt on several

occasions on or about 50 times since 2011.

53. On information and belief, the defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity employee failed to advise that they were a debt collector and that this was an attempt to collect a debt.

54. When plaintiff answered the phone on several occasions, there was a 10 second pause with no communications from the other end of the line, which indicates the use of an auto dialer mechanism from defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity.

55. Defendant Dynamic called plaintiff wireless number 786-245-4211 on March 18, 2013 at 2:16 pm from 800-886-8088 to collect a nonexistent alleged debt from the plaintiff.

56. Defendant Dynamic called plaintiffs wireless number on several occasions sometime plaintiffs caller ID stated unknown or Blocked when the call was answered that's when plaintiff realized it was defendant Dynamic.

57. Defendant Integrity called plaintiffs wireless number (781) 344-4351 on Tuesday February 7, 2012 from telephone number (866) 994-0377.

58. Defendant Integrity called plaintiffs wireless number on several occasions and even called with a blocked or unknown number plaintiff realized it was defendant Integrity when e answered the telephone.

59. Defendant Revenue called plaintiff wireless number (978-425-6336) & (413-328-2070) several times to collect a nonexistent debt from the plaintiff.

60. Defendant Revenue called on at least these dates below and also called sometimes when my called plaintiff's caller I.D showed private and or blocked.
    11/06/2013 Wed 9:51 AM to (978) 425-6336 from (216) 763-2750

11/06/2013 Wed 9:28 AM to (978) 425-6336 from (216) 763-2750

61. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity called plaintiff wireless number on several occasions and when plaintiff answered the phone there was no one there for 2-3 seconds.

62. Defendant BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity called plaintiff using an Automatic Dialing System that has the capacity to store & dial telephone numbers without human intervention.

63. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity continue to attempt to enforce and collect a non-existent debt.

64. Plaintiff advised defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity that he was on a wireless number and he is being charged for the call and has 5000 minutes per month usage, and that no consent was given to contact him via that number or via any other telephonic method in the future.

65. During this communication, the employee of defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity failed to disclose the identity of the company from which he or she was calling and failed to disclose that the company was a debt collector calling to collect a debt.

66. At the time of this communication, plaintiff had never previously provided defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity with authorization to telephone plaintiff's wireless telephone.

67. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity failed to send Plaintiff written notification of Plaintiff's alleged Indebtedness to defendants and plaintiff's right to dispute defendant's allegation within five (5) days of

defendant's above referenced initial communication to plaintiff.

68. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity violated the TCPA even if its actions were only negligent.

69. As of the date of filing this lawsuit, plaintiff has not received written notification of the alleged indebtedness from defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity.

70. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity placed constant and continuous calls to Plaintiff seeking and demanding Payment of a nonexistent debt.

71. This is an action for damages and injunctive relief brought by Plaintiff against Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity for violations of the Telephone Consumer Protection Act(TCPA) Sec.227.,47USC§227(b)(l), 47USC§227(a)(iii), Fair Debt Collection Practices Act (FDCPA)15U.S.C.§1692c(a)(l).

72. This is an action for damages and injunctive relief brought by Plaintiff against Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity for violations of the Telephone Consumer Protection Act(TCPA) Sec.227.,47USC§227(b)(l), 47USC§227(a)(iii), Fair Debt Collection Practices Act (FDCPA)15U.S.C.§1692c(a)(l).

73. Despite Defendant BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity familiarity with the TCPA, the Defendants either willfully or knowingly violated the TCPA in placing these calls to the Plaintiff's wireless telephone numbers for which the called party was charged for the call.

74. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity placed telephone calls to the Plaintiffs wireless telephone which the called party is billed for the call and *plaintiff has no established business relationship.*

75. The Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity placed multiple calls to Plaintiff's wireless telephone number repeatedly invaded the privacy of the Plaintiff which is a violation of the Federal Debt collection Practices Act (hereafter FDCPA).

76. Defendant BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by Telephone Consumer Practices Act (hereafter TCPA), Massachusetts Debt Collection Practices Act (hereafter MDCRA CMR 940 & 7.00), Massachusetts Unfair & deceptive Trade Practices Act (hereafter MGL 93a) and the Federal Debt Collection Practices Act (hereafter FDCPA).

77. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity were trying to collect a nonexistent debt when they called the Plaintiff on his wireless numbers.

78. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity are debt Collection Companies that regularly collects defaulted debts.

79. Upon information and belief, Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity are third party debt collector.

80. Plaintiff hereby sues Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity for violations of the Telephone Consumer Protection Act(TCPA)Sec.227.,47USC§227(b)(l),47USC§227(a)(iii), Fair Debt Collection

Practices Act(FDCPA)l5U.S.C.§1692c(a)(l). Massachusetts Debt Collection regulation Act 9400 CMR 7.00. & Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a.

81. Upon information & belief, Plaintiff contends that many of these practices are widespread for defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity therefore Plaintiff intends to propound discovery on all of the Defendants for their telephone records to get all the times the defendants called the plaintiff even when plaintiffs caller ID read *Blocked or Unknown*.

82. Plaintiff has wireless numbers and only has 5000 minutes per month and defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity causes plaintiff to be charged for those minutes when he was called by the defendants to collect a nonexistent alleged debt, and plaintiff has a service for which the called party is charged for the call.

83. Plaintiff's numbers has been listed on the do-not-call list for several years last being registered on or about February 16, 2008.

84. From approximately February 1, 2012 until January 3, 2014, Plaintiff began receiving calls from Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity to Plaintiffs numbers that are registered on the Do-Not Call List.

85. Between February 1, 2012 until January 3, 2014, there were calls placed to the plaintiff's wireless telephone numbers from numbers known to be owned by defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity.

86. Defendants made phone calls to Plaintiff, and from telephone numbers that were *blocked* on Plaintiffs caller I.D. Plaintiff plans to propound discovery upon Defendant BOA,

BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity to get the exact dates.

87. Plaintiff was called from Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity, Plaintiff received calls within the last 12 months which is a violation of the FDCPA, MDCRA, MGL 93a and the TCPA ACT.

88. Plaintiff sent Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity a Cease & Desist letter on or about January 3, 2014.

89. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity should have known that Plaintiffs did not owe a debt.

90. Each call was initiated by Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity for the purpose of collecting a non- existent debt, in violation of 47 U.S.C. the TCPA Act., FDCPA, MGL 93a & MDCRA.

91. Plaintiff answered several additional calls from Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity where his caller id showed a number "Unknown or Blocked" and where Defendants did not identify itself at the commencement of the call which is another violation of the TCPA for which there is no private right of action.

92. Only after answering the caller ID blocked calls did Plaintiff realize it was the Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity calling.

93. At no time did Plaintiff provide *prior express permission* for Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity to call Plaintiffs *wireless telephone number and or service for which the called party is charged for the call.*

94. Plaintiff never gave defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity *prior express permission for Defendants to use equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.*

95. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity does not have, and has never had *an established business relationship with Plaintiff and has never had it.*

96. Despite the letters from Plaintiff, Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity continued to place prohibited calls to Plaintiff's *wireless numbers and or service for which the called party is charged for the call* Plaintiff is entitled to treble damages pursuant to 47 U.S.C. §227(b)(3) plaintiff is entitled to $1500 per call Defendants made calls knowingly & Willingly to plaintiff telephone numbers.

97. Plaintiff seeks damages for any and all calls that Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity BOA and BOAHL made to Plaintiff's wireless telephone numbers in violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not limited to damages for any calls that defendant made which *Plaintiff is unaware of*, for Defendants failure to provide a copy of its do-not-call policy, failure to properly scrub the national DNC as required by the FCC, failure to properly maintain and update its company specific DNC call list, and failure to accommodate Plaintiffs requests to stop calling, failure to train and monitor its employees about the existence of both the national and state required lists and to enforce the requirement that DNC requests be recorded, failure to stop all

calls to the subscriber made within 10 years of consumer request to place his number on company DNC, failure to employ a version of the national "do-not-call" registry obtained from the Commission no more than thirty-one (31) days prior to the date any call is made, and to maintain records documenting this process, failure to sufficiently identify individual telemarketer / Debt Collectors name, his employer caller and business entity on whose behalf the calls were being made, or the causing defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity, BOA and BOAHL telephone number to be blocked from the subscriber's caller ID.

98. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity, BOA and BOAHL did not provide Plaintiff with a letter after 5 days of the debt collection call which is a violation of the Federal Debt Collection Practices Act. (FDCPA) MDCRA 940 - 7.00. & MGL 93a.

99. From February 2012 thru January 3, 2014, Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity, BOA and BOAHL did violated the TCPA, FDCPA MDCRA 940-700 and the MGL 93a by calling Plaintiffs wireless telephone number and or service for which the called party is charged for the call, over 245 times with no prior permission given by Plaintiff.

100. Defendants BOA, BOAHL, Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity BOA and BOAHL left recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs answering service *for which the called party was charged for the call.*

101. The plaintiff disputed to the CRA, which, in turn, they did not forward the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher. Such a dispute, should

have be noted, however it created a legal obligation under **§ 1692g** of the FDCPA but the defendant Experian Equifax did not do so.

102. Plaintiff sent defendants Experian & Equifax request to investigate several times and they failed to comply with plaintiffs request, these obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer.

103. The violations of defendants BOA / BOAHL, Equifax & Experian were so egregious in nature after plaintiff sent multiple letters & proof that the plaintiff should receive Actual, Statutory and Punitive damages.

104. Defendants maliciously and purposely planned on not complying with the FCRA 1681o-1681n & 1681s-2(b).

105. Defendants Experian, Equifax and BOA / BOAHL by no means *accidently* or did not comply with 1681o- 1681n & 1681s-2(b) or any other statue under the FCRA.

106. Defendants Experian, Equifax and BOA / BOAHL knew that by reporting, or not correcting plaintiffs credit report was a violation of 1681o- 1681n & 1681s-2(b) and other FCRA statues, because plaintiff sent defendants Experian, Equifax and BOA / BOAHL multiple letters and proof to show that BOA / BOAHL did not foreclose on plaintiffs home (572 Park Street) or reclaimed it.

107. Plaintiff contends that the credit reporting agency Defendants Equifax & Experian has violated such laws by repeatedly and willfully issuing false consumer credit reports concerning Plaintiff, resulting in credit denials credit delays, inability to apply for credit, a reduction in his credit score, financial loss, loss of use of funds, invasion of privacy, mental anguish, humiliation, a loss of reputation, and expenditures for

attorney's fees and costs. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

108. Plaintiff has requested for BOA & BOAHL to validate the debt on several occasions and defendant BOA & BOAHL has refused to validate the debt and has sent plaintiff a bill on January 12,014 each and every month which is a violation of the FDCPA.

109. Defendant BOA did validate the debt on November 15, 2012 (**EXIHBIT 4**) they stated that plaintiff owed $481,740.71

110. Defendant BOA and or BOAHL sent plaintiff a demand and it stated that the plaintiff owed proximately$275,000 on or about January 1, 2014 then on March 1, 2014 sent plaintiff another statement stating plaintiff only owed $283,334.50 and April Statement for $285,919.06 and May statement plaintiff owed $288,503.62 (**Exhibit 5**) this is a violation of the Fair Debt Collection Practices Act.

111. Defendant BOA/BOAHL went from plaintiff owing $481,740.71in 2012 to owing $288,503.62 for May 2014 that is impossible it is a clear cut violation of the FDCPA, Massachusetts Debt Collection Regulation Act (MDCRA) & the Massachusetts Unfair & Deceptive Trade Practices Act (MGL 93a).

112. Plaintiff has disputed with defendants BOA, BOAHL, Experian & Equifax several times in writing since September 5, 2011 defendants BOA, BOAHL, Experian & Equifax has failed to correct plaintiffs request which is a violation of the Fair Credit Reporting Act S2B and other sections of the FCRA, plaintiff demands $1000 per month when ever a change was not made after plaintiff disputed in writing to defendants Experian & Equifax.

113. As a result of the dispute, Trans Union reported the information was deleted, Experian & Equifax reported the information was verified and would remain.

114. The information that remained was Bank of America was reporting **GRANTOR RECLAIMED COLLATERAL TO SETTLE DEFAULTED MORTGAGE & the reports of Liens from the Department of Revenue still remained which is no more than a notice of lien.**

115. Plaintiff has a private right of action under the FCRA against Defendants BOA, BOAHL, and Equifax & Experian for willful and negligent violations of the FCRA Act.

