# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PAUL JONES,
    Plaintiff,

v.                                          CIVIL ACTION NO. 14-10218-GAO

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*,
    Defendants.

# REPORT AND RECOMMENDATION
# ON MOTION FOR DEFAULT JUDGMENT (#52)

KELLEY, U.S.M.J.

Pending before the court is a motion for entry of default judgment that was filed by the plaintiff, Paul Jones, against defendants Experian Information Solutions, Inc., Pro Debt Mediations Inc., the Law Office of Andreu, Palma & Andreu, PL, Pollack & Rosen, P.A.,[1] and Dynamic Recovery Service, Inc. Since filing the motion, Jones has voluntarily dismissed his actions against Experian Information Solutions, Inc., Pro Debt Mediations Inc., and the Law Office of Andreu, Palma & Andreu, PL. (#74, #83, #86) In addition, Jones has since re-served Pollack & Rosen, which later filed an answer to the Complaint. (#76, #80) Based on these facts, the Court recommends that the motion for default judgment against Experian Information Solutions, Inc., Pro Debt Mediations Inc., the Law Office of Andreu, Palma & Andreu, PL, and Pollack & Rosen, P.A., be denied as moot.

---

[1] The plaintiff incorrectly named Pollack & Rosen, P.A., "The Law Office of Pollack & Rosen." (#68 at 1 n.1)

Dynamic Recovery Service, Inc., remains subject to the motion for entry of default judgment. In his motion, Jones states that he properly served Dynamic, that the defendant failed to respond, and that a default judgment should be entered against Dynamic in the amount of $5,900. (#52 at 1-2) Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following an entry of default, "if the plaintiff's claim is for a sum certain," the plaintiff can request that the clerk enter a default judgment against the defendant. *Id.* at Rule 55(b)(1). In this case, the plaintiff filed a "Request for Clerk's Default" on March 25, 2014. (#50) He filed a Motion for Entry of Default Judgment on March 27, 2014. (#89) He did not, however, properly serve Dynamic. A copy of a Certified Mail Receipt shows that Jones attempted service on "Dynamic Recovery Services Inc." (#7) Under Rule 4(h) of the Federal Rules, a corporation can be served by following state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1), (h). Under state law, a corporation can be served "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process." Mass. R. Civ. P. 4(d)(2). Jones's attempt to serve Dynamic in general, rather than to an officer, agent, or other person authorized to accept service on Dynamic's behalf, is not sufficient under these rules. Dynamic has not made an appearance in this action, nor

has it agreed to waive proper service.  As a result, Dynamic was not required to respond to the Complaint, and should not be deemed in default.

For the reasons stated above, the Court recommends that the motion for default judgment against Experian Information Solutions, Inc., Pro Debt Mediations Inc., the Law Office of Andreu, Palma & Andreu, PL, and Pollack & Rosen, P.A., be DENIED as MOOT, and that the motion for default judgment against Dynamic Recovery Service, Inc., be DENIED.

|  |  |
|---|---|
| November 11, 2014 | /s / M. Page Kelley<br>M. Page Kelley<br>United States Magistrate Judge |