UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


PAUL JONES,
    Plaintiff,

v.                                                  CIVIL ACTION NO. 14-10218-GAO

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al*.,
    Defendants.


**REPORT AND RECOMMENDATION
ON MOTIONS TO DISMISS (#35, #68 & #86)**

KELLEY, U.S.M.J.

In this case, the plaintiff, Paul Jones, has brought claims against a number of defendants for violations of fair debt collection and credit reporting laws. Pending before the court are three dispositive motions which are ready for review.

First, on March 21, 2014, the plaintiff moved to dismiss defendants Calvary Portfolio Services and United Recovery Systems because they had reached an agreement out-of-court. (#35) On April 15, 2014, and April 21, 2014, the plaintiff filed joint stipulations of dismissal with Calvary and United, respectively. (#67, #73) Both parties were then terminated by the Clerk of Court as defendants in this action. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing a plaintiff to dismiss an action without court order by filing "a stipulation of dismissal signed by all parties who have appeared"). The Court recommends that the plaintiff's motion to dismiss his action against these parties be denied as moot.

Next, on April 16, 2014, defendant Pollack & Rosen, P.A.,[1] a Florida law firm, filed a motion to quash service of process and for dismissal for insufficient service of process. (#68) In its motion, Pollack & Rosen contends that the plaintiff's alleged attempt to serve "The Law Office of Pollack & Rosen" was insufficient because it was not addressed to a person authorized to receive process, such as an officer or an agent who is authorized to do so. (#69 at 1-6 & Exhibit 1 [citing Fed. R. Civ. P. 4]) The firm also contends that it has no record of actually having received the alleged service. (*Id*. at 6-7) Regardless of the merit of these claims, however, on April 21, 2014, the plaintiff attempted service on the firm again, addressing it to "Pollack & Rosen c/o Mark Pollack." (#75) Mark Pollack is one of the "two principal directors" of the firm and, as such, is authorized to receive process under Rule 4. *See* Fed. R. Civ. P. 4; *Leung v. Citizens Bank*, 2013 WL 1992453, at *2 (D. Mass. 2013); *http://www.pollackrosen.com/about.html*. Service was sent by certified mail, return receipt requested, as permitted under Massachusetts law. *See* Fed. R. Civ. P. 4(e), (h); Mass. R. Civ. P. 4(e)(3). A copy of the certified mail return postcard shows that the firm received service. (#75) Pollack & Rosen has since answered the complaint and pleaded affirmative defenses, and it did not raise any challenge to the April 21, 2014 service. (*See* #80) Under these circumstances, it appears that the challenge to the initial service is moot, and that the firm has waived any claim that the new service was insufficient. *See Roque v. United States*, 857 F.2d 20, 21-22 (1st Cir. 1988) ("the defense of insufficient service of process is waived if not raised in the answer (or in a motion filed prior to or contemporaneously with the answer)"); *Tuckerbrook Alternative Invs., LP v. Banerjee*, 754 F. Supp. 2d 177, 185-86 (D. Mass. 2010) ("[a] party waives a defense listed in Rule 12(b)(2)-(5) when he fails to raise it in a responsive pleading that brings forth other defenses or

---

[1] The plaintiff incorrectly named this firm "The Law Office of Pollack & Rosen." (#68 at 1 n.1)

objections"). Further, under the Federal Rules, a plaintiff has 120 days after filing his complaint to serve defendants. *See* Fed. R. Civ. P. 4(m); *Leung*, 2013 WL 1992453, at *2. In this case, the plaintiff filed his complaint on January 28, 2014, and effected service on April 21, 2014, well before the 120-day period had run. As a result, the plaintiff's action against the firm is not subject to dismissal for improper service. Accordingly, the Court recommends that Pollack & Rosen's motion to quash service and to dismiss the complaint for insufficient service be denied.

Finally, on July 10, 2014, the plaintiff filed a motion to voluntarily dismiss defendant Experian Information Solutions, Inc. (#86) Under Rule 41 of the Federal Rules, a plaintiff generally may dismiss an action against a defendant by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i); *accord Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 15 (1st Cir. 1985). Experian Information Solutions has not filed an answer or dispositive motion, or otherwise appeared in this action. Given these circumstances, the Court recommends that the plaintiff's motion to dismiss defendant Experian Information Solutions be allowed.

In sum, for the reasons stated above, the Court recommends that the plaintiff's Motion to Dismiss (#35) be DENIED as MOOT, that Pollack & Rosen's Motion to Quash Service of Process and Dismiss the Complaint for Lack of Service (#68) be DENIED, and that the plaintiff's Motion to Dismiss Defendant Experian from Complaint (#86) be ALLOWED.

/s / M. Page Kelley
M. Page Kelley
November 11, 2014                                United States Magistrate Judge