UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,
    Plaintiff,

v.                                                CIVIL ACTION NO. 14-10218-GAO

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*,
    Defendants.

## REPORT AND RECOMMENDATION
## ON BANK OF AMERICA'S MOTION TO DISMISS (#96)

KELLEY, U.S.M.J.

Plaintiff Paul Jones has brought claims against a number of defendants for violations of fair debt collection and credit reporting laws. On November 25, 2014, Defendant Bank of America, N.A. ("BANA")[1] filed a motion to dismiss the claims that Plaintiff has brought against it. (#96.) Plaintiff responded in opposition to the motion. (#105.) Having reviewed the pleadings and the applicable law, the Court recommends that BANA's motion to dismiss be ALLOWED, on grounds of res judicata, and that Plaintiff's claims against BANA be DISMISSED.

---

[1] Plaintiff names both "Bank of America, N.A." and "Bank of America Home Loans" as defendants. BANA states that there is no such entity as Bank of America Home Loans, but that BANA is the successor by merger of BAC Home Loans Servicing, LP, which it presumes is the intended defendant. (BANA's Corporate Disclosure Statement, #42 at 1; Memorandum in Support of Motion to Dismiss, #97 at 1.) Plaintiff appears to accept this characterization. (*See* Plaintiff's Opposition to Motion to Dismiss, #105 at 1.) Under these circumstances, and for the sake of clarity, references to BANA in this report and recommendation include both BANA and BAC Home Loans Servicing, LP.

I.  BACKGROUND

In 2004, Plaintiff financed the purchase of a home at 572 Park Street in Stoughton, Massachusetts, by executing a promissory note in exchange for a loan from Optima Mortgage Corporation. (Memorandum in Support of Motion to Dismiss, #97, exh. A, 2-3.) The note was secured by a mortgage to Mortgage Electronic Registration System, Inc. (MERS), as nominee for Optima and its successors and assigns. (*Id*.) BANA maintains that the mortgage was later assigned to the Bank of New York, as trustee; that Plaintiff defaulted on the loan; and that the Bank of New York properly foreclosed on the property in late 2007. (*Id*. at 2 & n.2.) Plaintiff unsuccessfully challenged the assignment and foreclosure in both state and federal court. *See Jones v. Bank of New York*, No. 12-cv-11503-RWZ, 2013 WL 3728382 (D. Mass. July 12, 2013); *Jones v. Bank of New York*, NOCV2009-00471 (Norfolk Super. Ct. Oct. 19, 2012), *aff'd*, 998 N.E.2d 799, 2013 WL 6331595 (Mass. App. Ct. 2013); *see also Jones v. Optima Mortg. Corp.*, No. 13-cv-10531-RWZ (D. Mass. May 10, 2013) (voluntarily dismissed). Despite the foreclosure sale, Plaintiff continues to reside at the property. (First Amended Complaint, #78-1 at 18, 39.)

On January 28, 2014, Plaintiff filed this lawsuit against numerous defendants including BANA, which services the mortgage for Bank of New York. (Complaint, #1; *see* #97 at 6.) In his First Amended Complaint, Plaintiff accuses BANA of violating the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Communications Act ("TCA"), the Massachusetts Debt Collection Regulation Act ("MDCRA"), and the Fair Credit Reporting Act ("FCRA") by its conduct in attempting to collect the balance due on the defaulted loan, and in reporting the default and foreclosure to consumer reporting agencies. (#78-1 at 27-39.) On November 25,

2

2014, BANA filed its motion to dismiss Plaintiff's First Amended Complaint. In that motion, BANA argues that because of the rulings that courts have made in his previous lawsuits, Jones' claims are barred by the doctrine of res judicata.[2] (#97 at 3-4.) For the reasons set out below, the Court agrees with BANA.

II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim. In deciding such a motion, a court must "'accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor.'" *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011)). When considering a motion to dismiss, a court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Id.* (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)).

In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks and alteration omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," and to cross "the line from conceivable to plausible." *Id.* at 555, 570.

---

[2] BANA argues that some of Plaintiff's claims are also barred by collateral estoppel. (#97 at 7.) The Court finds, however, that the broader doctrine of res judicata is more applicable in this case. *See Lovely v. Laliberte*, 498 F.2d 1261, 1263 (1st Cir. 1974) ("Res judicata, when the suit is between the same parties and concerns the same operative nucleus of fact, is of broader scope [than collateral estoppel] and bars issues even if unlitigated").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief. *See id.* at 679.

