UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10218-GAO

PAUL JONES,
Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC. et al.,
Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION
July 22, 2015

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the plaintiff's motion to voluntarily dismiss defendant Dynamic Recovery Service Inc. be granted (dkt. no. 121). Because the plaintiff subsequently moved for a default judgment against Dynamic Recovery Service, I requested that he clarify his intentions with respect to that defendant.

In light of the plaintiff's motion to strike his motion for a default judgment against Dynamic Recovery Service, and having reviewed the relevant pleadings and submissions, I approve and ADOPT the magistrate judge's recommendation in its entirety.

Accordingly, the plaintiff's Motion to Dismiss Dynamic Recovery Service Inc. (dkt. no. 107) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,
Plaintiff,

v.   CIVIL ACTION NO. 14-10218-GAO

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*,
Defendants.

## REPORT AND RECOMMENDATION
## ON MOTION TO DISMISS DYNAMIC RECOVERY SERVICE INC. (#107)

KELLEY, U.S.M.J.

Pending before the Court is Plaintiff's motion to voluntarily dismiss Defendant Dynamic Recovery Service Inc. due to lack of service of process. Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff generally may dismiss an action against a defendant by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i); *accord Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 19 (1st Cir. 1985). Dynamic Recovery Service Inc. has not filed an answer or dispositive motion, or otherwise appeared in this action. Given these circumstances, the Court RECOMMENDS that Plaintiff's Motion to Dismiss Dynamic Recovery Service Inc. (#107) be ALLOWED.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the

recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s / M. Page Kelley
M. Page Kelley
March 27, 2015    United States Magistrate Judge

2