UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,
    Plaintiff,

v.                                                CIVIL ACTION NO. 14-10218-GAO

EXPERIAN INFORMATION
SOLUTIONS, INC., *et al.*,
    Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED VERIFIED PLEADING (#187)**

On January 28, 2014, Plaintiff Paul Jones filed this lawsuit against a number of defendants, alleging violations of fair debt collection and credit reporting laws. On November 13, 2014, this Court granted Plaintiff leave to amend his complaint "to flesh out some of his remaining claims." (#90 at 1.) Plaintiff sought leave to amend his complaint for a second time to attach two exhibits. (#118.) That motion was denied on grounds that it was unnecessary and not in the interests of justice. (#130.) Plaintiff now seeks to amend yet again, to add several new defendants and claims. (#187.) The sole remaining defendant in the case, Revenue Assistance Corporation d/b/a/ SalesLoft ("Revenue Assistance"), has opposed. (#189.) For the reasons below, this motion is DENIED.

Many of the claims in Plaintiff's First Amended Complaint (#78-1) have been dismissed. The remaining claims, against Revenue Assistance, are: violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (count I); violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (counts II and III); and violations of Massachusetts Debt Collection Regulations, 940 C.M.R. 7.00 (count IV). In the proposed Second Amended

Complaint, Plaintiff seeks to add five additional defendants; two new counts under the Massachusetts Telemarketing Solicitation Act ("MTSA"), Mass. Gen. Laws c. 159C *et seq.*, and the Massachusetts consumer protection statute, Mass. Gen. Laws 93A *et seq.*; drop his jury trial demand; withdraw counts I (FDCPA) and IV (regulations); and seek injunctive relief against all defendants. (#187-1.) Revenue Assistance opposes, on grounds that Plaintiff's amendments are futile, that the proposed Complaint fails to comply with Fed. R. Civ. P. 8, and that injunctive relief is a remedy and not an independent claim. (#189 at 2-3.) I agree that the proposed amendments are futile, and deny Plaintiff's motion for leave to amend.

### I. <u>Legal Standard</u>

Leave to amend a complaint should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2); *accord Edlow v. RBW, LLC*, 688 F.3d 26, 39 (1st Cir. 2012). However, courts have discretion to deny leave under "appropriate circumstances," such as "undue delay, bad faith, futility, and the absence of due diligence on the movant's part." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); *see Edlow*, 688 F.3d at 39; *United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009). In determining futility, the court applies the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). This "highly deferential" standard of review "does not mean, however, that a court must (or

should) accept every allegation made by the complainant, no matter how conclusory or generalized." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

## II. Discussion

### A. Additional Defendants

In his motion, Jones states that he "has discovered through discovery that there are other defendants that need to be added to the complaint." (#187 at ¶ 4.) However, his proposed pleading fails to state any actionable claims against the newly named defendants.

Plaintiff points at Revenue Assistance's CEO John J. Sheehan and VP/COO Michael Sheehan. (#187-1 at ¶¶ 3, 4.) In general, bad acts of a corporation do not automatically extend jurisdiction or liability to its officers. *See, e.g.*, *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F. Supp. 1106 (D. Mass. 1983). To ensnare a corporate officer, there must be some showing that he or she has personally participated in, and benefited from, an illegal act. *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 907 (1st Cir. 1980) (citing *Lahr v. Adell Chemical Co.*, 300 F.2d 256, 260 (1st Cir. 1962)). Here, Plaintiff has not alleged any facts, other than the defendants' names and job titles, to show that these defendants could be subject to jurisdiction of this Court or that they should be held personally liable for anything they did in their professional capacity for Revenue Assistance. In many allegations, Plaintiff lumps all the defendants together as a unitary force. He does not describe any actions of "Michael" or "John" outside the scope of

their corporate capacities. Therefore, the proposed Complaint fails to make out any viable claims against Michael or John Sheehan.

The proposed Complaint also lacks necessary information about the three additional defendants, Direct Energy Services, LLC ("DES"), Direct Energy Business, LLC ("DEB"), and Direct Energy Marketing, LLC ("DEM"). It states that these three companies share a business address in Houston, Texas and a resident agent in Boston. (#187-1 at ¶¶ 5, 6, 7.) However, it does not allege the citizenship of each of its constituent members, as would be required for the Court to determine diversity jurisdiction. *See, e.g., Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006); *One Commc'ns Corp. v. Sprint Nextel Corp.*, 495 F. Supp. 2d 219, 224 (D. Mass. 2007). "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *In re iBasis, Inc. Derivative Litigation*, 551 F. Supp. 2d 122, 125 (1st Cir. 2008) (denying motion to amend where addition of defendants of "unknown citizenship" made it impossible for trial judge to assess diversity jurisdiction, and quoting *Rockwell Int'l Corp. v. U.S.*, 127 S.Ct. 1397, 1409 (2007)). The complaint cannot support diversity jurisdiction against these defendants.

Beyond jurisdiction, the complaint is devoid of separate allegations against DES, DEB, and DEM, or any explanation of how these organizations might act in concert with Revenue Assistance. Plaintiff does not describe their connection beyond the following: "Defendants Revenue, Michael, John, DES, DEB and DEM are each separately liable for the conduct alleged herein... Defendants Revenue, Michael, John, and DEM hires the personnel to make the robocalls on behalf [of] DES, DEB and directs the dialing of these calls... Alternatively Defendants DES, DEB and DEM is liable as an alter ego of Defendant Revenue... Defendants

DES, DEB is part of a single business enterprise with DEM." (#187-1 at ¶¶ 70-73.) These broad assertions do not support claims against these three companies.

