UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS     2015 OCT 29  P 2: 11

PAUL JONES

Plaintiff                        Civil Action No. 1:14-cv-10218-GAO

V.

Defendants

REVENUE ASISTANCE CORPORATION AKA REVENUE GROUP et al.


## PLAINTIFFS OPPOSITION TO REVENUE ASSISTANCE'S
## MOTION TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT

### INTRODUCTION

### PLAINTIFFS OPPOSITION

Now comes plaintiff Paul Jones (hereafter Plaintiff) to oppose Defendant, Revenue Assistance

Corporation d/b/a SalesLoft motion to dismiss.


Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff requested permission to amend his

complaint after discovery had commenced, which the scheduling order reflects that the plaintiff

must do before on or about December 15, 2015.


Magistrate M. Kelly Page entered a Rule 16(b) Scheduling Order (doc. 166) providing, in

relevant part, that "Any motion for leave to amend the pleadings or to join other parties ***must be***

***filed on or before Dec 15, 2015.***"


On October 2, 2015, plaintiff filed his Motion for Leave to File Amended Complaint, explaining

that he wished to amend his pleading "to clarify his factual allegations in support of his existing

causes of action pending in this matter." Plaintiff indicated that "[a]s a result of [the] discovery

process it has become apparent that the Plaintiff's claim a Telemarketer cause of action and added new defendants in order to clarify the factual allegations in his pleading defendant Revenue Assistance Corporation opposes the Motion.

To cure all deficiency's plaintiff has dropped Michael Sheehan, John Sheehan and The Direct Energy defendants from the Second Amended Complaint and has a new Second Amended complaint that is only 16 pages long.

The defendant Revenue filed an opposition to plaintiff Second amended complaint which joins additional Defendants who, in concert with the one of the defendants originally named, engaged in deceptive acts or practices contrary to the Telephone Consumer Practice Act (TCPA) , Massachusetts Unfair & Deceptive Trade Practices Act (MGL 93a) and the Massachusetts and the Massachusetts Telemarketing Solicitation Act ("MTSA") G.L. c. 159C, § 1 *et seq.*, most of defendants oppositions is moot at this point, but plaintiff addresses the points that are not moot.

Plaintiff will point out each of defendant's attorney's points in their opposition to plaintiff Second Amended Complaint that has since been cured or there is no evidence of such allegations made by defendant's attorneys.

**The first statement** made by defendants attorneys to oppose plaintiffs Second Amended complaint states "***Defendant, Revenue Assistance Corporation d/b/a SalesLoft, improperly identified herein as Revenue Group ("Revenue Assistance")***", plaintiff is puzzled why the defendant would even state that the Defendant Revenue Assistance Corporation d/b/a Sales Loft was improperly identified, when in fact the defendants own records reflects that Revenue

Assistance Corporation does business under the d/b/a name Revenue Group. There is no evidence in the record that defendants does not operate under the name Revenue Group.

From the start of their opposition the defendants attorneys are trying to miss lead the court and paint a picture that the prose plaintiff does not know what he is doing and does not follow the Federal Rules of Civil Procedure.

The plaintiff points the court to Exhibit 1 page 7 which the Vice President / COO of Revenue Assistance Corporation, Mr. Michael Sheehan under oath submitted a signed affidavit (page 7) stating that Revenue Assistance Corporation assumed name is **Revenue Group**.

Plaintiff also points the court to Exhibit 2 a document from the Ohio Secretary of State submitted by Michael and or John Sheehan, stating to the OHIO Secretary of State that Revenue Assistance Group is known and does business as Revenue Group See Exhibit 2.

This document was submitted by Michael Sheehan vice president or John Sheehan founder of Revenue Assistance Corporation, plaintiff must ask the question when they filed documents to reflect that Revenue Assistance Corporation assumed name is **Revenue Group** with these Government agency's Public Utility's Commission of Texas (hereafter P.U.C) or the Ohio Secretary of State were they miss leading then or now.

**The second point** that defendants make to oppose the plaintiffs Second Amended Complaint states "*The matter has been pending before the Court for approximately two years. However, Plaintiff now seeks to file a Second Amended Complaint adding several new parties and claims.*" There is no evidence in the record that plaintiff has caused delay in this lawsuit at all,

The defendant would like to have the court believe that he is responsible for the delay in the case which is far from the truth.