116. Negligent violations of the FCRA Act. entitles the consumer to actual damages, willful entitles the consumer to actual, statutory and punitive damages

117. Defendants BOA, BOAHL, Experian & Equifax did not respond to plaintiff request to remove and or update plaintiff's consumer credit report on several occasions over 30 days which is a violation of the Fair Credit Reporting Act.

118. Plaintiff Equifax credit report still reflects the Department of Revenue liens which plaintiff request removal over 14 months ago.

119. Plaintiff asked for an investigation into his credit report and defendants BOA, BOAHL, Experian & Equifax failed to do so on several occasions which is a violation of the FCRA.

120. Defendants BOA, BOAHL, Experian & Equifax did not do an investigation on plaintiff's credit report as he asked them to or they never sent plaintiff in writing the procedure of their investigation of plaintiff's credit report as he requested and which is a violation of the FCRA S2B.

121. Plaintiff's credit report is not accurate and plaintiff has told this to Defendants Experian & Equifax several times in writing and they have failed to properly investigate.

122. Defendants BOA, BOAHL, Equifax & Experian removed several of plaintiff's good credit accounts instead of updating them when they received confirmation from the creditors that the accounts were in fact paid as agreed and never late.

123. Plaintiff demands $1000 per month that these accounts were not corrected plaintiff has suffered embarrassment, credit denials, and denied a mortgage due to Defendants BOA, BOAHL, Experian & Equifax violations of the FCRA S2B is a violation every 30 days that they fail to correct plaintiff's credit report.

124. Defendants BOA, BOAHL, Experian & Equifax only checked their own eternal records.

125. The FCRA S2B is a retroactive violation of the FCRA, plaintiff disputed several accounts going back over 18months.

126. Plaintiff contends that the defendant BOA and BOAHL has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged debt, obtaining or furnishing his credit reports illegally, Removing Plaintiffs good standing accounts without Plaintiffs approval, knowingly reporting false information to the credit reporting agencies, and refusing to properly investigate Plaintiffs disputes of information transmitted through the credit reporting agencies. In many cases they have conspired with each other in engaging in these actions. For the most part, Plaintiffs demands to the Defendant that they cease these illegal, and in some

cases possibly criminal, activity, have met with either no response or continued illegal activity.

127. Defendants Equifax & Experian failed, in the preparation of Plaintiffs reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, deleted Plaintiffs Good Standing account that effected Plaintiffs credit score, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiffs statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re- reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated Notification by Plaintiff; failed to properly reinvestigate Plaintiffs disputes; and concealed from or misrepresented facts to Plaintiff regarding his credit report.

128. Defendant BOA and BOAHL has reported false information about Plaintiff to credit reporting agencies and continued to do so despite Plaintiffs numerous disputes about the account that were transmitted through the credit reporting agencies.

129. Defendant BOA and BOAHL has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

130. Defendant BOA and BOAHL did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

131. Plaintiff Credit report reflects a foreclosure from BOA and BOAHL that should not be on Plaintiffs Credit Report because it states **BANK OF AMERICA, CREDIT GRANTOR RECLAIMED COLLATERAL TO SETTLE DEFAULTED MORTGAGE** which is not true, I the Plaintiff is in litigation with Bank of New York and has been for the last 6 and half years and I am still living in the home they have not reclaimed it, nothing should be reported until the final judgment.

132. Defendants BOA, BOAHL, Experian, Trans Union & Equifax has caused Plaintiff to be denied for credit, jobs and a lost of credit score by reporting untrue facts a violation of the FCRA and MGL93a Plaintiff has been damaged and seeks relief by means of triple damages and $1000 per month that Defendants Experian, Trans Union & Equifax has been reporting inaccurate items on plaintiffs credit reports.

133. Plaintiff has sent several request to the Equifax & Experian, Plaintiff believes that Defendants Equifax & Experian has never reinvestigated his file the correct way, Plaintiff believes that the Defendants Equifax & Experian just looked on a computer and matched up accounts.

134. Plaintiff has sent several requests by certified mail to Defendant to remove the inaccurate blemish but Defendant Experian, and Experian refused to update the plaintiff consumer credit report.