III. DISCUSSION

"Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action." *Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009) (citing *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994)); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d at 16. When analyzing the preclusive effect of a prior adjudication by a Massachusetts state court, a federal court will apply the Massachusetts law of res judicata. *See Atwater v. Chester*, 730 F.3d 58, 63 n.3 (1st Cir. 2013); *Kucharski v. Tribeca Lending Corp.*, 620 F. Supp. 2d 147, 150 (D. Mass. 2009). "Massachusetts res judicata law makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." *Atwater*, 730 F.3d at 63 n.3 (citations and internal quotation marks omitted). In Massachusetts, res judicata requires three elements: "'(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'" *Andrew Robinson Int'l v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008) (quoting *Kobrin v. Board of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005)).

4

In his state court action, Jones sued Bank of New York, challenging the foreclosure sale of his home on the theory that the assignment of his mortgage to Bank of New York was invalid, rendering the foreclosure improper. *See Jones*, NOCV2009-00471, at 4-5. The Superior Court granted summary judgment for the Bank of New York, concluding that Jones's argument failed as a matter of law. *See id.* at 5. That judgment was affirmed on appeal. *See Jones*, 2013 WL 6331595, at *2.

The first element of res judicata is "'the identity or privity of the parties to the present and prior actions.'" *Andrew Robinson Int'l*, 547 F.3d at 52 (quoting *Kobrin*, 832 N.E.2d at 634). BANA, as the mortgage servicer, is Bank of New York's agent with regard to the mortgage at issue. *See Kogut v. Mortgage Elec. Registration Sys. Inc.*, 2014 WL 61345, at *2 (D. Mass. 2014) ("The law is clear that a mortgage servicer acts as the agent of the mortgagee to effect collection of mortgage payments"). "'[W]here one party acts for or stands in the place of another in relation to a particular subject matter, those parties are in privity' for purposes of preclusion." *Id.* (quoting *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006)). In fact, courts have held that "'it will be a rare case in which [a mortgagee and mortgage servicer] are not perfectly identical with respect to successive suits arising out of a single mortgage transaction.'" *Id.* (quoting *R.G. Fin. Corp.*, 446 F.3d at 187). In this case, BANA is in privity with Bank of New York with respect to lawsuits arising out of the mortgage transaction. On these facts, the first element of res judicata is met.

The second element of res judicata concerns the "'identity of the cause of action.'" *See Andrew Robinson Int'l*, 547 F.3d at 52 (quoting *Kobrin*, 832 N.E.2d at 634). The proper inquiry for this element is whether "both sets of claims—those asserted in the earlier action and those

5

asserted in the subsequent action—derive from a common nucleus of operative facts." *Haag*, 589 F.3d at 46 (internal quotation marks and citations omitted); *accord Kogut*, 2014 WL 61345, at *2; *Kucharski*, 620 F. Supp. 2d at 150-51; *Lynch v. Board of State Examiners of Electricians*, 218 F. Supp. 2d 3, 8 (D. Mass. 2002). "Put another way, 'as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical.'" *Haag*, 589 F.3d at 46 (quoting *Kale v. Combined Ins. Co.*, 924 F.2d 1161, 1166 (1st Cir. 1991)). This means that "Massachusetts courts bar the relitigation of any claims which the plaintiff had the full and fair opportunity to litigate in a prior action," even if he did not actually raise them. *Kucharski*, 620 F. Supp. 2d at 151; *accord Lynch*, 218 F. Supp. 2d at 7-8.

In his amended complaint, Plaintiff bases his claims, in part, on the premise that Bank of New York lacked the authority to foreclose, and that the debt he allegedly owed BANA was "nonexistent." (*See, e.g.*, #78-1 at 12, 15, 28.) His entire claim under the FCRA is based on the premise that the foreclosure was invalid. These claims stem from the same nucleus of operative facts that gave rise to his state court complaint—namely, the validity of the assignment of the mortgage to Bank of New York and the validity of the foreclosure. For that reason, to the extent that Plaintiff's claims against BANA are based on Bank of New York's right to enforce the mortgage and the validity of the foreclosure, the second element of res judicata is satisfied.