### B. Claims under Mass. Gen. Laws c. 159C *et seq.*

Plaintiff's factual allegations do not constitute a claim under the Massachusetts telemarketing solicitation statute. The MTSA prohibits unsolicited telephone sales calls to consumers whose telephone numbers appear on a "do-not-call" list. Mass. Gen. Laws c. 159C, § 3. A consumer is defined as "an *individual* who is a resident of the commonwealth and a prospective recipient of consumer goods or services." Mass. Gen. Laws c. 159C, § 1 (emphasis added). The do-not-call list is maintained by the Commonwealth, and incorporates the relevant part of the Federal Communications Commission's national database. (Mass. Gen. Laws c. 159C, §§ 2, 7.) Plaintiff alleges that he received calls at six phone numbers over a period of months or years. (#187-1 at ¶ 49, #189 at 4.) As Revenue Assistance notes, the telephone numbers at which Plaintiff received calls are registered to businesses, not to individuals. (#189 at 4.) Additionally, Plaintiff states that two of the numbers were only registered on the federal do-not-call list as of August 7, 2014 and September 28, 2015, long after the offending calls were received. (#187-1 at ¶¶ 86-88.) Because Plaintiff has failed to allege that he received unsolicited calls on any number that, at the time of the calls, was both registered to an individual *and* on the state or federal do-not-call list, his claims fail.

### C. Claims under Mass. Gen. Laws c. 93A *et seq.*

Massachusetts' consumer protection statute prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," and grants a cause of action to a person injured by such acts or practices. Mass. Gen. Laws c. 93A, §§ 2, 9. "A successful claim requires a showing of 1) a deceptive act or practice on the part of the defendant, 2) an injury or loss

suffered by the plaintiff and 3) a causal connection between the defendant's deceptive act or practice and the plaintiff's injury." *Gorbey ex rel. Maddox v. Am. Journal of Obstetrics & Gynecology*, 849 F. Supp. 2d 162, 165 (D. Mass. 2012), *aff'd sub nom. A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77 (1st Cir. 2013) (citing *Tyler v. Michaels Stores, Inc.*, 840 F. Supp. 2d 438, 447-48 (D. Mass. Jan. 6, 2012)). "In order to prevail on a claim under ch. 93A, 'a plaintiff must establish both that an unfair or deceptive act or practice has been committed *and* that the commission of that act or practice has caused him an injury. The plaintiff must show that there was a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception.'" *Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 54 (D. Mass. 2004) (quoting *Lord v. Commercial Union Ins. Co.*, 60 Mass. App. Ct. 309, 317, *review denied*, 441 Mass. 1104 (2004) (emphasis in original)).

      Plaintiff tries to hook his 93A claims on alleged violations of the TCPA and MTSA. While statutory violations can provide evidentiary support for a 93A claim, "the case law is clear that a statutory violation is not a *per se* violation of ch. 93A." *Swenson*, 317 F. Supp. 2d at 55 (citing *Darviris v. Petros*, 59 Mass. App. Ct. 323, 330-31 (2003)). As described above, the MTSA claim fails. And the TCPA claims, even assuming they have merit, do not establish fault. "'The TCPA is essentially a strict liability statute' and 'does not require any intent for liability except when awarding treble damages.'" *Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 223 (D. Mass. 2014) (quoting *Alea London Ltd. v. Am. Home Servs.*, Inc., 638 F.3d 768, 776 (11th Cir.2011)). Violating the TCPA only requires proof that Defendants made calls to a cellular telephone using a predictive dialer. It does not involve any element of unfairness or deception.    Setting aside the statutory violations, the proposed Complaint does not contain factual support for a 93A claim. Even accepting all of Plaintiff's allegations as true, it does not

appear that Defendant's conduct was sufficiently outrageous. The SJC and the federal courts have agreed that "mere negligence" cannot maintain a 93A claim; rather, the defendant must have committed some "extreme or egregious" fault. *See Baker v. Goldman, Sachs & Co.*, 771 F.3d 37, 51 (1st Cir. 2014), *and cases cited therein*. Plaintiff insists that the calls are unfair because they are "harassing and annoying and invades the privacy of Plaintiff and... [causes him] to incur costs for receiving calls," and deceptive because "the calls contain misleading sales pitches, and are made to appear as though they are from... an entity other than the actual business sending out the calls." (#187-1 at ¶ 65.) While these facts show that the calls certainly bothered Plaintiff, they do not support the idea that Defendants committed any extreme or egregious acts.

Finally, Plaintiff's timing is not prompt. This motion was filed over 20 months after the initial complaint, and 10 months after the first amended complaint. *Compare Palmer*, 466 F.3d at 31 (court denied request to amend made 15 months after initiating the action), *and Johnson v. McDonald*, 2014 WL 1117931, *6 (D. Mass. 2014) (same, 14 months after). On August 11, 2015, at a scheduling conference in this matter, this Court ordered "[n]o amendments to pleadings after December 15, without good cause shown." (# 166.) This deadline does not mean that Plaintiff has free rein to make amendments before that date. Instead, it means that on December 15, the standard for granting any requests for amendment will change from "leave freely given" to "good cause." *See U.S. ex rel. D'Agostino v. EV3, Inc.*, 2015 WL 5719707, *3 (1st Cir. 2015).

For the reasons above, and because Plaintiff has already had an opportunity to amend his complaint, the Court finds that justice does not require delaying this litigation further so that Plaintiff can amend a second time. Accordingly, Plaintiff's Motion for Leave to File Second Amended Verified Pleading (# 187) is DENIED.

October 27, 2015

/s / M. Page Kelley
M. Page Kelley
United States Magistrate Judge