The plaintiff filed this case on January, 28, 2014 plaintiff served all defendants on or about March 1, 2014 in a timely and orderly fashion according to the Federal Rules of Civil Procedure. Plaintiff would also point the court to this docket and state that plaintiff is not responsible for this case moving forward it is also a fact that Judge George A. OToole, Jr the presiding judge was tied up with the Marathon Bombing trial as well.

**The third point** that the defendants pointed out to oppose plaintiffs Second Amended complaint states *"Plaintiff's Motion to File a Second Amended Complaint should be denied on the grounds that any further amendment of his Complaint is futile, and therefore impermissible as a matter of law". "As a threshold matter, Plaintiff's Second Amended Complaint fails to comply with the "short and plain statement" set forth in Fed. R. Civ. P. 8, and is a classic example of a "shotgun" pleading – listing a host of statutes and claiming that each has been violated by multiple defendants collectively without specifying the liability or actions of each defendant".* Plaintiff has submitted a new Second Amended Complaint which is 16 pages long and meets the *short and plain statement" set forth in Fed. R. Civ. P. 8*, There is no evidence in the record that shows plaintiff current Second Amended Complaint fails to comply with the short and plain statement set forth in Fed.R.Civ. P 8.

Magistrate Judge M. Kelly Page stated on August 11, 2015 at the Scheduling conference that *"No amendments to pleadings after December 15, 2015 without good cause shown"*. Plaintiff is

well within the dead line to amend his complaint to reflect the new defendants and facts discovered during the discovery request.

It is no answer to argue, as Defendants does, that leave to amend is freely granted under Rule 15, Fed.R.Civ.P. To be sure, motions for amendment of pleadings are ordinarily evaluated through the lens of the liberal amendment policy embodied in Rule 15(a)(2) ("The court should freely give leave when justice so requires."). However, the more stringent Rule 16(b)(4) test applies where, the request for amendment postdates the applicable scheduling order deadline. Were the law otherwise, scheduling orders would be trivialized to the point of meaninglessness. See Millenium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation omitted); Smith v. School Bd. of Orange County, 487 F.3d 1361, 1367 (11th Cir. 2007).

Defendants do not argument, nor do they directly address plaintiffs Rule 16(b)(4) grounds for amending his complaint defendants motion should be dismiss.

Plaintiff is proceeding *pro se,* the Court should construe his pleadings liberally. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ("As the Court unanimously held in *Haines v. Kerner,* 404 U.S. 519 [92 S.Ct. 594, 30 L.Ed.2d 652] (1972), a *pro se* complaint, `however inartfully pleaded,' must be held to `less stringent standards than formal pleadings drafted by lawyers'...."); *see also Instituto de Education Universal Corp. v. U.S. Dept. of Ed.,* 209 F.3d 18, 23 (1st Cir.2000) ("The Supreme Court has long held that complaints drafted by non-

lawyers are to be construed with some liberality.") Although "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir.2006), the Court should not dismiss this action at this juncture, on essentially technical grounds, without affording plaintiff some opportunity to replead. *See Instituto de Education Universal Corp.*, 209 F.3d at 23.

**The Forth point** that the defendants pointed out to oppose plaintiffs Second Amended complaint states" **each of the telephone numbers allegedly called by the Defendants is registered to a commercial business entity and not an individual consumer**".

This statement is far from the truth, the defendants attorneys has no Facts or Law on their side so they have to keep trying to mislead the court with smoking mirrors. There is no evidence in the record that plaintiffs 6 telephone numbers are registered to a commercial business what is in the record is plaintiffs Governing contracts from Sprint and Call Source both contracts are registered under a consumer the plaintiff Paul Jones *see Exhibit's 3* (plaintiff Phones Contracts).

The plaintiff simply points the court to his current contract (*Exhibit 3*) from call Source that was in effect since April 10, 2013 and plaintiffs points the court to his Sprint phone bill that has been in effect since on or about January 1, 2014 when defendant started calling plaintiff with their ViCiDialer (ATDS) on November 5, 2013 until February 4, 2014. The attached contract went into effect almost 7 months before plaintiff received the first of 72 unauthorized calls from the defendant Revenue on November 5, 2013 (See Exhibit 4 defendants certified calls to plaintiff). The defendants again attempt to mislead the court by stating facts that are not in the record, hoping that the court will take their word and not look at the record that is on the docket.