135. Plaintiff has been damaged and denied lines of credit, Capital One (Furniture) on October 23, 1013, First Bankcard June 11, 2013, First National Bank Of Omaha May 24, 2013, Home Depot Credit Services September 6, 2013, an AMX line of credit, a Mortgage several car loans to this derogatory information on Plaintiff credit report.

136. Defendant Experian & Equifax failed to mark Lease Finance group as paid as agreed which violated the FCRA and Trans Union is reporting that BOA act# 5923 states this is a derogatory account I am currently in litigation and have been for over 5 years.

137. Defendant Trans union has marked on plaintiffs credit report that Primus Financial act# 3427**** has had late payment 30-60-90 days late which is not true a violation of the FCRA they refuse to update their records this has been going on since September 2011.

138. Defendant Trans Union has removed plaintiffs good standing accounts they are Option One Mortgage acct# 6470011348521, Macy east / Jordan Marsh act# 4201524205620, Ocwen Loan SVCG LLC Act# 101199859 and Select Portfolio SVCG act# 2770002616159 the removal of these accounts reduced plaintiffs credit score

139. Plaintiff sent defendant Experian a Notice of Pending lawsuit and a copy of the lawsuit that was to be filed.

140. Defendant Experian, and Equifax has allowed several companies to pull plaintiffs consumer credit report under the theory of review of an account Capital One pulled plaintiffs credit report over 10 times when plaintiff had no account with Capital one, plaintiff has sued Capital One for that and settled the case out of court.

141. Defendant Experian refuses to remove a derogatory credit file even after the credit

grantor Lease Finance Group, LLC account # 1051993XXXX sent them a letter stating that (attached) the late payments are incorrect and Plaintiffs has satisfied all payments obligations and the account should reflect that it was paid as agreed as of December 9, 2012 it is still reported derogatory on Plaintiff credit report.

142. Defendant Experian refuses to remove BOA act#5923**** that shows a derogatory entree from them while we are in litigation.

143. Defendant Experian removed plaintiffs good standing account and plaintiff credit score was reduced account are Macy/Jordan marsh, Ocwen Mortgage, PCFS act#64xxxx which is a violation of the FCRA.

144. Defendant BOA has reported false information about Plaintiff to Equifax, Trans union & Experian credit reporting agencies and continued to do so despite Plaintiffs numerous disputes about the accounts that were transmitted through the credit reporting agencies.

145. Defendants BOA, BOAHL, Equifax, & Experian knew or should have known that when an account is in litigation it should not be reported until there is a final verdict in the case of wrongful foreclosure because it has caused Plaintiff Credit Score to be reduced.

146. Defendant BOA, BOAHL did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

147. Defendant BOA, BOAHL initiated several hard credits pulls without permissible purpose mortgage within the last 5 years is not considered an account according to the FCRA.

148. On several occasions, Plaintiff sent letters to BOA and or BOAHL demanding

validation of an alleged debt after BOA and or BOAHL sent a bill the defendant never validated the debt.

149. Defendant BOA, BOAHL did not respond to any of the letter in a timely and orderly fashion which is a violation of the Federal Debt Collection Practices Act Plaintiff request $1000, Massachusetts GL 93a and Massachusetts Debt Collection Regulation Act 940 CMR 7.00 Defendant request triple damages.

150. Defendant BOAHL sent plaintiff 2 letter to plaintiff to provide insurance information on or about November 25, 2013 and December 15 2013, plaintiff send defendant BOA a timely debt validation letter on or about December 5, 2013 and BOAHL never responded and BOAHL sent another letter requesting the same insurance information on December 15, 2013 WITHOUT VALIDATIN which is a violation of the FDCPA because they never validated.

151. Defendant BOAHL sent plaintiff a home loan statement and a demand for payment of $278,165.38 on or about December 19, 2013plaintiff sent defendant a timely debt validation letter to Defendant BOAHL and they never answered it which is a violation of FDCPA.

152. Defendants BOA and BOAHL violated the FDCPA §1692e(2) by falsely representing the character, amount, or legal status of any debt the loan modification paper work plaintiff received on or about November 3, 2013 & the Statement plaintiff received on or about January 3, 2014.