Finally, the state court's decision on the merits of the claim, which was affirmed on appeal, satisfies the requirement for a final judgment on the merits. *See Mani v. United Bank*, 949 N.E.2d 948, at *2 & n.6 (Mass. App. Ct. 2011).

In summary, all elements for res judicata have been met for Plaintiff's FCRA claim, and also for his other claims against BANA to the extent that they rely on the purported invalidity of the assignment foreclosure. These claims are thus precluded.

For the remainder of Plaintiff's claims, BANA points to the first federal court action. Where a prior adjudication takes place in federal court, a court applies the federal law of res judicata. *See In re Colonial Mortg. Bankers Corp.*, 324 F.3d at 16 (citing *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 37 (1st Cir. 1998)). The three elements of res judicata under federal law are essentially identical to those required under Massachusetts law: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994); *accord In re Colonial Mortg. Bankers Corp.*, 324 F.3d at 16.

In his first federal action, Plaintiff sued Bank of New York and BANA, among others, challenging the assignment of the mortgage, the foreclosure sale, and debt collection practices. *See Jones*, No. 12-cv-11503-RWZ, at #5 (Amended Complaint). The District Court dismissed Jones's federal claims under theories of collateral estoppel, failure to state a claim, time bar, and lack of jurisdiction. *See Jones*, 2013 WL 3728382, at *3-7. Plaintiff's appeal of this decision to the First Circuit remains pending.

As with the state court action, the current action and the federal action have common parties. In fact, BANA was a named party in the federal action, and so its identity as a party is not based solely on agency principles. Also, there was a final judgment on the merits on Plaintiff's federal claims in the first federal court case. Although Jones has appealed the

7

previous decision to the First Circuit, the district court's order dismissing the case is nevertheless a final decision on the merits for purposes of res judicata. *See Washington v. State Street Bank & Trust Co.*, 14 Fed. Appx. 12, 16 (1st Cir. 2001); *Hutchins v. Zoll Med. Corp.*, 2007 WL 4986249, at *1 (D. Mass. 2007); *see also AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 32 & n.2 (1st Cir. 2005). As a result, two of the elements of res judicata have been met.

"In considering whether the causes of action in two suits are sufficiently related to support claim preclusion, [courts] apply a 'transactional approach.'" *Silva v. City of New Bedford*, 660 F.3d 76, 79 (1st Cir. 2011) (citing *Massachusetts Sch. of Law at Andover, Inc.*, 142 F.3d at 38). This approach "does not focus on the labels or sources for the plaintiff's causes of action but instead considers whether the underlying factual bases for the causes 'are related in time, space, origin or motivation.'" *Id.* (quoting *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 15 (1st Cir. 2010)). "In other words, we will find the required relationship if both sets of claims–those asserted in the earlier action and those asserted in the subsequent action–derive from a common nucleus of operative facts." *Id.* (internal quotation marks and citations omitted).

In his first federal case, Plaintiff brought causes of action against Bank of New York and BANA under the FDCPA, the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and state unfair or deceptive practices laws, as well as a claim against BANA alone for violations of the FCRA. *See Jones*, No. 12-cv-11503-RWZ, at #5, 45-63. The District Court found that, to the extent that Plaintiff's FDCPA claim was based on the validity of the assignment and the foreclosure, it was precluded under the doctrine of collateral estoppel because of the state court judgment. *See Jones*, 2013 WL 3728382, at *3. The Court also dismissed Plaintiff's remaining allegations under the FDCPA, as well as his claims under

8

RESPA, the TILA, and the FCRA, with prejudice, for failure to state a claim. *See id*. at *3-7. Plaintiff's claims in the present action concern BANA's debt collection practices, as did his prior claims under the FDCPA and RESPA. As a result, the claims arise out of a "common nucleus of operative facts," meeting the third element of res judicata. *See Silva*, 660 F.3d at 79.

In sum, Plaintiff's claims against BANA are barred under the doctrine of res judicata. For that reason, the Court recommends that BANA's motion to dismiss be allowed, and that Plaintiff's claims against BANA be dismissed.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court RECOMMENDS that Defendant BANA's motion to dismiss (#96) be ALLOWED, and that Plaintiff's claims against it be DISMISSED.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge

June 2, 2015