Even if plaintiff had a commercial contract which he doesn't the TCPA states that calling a
commercial VoIP line where the person is charged for each and every call like the plaintiff in
this case is a violation of the TCPA, "it is clear that The TCPA specifically prohibits "**mak[ing]
any call** . . . using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number
assigned to a paging service, cellular telephone service, specialized mobile radio service, or other
radio common carrier service, **or any service for which the called party is charged for the
call[.]**" 47 U.S.C.A. § 227(b)(1)(A)(iii) ("call-charged provision")".

In the LYNN v. MONARCH RECOVERY MANAGEMENT case this same issue was resolved
by the appeals court please see the follow authority "We conclude that the call-charged
provision's plain language encompasses Monarch's calls (See LYNN v. MONARCH
RECOVERY MANAGEMENT) , to Lynn. Cf. Osorio v. State Farm Bank, F.S.B., 746 F.3d
1242, 1257-58 (11th Cir. 2014). Indeed, Congress' purpose in enacting the TCPA advises against
Monarch's effort to limit its liability. See Clodfelter v. Republic of Sudan, 720 F.3d 199, 211
(4th Cir. 2013); Broughman, 624 F.3d at 677; see also In the Matter of Rules and Regulations
Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14041, 14092 (2003)
(explaining Congress' intent in enacting call-charged provision)".

The judge noted in Lynn v. Monarch that "the language of the TCPA extends beyond just cell
numbers, and it states that "making any call...using any [ATDS] or an artificial or prerecorded
voice...to any telephone number assigned to a paging service, cellular telephone service,
specialized mobile radio service, or other radio common carrier service, or any service for which
the called party is charged for the call" counts as a call.

This fits the definition of VoIP services that charge for incoming calls, the court reasoned, so Monarch lost the suit. A three-judge appellate panel agreed with this finding, and decided to reject the appeal on filings only, opting to dispense with oral arguments.

Since the opinion is unpublished, it is not binding for precedent in the 1st Circuit. But it sends a clear warning that businesses need to watch VoIP services now if they want to stay on the right side of the TCPA for sure.

Now that plaintiff has pointed out that each of the plaintiffs telephone numbers called by the Defendants is *NOT* registered to a commercial business entity and is registered to an individual consumer (Paul Jones), we now look at the Fifth statement that the defendants attorneys made to miss lead the court.

**The Fifth point** defendants attorneys stated is "*Since the alleged calls were made to a commercial business, they are not actionable under the Massachusetts Telemarketing Solicitation Act G.L. c. 159C, § 1 et seq., (MTSA), which is limited to claims asserted by an individual consumer*".

This point is moot as plaintiff has presented evidence to the court that plaintiffs contracts are under a consumer's name which is the plaintiff Paul Jones see plaintiff contracts and certified singed letter from plaintiffs Carrier stating that the contract is in his name and the details of the April 4, 2013 contract which governs this case Exhibit's 3.

There is no evidence in the record that plaintiff 6 telephone numbers are registered to any commercial business, The defendants attorneys points the court to a listing they got off of the internet which is not certified or considered a reliable commercial telephone listing, anyone can have register plaintiff telephone numbers with these websites that defendants put forth, by going

to the specific website and claiming a listing and stating that they are the owner and register it as a commercial number, the court cannot except these internet listing as accurate, they are not certified See Exhibit's 3 for a copy of plaintiff current contracts that govern this case.

To clarify that the plaintiff governing contract in this case is registered to Paul Jones an individual consumer not a commercial business plaintiff points the court to *Exhibit 3* plaintiff telephone contracts from Sprint and Call Source both phone bills are registered *under Paul Jones not a commercial account as the defendant states.*

**The Sixth point** defendant's attorneys stated is "Plaintiff's TCPA claims against Michael Sheehan and John Sheehan ("the Sheehan Defendants"), the principal officers of Revenue Assistance Corporation, are also futile as a matter of law because they were not directly involved in any alleged wrongdoing. Rather, Plaintiff seeks to impute liability to these individuals solely based upon their role as corporate officers of the Defendant".
Plaintiff had good reason to add the defendants Michael & John Sheehan but has amended the Second Amended Complaint to drop defendants Michael & John Sheehan as defendants this point is moot..