153. On or about November 5th and 7th , 2013 Defendant BOAHL sent plaintiff 2 home loan Modification packages, plaintiff sent defendant BOAHL 2 timely debt validation request on and the Defendants BOA / BOAHL failed to validate and to this day has

continued to try to collect the alleged debt.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICESACT (FDCPA), 15U.S.C. §1692 BY DEFENDANTS Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack, Integrity, Experian, Equifax, Bank of America & Bank of America Home Loans.

154. Plaintiff alleges and incorporates the information in paragraphs 1through 153.

155. Plaintiff is a consumer within the meaning of §1692a (3).

156. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity ,Bank of America & Bank of America Home Loans are debt collectors within the meaning of §1692a(6).

157. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans placed no less than 275 telephone calls to the Plaintiffs wireless number after plaintiff informed them that they had the wrong number and or to Cease & Desist and only contact plaintiff though USPS . Defendants knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15U.S.C. § 1692c (a) (l). Defendant demands $1000.

158. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans violated §1692e (10) by the use of any false representation or Deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

159. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and

Bank of America & Bank of America Home Loans violated 15 U.S.C. §1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

160. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans violated the FDCPA. Defendant's violations include, but are not limited to, the following:

§1692e (2) by falsely representing the character, amount, or legal status of any debt. §1692e (5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

§1692e (8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

§1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§1692e (11) by failing to warn that it was a debt collector.

§1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

§1692g by failure to send a validation notice within five days of the initial communication.

§1692g (b) by not ceasing collection efforts until the debt was validated

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity Bank of America &

Bank of America Home Loans for $1000.00 and or actual and or statutory

damages, attorney's fees and costs.

## COUNT II
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS
## ACT47U.S.C. §227
## By Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity

161. Plaintiff alleges and incorporates the information in paragraphs 1through 153.

162. Defendant Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and
Bank of America & Bank of America Home Loans has violated the
Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC§ 227(b) (l) (A) (iii)
and 47 U.S.C. §227(b) (2) (5).

163. Plaintiff demand $500 for the 1st call and $1500 for every call after the first call all
defendants were notified that they had the wrong number.

164. Defendant Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and
Bank of America & Bank of America Home Loans has demonstrated
willful or knowing non-compliance with 47 U.S.C.§227(b)(1)(A) the last 250 calls
are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were
intentional. Plaintiff spoke with defendants Palma, Weltman, McCarthy, Revenue,
Dynamic, Pollack & Integrity and Bank of America & Bank of America
Home Loans twice after sending and defendants receiving the Intent to Sue Letter
and defendants assured Plaintiff that the calls would stop. Since then defendants
Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of
America & Bank of America Home Loans refuses and continues to violate
47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call

carries a damage amount of $1,500 per violation.

165. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans has committed 250 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C §227(b)(3)(B) which state:

(1)     PROHIBITIONS-it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(a) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii.) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call**

166. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans has demonstrated willful or knowing non-compliance with 47U.S.C.§227(b)(2)(5) by calling the Plaintiffs phone number, more than once during a12 month period.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands actual damages, statutory, treble and punitive damages, and attorney's fees and cost, and to award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS**
**ACT47U.S.C. §227**
**By Defendants**

### Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans

167.  Plaintiff alleges and incorporates the information in paragraphs 1through 153.

168.  The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

169.  The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

170.  Defendants violated the TCPA by placing automated calls to plaintiffs' wireless

telephone numbers with an automatic dialing machine that had the capability of

storing or dialing telephone numbers without human intervention.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands actual damages,

statutory, Treble and or punitive damages, and attorney's fees and cost, and to award

Plaintiff the costs of bringing this action, as well as such other and additional relief as

the Court may determine to be just and proper from defendants Palma, Weltman,

McCarthy, Revenue, Dynamic, Pollack & Integrity, BOA & BOAHL.

## COUNT IV
## VIOLATIONS OF THE MASSACHUSETT DEBT COLLECTION REGULATION ACT (MDCRA) 940 CMR 7.00
### By Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans

171. Plaintiff alleges and incorporates the information in paragraphs 1 through 153.

172. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans called plaintiffs wireless number more than twice a week which is a violation of the MDCRA.

173. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity tried to collect on a nonexistent debt in Massachusetts and were not registered to collect debt in Massachusetts.

174. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans never sent plaintiff anything in writing after calling him to collect a debt which is a violation of MDCRA 940 CMR 7.00.

175. Defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity and Bank of America & Bank of America Home Loans called more than once a week a violation of the MDCRA 940 CMR Plaintiff demands $500 for each call to his wireless and or home telephone number.

**WHERFORE**, based on facts set forth in the above counts Plaintiff demands actual damages,

statutory and or treble damages, and attorney's fees and cost, and to award Plaintiff the

costs of bringing this action, as well as such other and additional relief as the Court

may determine to be just and proper.

## COUNT V
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681, BY DEFENDANTS BANK OF AMERICA, BANK OF AMERICA HOME LOANS, EXPERIAN & EQUIFAX

176. Plaintiff alleges and incorporates the information in paragraphs 1 through 153.

177. Plaintiff is a consumer within the meaning of §1681.

178. Bank of America and Bank of America Home Loans are furnishers of information within the meaning of §1681s-2.

179. Defendants Experian & Equifax are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

180. For, at least, two years preceding this suit through the present Bank of America Home Loans, Bank of America, Equifax, Experian, have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent trade lines and inquiries.

181. Bank of America, Bank of America Home loans, violated the FCRA. Defendant's violations include, but are not limited to, the following: willfully violated

§1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiffs consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined b§1681b.

182. Experian, Equifax, Bank of America Home Loans & Bank of America reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

**§1681e(b) provides:** "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**§168li (a) provides:**

"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

**§1681i (b) provides:**

"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

**§1681i(c) provides:**

"Whenever a statement of a dispute is filed, unless there are reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer Report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

**§1681b (f) provides:** "A person shall not use or obtain a consumer report for any purpose unless-the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

183. Defendants Bank of America, Bank of America Home Loans, Equifax, Experian, violated the FCRA :

failing, in the preparation of Plaintiffs reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failing to provide all of the information on file, in violation of §1681(g);

failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

failing to delete incomplete, misleading, and inaccurate information in Plaintiffs file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

failing to provide subsequent users of the report with the Plaintiffs statement of dispute or a summary thereof in violation of§1681(i)(c); failing to properly advise

Plaintiff of his ability to make a consumer explanation; failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failing to permanently correct Plaintiffs report after repeated notification by Plaintiff; failing to properly reinvestigate Plaintiffs disputes; and by concealing from or misrepresenting facts to Plaintiff regarding his report.

184. Bank of America, Bank of America Home Loans violated§ 168ls-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Experian, Bank of America & Bank of America Home Loans for actual, treble and statutory ,punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper.

## COUNT VI

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANTS EXPERIAN, EQUIFAX, BOA & BOAHL

185. Plaintiff alleges and incorporates the information in paragraphs 1 through 153.

186. Plaintiff is a consumer within the meaning of §1681n.

187. For, at least, two years preceding this suit through the present Bank of America Home Loans, Bank of America, Equifax, Experian, have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent trade lines and inquiries.

188. Bank of America, Bank of America Home loans, violated the FCRA. Defendant's violations include, but are not limited to, the following:

### § 1681n. **Civil liability for willful noncompliance**

(a) In general.

Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney' s fees as determined by the court.

(b) Civil liability for knowing noncompliance.

Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees.

Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of

harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

### § 1681o. **Civil liability for negligent noncompliance**

(a) In general.

189. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees.

### §1681s-2 provides:

"After receiving notice pursuant to section § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency pursuant to section § 1681i; report the results of the investigation to the consumer reporting agency; if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the

reinvestigation promptly- modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

**§1681s-2 provides:**"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

WHEREFORE, Plaintiff demands judgment for damages against Defendants Experian, Equifax and BOA / BOAHL for actual, statutory and punitive damages of $1000.00,per month any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n,**1681s-2**,.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 25, 2014

Respectfully Submitted,

Paul Jones Prose

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

888-655-3004

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MASSACHUSETTS
Plaintiff, Paul Jones, states as follows:

I am the Plaintiff in this civil proceeding.
I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct

Paul M. Jones

DATE: April 25, 2014