**The Seventh point** defendant's attorneys made to miss lead the court in opposing plaintiffs Second Amended complaint is "*VoIP is not a communication medium that is covered under the provisions of the TCPA*". There is no evidence in the record that states that VoIP is not a communication medium that is covered under the provisions of the TCPA. The defendant either believes the Court and plaintiff are not familiar with the rules & regulations of the TCPA or the

defendants themselves are not familiar with the TCPA, making a statement that calls to a VoIP line is not covered by the TCPA.

The TCPA is very clear regarding calls to VoIP lines especially when the called party is charged for each and every call that comes in as the plaintiff contract points, Plaintiff points the courts to authority that states that calling a VoIP line when the called party is charged for the call is a violation of the TCPA as the Federal Appeals court pointed out in Lynn v. Monarch plaintiff was charged for each call to his VoIP telephone numbers which is contrary to the TCPA..

The judge noted in Lynn v. Monarch that "the language of the TCPA *extends beyond just cell numbers, and it states that "making any call…using any [ATDS] or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service,* specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call" counts as a call.

This fits the definition of VoIP services that charge for incoming calls, the court reasoned, so Monarch lost the suit. A three-judge appellate panel agreed with this finding, and decided to reject the appeal on filings only, opting to dispense with oral arguments.

Since the opinion is unpublished, it is not binding for precedent in the 1st Circuit. But it sends a clear warning that businesses need to watch VoIP services now if they want to stay on the right side of the TCPA for sure.

**The Eighth point** defendant's attorneys made to miss lead the court in opposing plaintiffs Second Amended complaint is "Plaintiff's Chapter 93A is derivative of his TCPA and MTSA claims, but, since those claims are not actionable, his Chapter 93A claim is similarly

unsustainable". This issue is moot as plaintiff has struck the Second Amended complaint and is replacing it.

Plaintiff points the court to the First & Second Amended complaint, and the amended Second Amended complaint as of Oct 29, 2015 states he is charged for the call, Defendants used an Automatic Telephone Dialing System, Defendants used plaintiff contract minute without his conset, defendants called plaintiff when his was registered on the Federal Trade Commissions Do Not call Registy, Defendants violated the Massachusetts Telemarketers Sales Act, which is a violation of the MGL 93a Unfair & Deceptive Trade Act, plaintiff does not as defendants states relies on his Chapter 93A derivative of his TCPA & MTSA claims alone there is a host of things that violated the MGL 93a other than the TCPA & MTSA MGL 159 that plaintiff relys on in his original and amended pleadings See Exihbits .

Plaintiff also rely on defendants violation of the Do not call rule of MTSA which is a violation of the MGL 93a, plaintiff also stated in his mgl 93a claims that the making of the call itself is a violation of the MGL 93a because all of plaintiffs telephone number have been registered with the FTC Do Not call list starting in August 6, 2003 See Exhibits 5 confirmation of plaintiffs telephone numbers registered with the FTC Do Not Call registry.

Defendants attorneys do not mention that plaintiff also relies on the violation of the do not call list, the making of the call itself, and that plaintiff was charged for each call, which is a standalone violations that plaintiff relies on.

The defendants also miss leads the court in their statement "A similar claim involving the instant Plaintiff wherein the Court denied Plaintiff's Motion to Amend on grounds of futility. Paul Jones v FMA)

As the defendants are aware this cases had been settled by the plaintiff Paul Jones and the defendant FMA (Same attorneys in this case) put in a dismissal and 3 weeks before the judge realized the case had been dismissed, later a ruling came down that the courts later dismissed the ruling and amended the docket that the court had made a mistake by ruling on a case that had been dismissed for 3 weeks.

The defendant's attorney in this case was the same attorney of record on that case and they are familiar with the docket for the FMA case they are trying to miss lead the court because they don't have Facts or Law on their side in this matter.

The defendant's attorney also states that "Plaintiff in the underlying matter is a serial filer in the United States District Court for the District of Massachusetts". But fails to point the court to one instant where plaintiff.

**Facts:**

This motion filed by the defendants in this case is totally unfounded as to reason and has no basis in fact whatsoever. Defendant Revenue and/or their attorneys have made scurrilous allegations that the plaintiff is a serial filer with absolutely no factual basis upon which the allegation could possibly rest. **There is not one factual statement or argument by the defendants that the plaintiff has no probability of prevailing in this litigation, and there is absolutely no showing by the defendants that they will be prejudiced by the prose plaintiffs proposed amendments to the complaint at this juncture of the case, the plaintiff is within the dead line of Magistrates Judge M. Kelly pagers orders at the Scheduling conference when she stated that no amendments shall be considered after December 15, 2015.** Federal Rule of

Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party **(1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in futility, or (4) creates undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011)**

The defendants have not shown one spec of evidence that will show that they would be **(1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in futility, or (4) creates undue delay." This motion should be respectfully dismissed and plaintiff motion to Amend should be given.**

The motion brought by the defendants and their attorneys are nothing more than a very blatant attempt to intimidate and coerce the plaintiff into dismissing his well-founded and exhibited Complaint and constitutes an abuse of judicial procedure and is a waste of the courts valuable time and resources to hear the motion.

Defendants motions attempts to make much of nothing in that it alleges facts that are plainly in error and makes unfounded and derogatory allegations without merits which fall wholly outside any issue brought forth in plaintiffs Original and Second Amended Complaint.

Defendant states "***Defendant, Revenue Assistance Corporation d/b/a SalesLoft, improperly identified herein as Revenue Group ("Revenue Assistance")*** but their own affidavit, Website, Ohio Secretary of State's office points to the fact that Revenue Assistance Corporation is known as Revenue Group and does business as Revenue Group see Exhibit's .

The defendants also make the allegation that plaintiffs has caused this case to linger in the courts for over two years,) "***The matter has been pending before the Court for approximately two years. However, Plaintiff now seeks to file a Second Amended Complaint adding several new parties and claims.***") Which is just plainly false. The judge in this matter was dealing with the very high profile case the Marathon Bombing and plaintiff believes the case was given precedence which it should have.


The defendant's attorneys also state that somehow the plaintiffs Second Amended complaints is impermissible when in fact they are aware that plaintiff has until December 15, 2015 to amend his pleadings if he finds new information through discovery which was stated by Magistrate Judge M. Page Kelly.


The defendants boldly suggest that "**each of the telephone numbers allegedly called by the Defendants is registered to a commercial business entity and not an individual consumer**". When in fact the defendants attorneys have in their position a governing copy of plaintiffs Telephone Contract, the defendants try's to confuse the court by pointing to a contract that plaintiff had in 2012 under his tobacco company, the defendant know that the Paugatti Tobacco contract is not the governing contract. The defendant's try's to paint the picture that the prose

plaintiff is a serial filer that does not follow the Federal Rules of Civil procedure and waist the courts time.

The defendant's statements and allegations are false, misleading and irrelevant in this instant case before the court.

It would seem the defendants attorneys believe that anyone that who would do anything to suggest that a person should study to be able to mount any defense to a Debt Collector or Telemarketer actions should somehow be vilified, stifled, suppressed, silenced or worst, and their activity's should not be permitted. **It appears they have a How Dare prose plaintiff study, learn and strategize to defend to what we do" mentality.**

Defendants Exhibit's screen shot of internet yellow pages and other internet listings that the plaintiff is unfamiliar with, the idea that defendants counsel would even mention these unreliable listings somehow make the plaintiffs a litigant that waist the courts time are scurrilous, unfounded, cast aspersions upon him, holds him up to a false light and is defamation of plaintiffs character.

Any statements of fact by Paul Jones the prose plaintiff as to what he has done or is doing in litigation do not in any way create any inference or factual bases that he is improperly wasting the courts time with any of his prior litigation unless the defendants attorneys state in some manner that the prose plaintiffs litigation or motions were or should be brought for any improper purpose or for harassment which is absolutely not the case in any of plaintiffs prior litigation, Defendants have not presented one shred of evidence to the contrary that this is the case.

The defendants or their attorneys have not produced one shred of evidence or makes even one specific allegation that the prose plaintiff Paul Jones have been found to brought a frivolous

action  in any court nor has it presented any evidence whatsoever that any of plaintiffs complaints have been dismissed for any reason other than by his own request. Factually plaintiff has never had any case dismissed other than Paul Jones V FMA in which the court admitted that they made a mistake and corrected the docket and by plaintiffs own request or by stipulation with the other party to the litigation as a result of settlement.

There has been only two adverse ruling by any court against plaintiff Paul Jones and that was where the ruling was dismissed on a Judgement on the pleadings and a 12(b)(6) which is currently under appeal in the First Circuit Court of Appeals.

Defendant states "the principal officers of Revenue Assistance Corporation, are also futile as a matter of law because they were not directly involved in any alleged wrongdoing.
Plaintiff states that Michael Sheehan is directly involved with the registering of the Automatic Telephone Dialing System that called plaintiff over 72 times without his permission and when his telephone number was registered on the Do Not call list .Defendants John & Michael Sheehan is involved in the day to day operations of the call center and both have applied and submitted an application with the Public Utilities Commission of Texas to register two Automatic Dialing Announcement Devices that were used to call the plaintiff Paul Jones over seventy two times but this issue is moot plaintiff has removed by party's from the lawsuit. October 2, 2015 the defendants Direct Energy with the new Second Amended complaint on October 5, 2015 (See Exhibit 7 USPS confirmation of delivery) and the prior defendants Direct Energy is still calling plaintiff as of yesterday October 28, 2015 they refuse to abide by the rules and regulations of the TCPA.

The Defendants have refused to stop calling the plaintiff with an Automatic Dialing System even after plaintiff commenced the lawsuit almost two years ago and just served all the defendants with a new Second Amended complaint, the defendants have called the plaintiff on October 22, 2015 at 10: 26 am See Exhibit 6 from telephone number 781-884-0687 to plaintiff telephone numbers 978-425-6336 & 781-344-3456, plaintiffs telephone number has been registered since February 10, 2007 and August 3, 2003 See Exhibit 5.

**10/22/2015 Thursday 10:26 am Paul Jones 0:00:26 to 781-344-3456   from 781-884-0687**

**10/26/2015 Monday    1:38 pm Paul Jones 0:00:26 to 978-425-6336       from 781-884-0687**

**10/28/15 Wednesday 10:51 am Paul Jones 0:00:26 to 617-247-0800 from 781-884-0687**

**Direct Energy has now started calling another one of plaintiff's telephone numbers 617-247-0800.**

It seems that the defendant's attorneys does not have a fundamental understanding of what the bases is a scheduling order. Magistrate Judge M. K Page Kelly stated that all Amendments shall be done before December 15, 2015. See, e.g., Rogers v. Hartford Life and Acc. Ins. Co., 2012 WL 2395194, *1 n.3 (S.D. Ala. June 22, 2012) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril ... Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.") (citation omitted); Will-Burn Recording & Pub. Co. v. Universal Music Group Records, 2009 WL 1118944, *2 n.5 (S.D. Ala. Apr. 27, 2009) ("Particularly where a nonmovant objects to a proposed amendment as untimely under the applicable scheduling order.

For a prose litigant to be considered a vexatious litigant of a serial filer by the courts or in the alternative it or its counsel (attorneys) has brought its motion for an improper purpose and in an unconscionable attempt to intimidate, coerce and harass Paul Jones as a prose plaintiff.

## DISCUSSION

Requests to amend a complaint are typically evaluated under Rule 15, which provides that [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. - 8 - Fed. R. Civ. P. 15(a)(1). Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court. See id. 15(a)(2). The rule cautions, however, that the court should "freely give" leave to amend where the interests of justice so require. At a certain point, this amendment-friendly regime may cease to govern. Rule 16 directs a district court to issue a scheduling order charting the anticipated course of the litigation. See id. 16(b)(1). One customary element of such an order is a deadline for amending the pleadings. See id. 16(b)(3)(A). Such a deadline, like other deadlines contained in a scheduling order, may be modified only upon a showing of "good cause." Id. 16(b)(4). Thus, when a litigant seeks leave to amend after the expiration of a deadline set in a scheduling order, Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard. See, e.g., Cruz v. Bristol-Myers Squibb Co., P.R., Inc., 699 F.3d 563, 569 (1st Cir. 2012); TransSpec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008).

The court should first looks to Rule 16(b)'s "good cause" standard. The court will find good cause because plaintiffs have consistently pursued the TCPA claim and diligently sought leave to

amend upon discovering the additional facts. In September 2015, plaintiff received the following documents among others in response to a production request: 72 voice mails of calls to plaintiff from defendant Revenue Assistance Corporation and Softloft, Manuals for the defendants a ViCiDialer that placed the 72 unauthorized calls to plaintiff, admission that the ViciDialer is a Predictive Dialer which the FCC and Massachusetts Federal District Court has ruled to be an ATDS, Defendants Revenue Call Logs to plaintiff these documents became available to plaintiffs on Saturday September 24, 2015,.Plaintiffs filed the instant motion on October 2, 2015, 9 days after he received the documents through discovery. Plaintiffs pursued leave diligently. See Wynes v. Kaiser Permanente Hospitals, No. 2:10-CV-00702-MCE, 2012 WL 2339245, at *1 (E.D. Cal. June 19, 2012) (finding diligence where documents were produced on Saturday September 24, 2015  and plaintiff sought leave to amend in light of those documents 9 days later). Plaintiff has satisfied Rule 16, the plaintiff now moves to the Rule 15 factors: **prejudice, bad faith, futility, and undue delay**. Defendants address only futility in their opposition. See defendants Opp'n . There is no argument that plaintiffs move in bad faith or with undue delay, or that the new allegations prejudice defendants. Plaintiff ask the courts to note "it is the consideration of prejudice to the opposing party that carries the greatest weight." See DCD Programs, 833 F.2d at 185. Here, the allegations are a clear attempt to abide by the Magistrate Judge Scheduling Order providing, in relevant part, that "Any motion for leave to amend the pleadings or to join other parties must be filed on or before Dec 15, 2015." (Doc. 166,) On Oct 2, 2015 plaintiff filed his Motion for Leave to File Second Amended Complaint, explaining that he wished to amend his pleading "to clarify his factual allegations and to add new party's pending in this matter." Plaintiff indicated that "[a]s a result of [the] discovery process it has become apparent that the defendants are Telemarketers because when they called plaintiff they pretended

to be calling regarding plaintiff Nation grid account (see Exhibit 12 Second amended complaint Revenue recordings) which arises from documents in defendants' possession, discovery remains open, and the deadline for dispositive motions is in April 1, 2016. Leave to amend would not unfairly prejudice defendants. Defendants argue the allegations as pleaded in the second amended complaint do not cure the deficiencies and are therefore futile. "A district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller, 845 F.2d at 2142 ; Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). plaintiffs plead facts supporting evidence of violations of the TCPA, MGL 93a and the Massachusetts Telemarketing Solicitation Act ("MTSA") G.L. c. 159C, § 1 *et seq.*, Plaintiffs telephone contracts are under his personal name the calls where to a consumer not a business to business and plaintiff was clearly charged for each call.

Plaintiffs' allegations support inference that defendants called his personal telephone numbers without express permission, as of October 16, 2014 ALL Telemarketers have to have Express Written Consent to Unambiguous written consent required before telemarketing call or text message which defendants don't have (**FCC 12-21 2012 Ruling** *"we require prior express written consent for all telephone calls using an automatic telephone dialing system or a prerecorded voice to deliver a telemarketing message to wireless numbers and residential lines")*.

Plaintiffs' claims are therefore legally sufficient and amendment would not be futile. Because defendants only address futility in their opposition and the court should find leave to amend would not be futile, defendants have not met their burden. See DCD Programs, Ltd., 833 F.2d at 187. IV.

## CONCLUSION

Plaintiffs' respectfully request that the courts find his motion for leave to amend be granted, if for some reason the court disagree with the plaintiff, the courts should allow the plaintiff to amend his complaint to correct the deficiencies and refile it by the amendment dead line that is in the Scheduling order of December 15, 2015 and for discovery to continue on as defendant & Plaintiff are in the middle of discovery.