UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10218-GAO

PAUL JONES,
Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, et al.,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
July 19, 2016

O'TOOLE, D.J.

In April 2016, the magistrate judge to whom this matter was referred filed a report and recommendation with respect to a motion for judgment on the pleadings filed by the last remaining defendant in the case, Revenue Assistance Corporation. The plaintiff, Paul Jones, timely objected to the report and recommendation. However, he makes merely a broad and general contention, stating that he "objects to the Magistrate Recommendation . . . in its entirety except for dismissal of COUNT IV . . . ."[1] (Pl.'s Opp'n to the Magistrate's Recommendation on Def.'s Mot. for J. on the Pleadings 1 (dkt. no. 229).) Such an objection does not comply with Rule 72(b) of the Federal Rules of Civil Procedure, which requires a party to raise "specific written objections to the proposed findings and recommendations." See Fed. R. Civ. P. 72(b); see also Velez-Padro v. Thermo King de P.R., Inc., 465 F.3d 31, 32 (1st Cir. 2006) (noting that "[c]onclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)" (citations omitted)).

---

[1] The only issue addressed with any specificity is a case citation by the magistrate judge. However, the magistrate judge cited the particular case in support of her dismissal of Count IV, a conclusion with which the plaintiff explicitly agrees.

Nevertheless, I have reviewed the relevant pleadings and submissions, and I agree with the magistrate judge's legal conclusions.

Accordingly, I OVERRULE the plaintiff's objection and ADOPT the recommendation of the magistrate judge. The defendant's motion for judgment on the pleadings is GRANTED in part and DENIED in part. The case shall proceed only as to Count II alleging a violation of 47 U.S.C. § 227(b)(1)(A)(iii).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,
    Plaintiff,

v.                                                      CIVIL ACTION NO. 14-10218-GAO

REVENUE ASSISTANCE
CORPORATION, et al.,
    Defendants.


REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS (#198).

KELLEY, U.S.M.J.

## I. INTRODUCTION

Pro se plaintiff Paul Jones filed his original complaint against several defendants on January

25, 2014, alleging a variety of illegal debt collection practices. (#1.) Jones was granted leave to

amend his complaint; his first amended complaint was filed on April 28, 2014. (#78-1.) In the time

since, his motions for leave further to amend his complaint were denied. (##130, 190.) At this point

the moving defendant, Revenue Assistance Corporation d/b/a SalesLoft[1] ("Revenue Assistance"),

is the sole defendant remaining in the case.

Now before the Court is Revenue Assistance's motion for judgment on the pleadings as to

Count I, violation of the Fair Debt Collection Practices Act ("FDCPA"); Counts II and III, violations

---

[1]

This defendant was improperly named as Revenue Group in the first amended complaint. (#199 at

1.)

of the Telephone Consumer Protection Act ("TCPA"); and Count IV, violation of the Massachusetts Fair Debt Collection Practices Act ("MFDCPA"). For the reasons discussed below, the Court recommends that Revenue Assistance's motion for judgment on the pleadings be allowed in part and denied in part.

## II. FACTS

The following facts are as alleged in the amended complaint. Revenue Assistance is a third party debt collector. (#78-1 ¶ 5.) Jones never gave any of the original defendants permission to telephone his wireless telephone numbers. *Id.* ¶ 66. Jones asserts that a group of the original defendants called him a number of times to collect a debt either from him or from an unknown party. *Id.* ¶¶ 41, 42, 70. He alleges that Revenue Assistance called his wireless telephone numbers on at least two occasions in an effort to collect either a non-existent debt from him or a debt incurred by an unknown third party. *Id.* ¶¶ 59-60.[2] Jones further alleges that some of the calls he received from defendants, as a group, were characterized by either a ten second pause or a two to three second pause before any communication from the caller. *Id.* ¶¶ 54, 61. Plaintiff claims that he informed defendants that he was being charged for the calls, and that he only had 5000 minutes per month of usage for the telephone numbers in question. *Id.* ¶ 64.

According to Jones, some of the original defendants, including Revenue Assistance, failed to disclose the identity of the company from which the employee was calling. *Id.* ¶ 65. Plaintiff also

---

[2]

Plaintiff contends that Revenue Assistance "also called sometimes when my called plaintiff's (sic) caller I.D. showed private and or blocked." (#78-1 ¶ 60.) He further alleges that "[o]nly after answering the caller ID blocked calls did Plaintiff realize it was the Defendant[]. . . Revenue [Assistance]. *Id.* ¶ 92. Jones has not alleged the dates or times when these additional calls were made, whether he spoke with a Revenue Assistance employee, or the content of any such conversation. In the absence of supporting facts, the allegations with respect to additional calls shall be disregarded.

claims that these defendants failed to send him written notice of his alleged indebtedness within five days of their initial communication with him. *Id.* ¶ 67.  At all relevant times, Jones refers to the telephone lines in question as his "wireless phone numbers."[3]

### III. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings have closed. Fed. R. Civ. P. 12.  "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir.2008) (citing *Curran v. Cousins*, 509 F.3d 36, 43-44 (1st Cir.2007)).  Motions for dismissal and judgment on the pleadings are governed by the same standard. *4MVR, LLC v. Hill*, No. 12-cv-10674, 2015 WL 3884054, at *6 (D. Mass. June 24, 2015).  "A Rule 12(c) motion nonetheless differs from a Rule 12(b)(6) motion because it implicates the pleadings as a whole." *Santiago v. Bloise*, 741 F. Supp.2d 357, 360 (D. Mass. 2010) (citation and internal quotation mark omitted). Facts in the answer, however, "are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." *Id.* (citation omitted).

To survive a Rule 12(c) motion, "a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. ...'" *Perez-Acevedo*, 520 F.3d at 29 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)).  The Court must consider the well-pleaded facts "in

---

[3]

In his opposition to this motion, Jones once states that the telephone calls were being placed to his "home" (#200 ¶ 4), but he does not allege that in the first amended complaint.  Further, the allegations of the first amended complaint refer to the lines in question as "wireless telephone numbers" no less than seventeen times.

the light most favorable to the non-moving party" and "draw[ ] all reasonable inferences in its favor." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (citing *Curran*, 509 F.3d at 43).

Subject to certain narrow exceptions and absent a conversion of the Rule 12(c) motion to a summary judgment motion under the procedure set forth in Rule 12(d), the court's review is confined to the complaint and the answer. Exceptions exist that allow consideration of "facts susceptible to judicial notice." *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006) (discussing Rule 12(c) motion). In evaluating a Rule 12(c) motion, a court may also "consider documents the authenticity of which are not disputed by the parties" as well as "documents central to the plaintiff's claim" and "documents sufficiently referred to in the complaint." *Curran*, 509 F.3d at 44; *see also Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321-322 (1st Cir. 2008); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). When the documents submitted are part of the public record, the court may consider them without converting the motion to dismiss into a motion for summary judgment. *See In re Stone & Webster*, 253 F. Supp.2d 102, 128 & n.11 (D. Mass. 2003).

## IV. DISCUSSION

A. *Count I - Violation of the FDCPA.*

In Count I Plaintiff asserts violation of §§ 1692c(a)(1), 1692d, 1692e(2), 1692e(5), 1692e(10-11), 1692f(1) and 1692g and 1692g(b) of the FDCPA. Congress created the FDCPA to "protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary restrictions on ethical debt collectors." *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp.2d 1, 53 (D. Mass. 2012) (internal quotation marks and citations

4

omitted).  A plaintiff must adequately allege three elements in order to state a valid claim under the

FDCPA: "(1) that she was the object of collection activity arising from consumer debt,[4] (2)

defendants are debt collectors as defined by the FDCPA, and (3) defendants engaged in an act or

omission prohibited by the FDCPA." *Rhodes v. Ocwen Loan Servicing, LLC*, 44 F. Supp.3d 137,

141 (D. Mass. 2014) (internal quotation marks and citation omitted).  As to the second element, it

is undisputed that Revenue Assistance is a debt collector.  At issue is whether Jones was the object

of collection activity arising from a consumer debt, and whether Revenue Assistance engaged in any

acts or omissions prohibited by the statutory provisions.

 In order to satisfy the first element of an FDCPA claim, Plaintiff must plead that any

contention by Revenue Assistance that Jones was obligated to pay money was the result of collection

activity arising from a "consumer debt."  A "debt" is defined in the FDCPA as "any obligation or

alleged obligation of a consumer to pay money arising out of a transaction . . .  primarily for

personal, family, or household purposes." 15 U.S.C. § 1692a(5).  The analysis here does not turn on

whether Jones was in fact obligated to pay a debt owed to Revenue Assistance. "[A] plaintiff may

bring a claim under the FDCPA by pleading that a debt collector falsely alleged an obligation to pay

money." *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 23 (1st Cir. 2002).

 Here, Jones' claims vary, as he alleges that Revenue Assistance, along with the other

defendants, "left messages for another person that (sic) does not own the wireless number" (#78-1

¶ 42) or that he was "called by the defendants to collect a nonexistent alleged debt" (#78-1 ¶ 82) and

that Revenue Assistance, specifically, was trying "to collect a nonexistent debt from the plaintiff."

---

[4] Under the FDCPA, a "consumer" is defined as "any natural person obligated or allegedly obligated
to pay any debt." 15 U.S.C. § 1692a(3).

(#78-1 ¶ 59.)  Where Jones alleges that Revenue Assistance was attempting to collect a debt from a third party, Plaintiff is not a consumer within the meaning of the FDCPA because he was not obligated or allegedly obligated to pay any debt. *See* 15 U.S.C. § 1692a(3).  On the other hand, to the extent it is alleged that Revenue Assistance's debt collection calls indicated that Jones was in fact obligated to pay a debt, even if no such debt existed, he is a consumer.  *See Arruda*, 310 F.3d at 23.

      1. *Revenue Assistance Did Not Place Any Calls That Violated Section 1692c(a)(1).*

      Section 1692c(a)(1) of the FDCPA states that "[w]ithout prior consent of the consumer . . . a debt collector may not communicate with a consumer in connection with the collection of any debt . . . [at] a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).  The statute further states that a reasonable time for communicating is after 8 a.m. and before 9 p.m.  *Id.*  In first amended complaint, Plaintiff alleges that Revenue Assistance placed calls at 9:51 a.m. and 9:28 a.m., both well within the allowable time frame. (#78-1 ¶ 60.) Jones does not attribute any other calls to Revenue Assistance specifically, despite claims that Plaintiff somehow knew that Revenue Assistance was telephoning him on occasions that his caller ID read "Private" or "Blocked." (#78-1 ¶ 60.)  Moreover, it is not alleged that any of the private or blocked calls were outside of the statutorily reasonable hours. *Id.*  Without more, Plaintiff's § 1692c(a)(1) claim cannot be sustained.

      2. *Claim That Revenue Assistance Violated Section 1692d.*

      Section 1692d of the FDCPA does not require that Jones be a consumer. *See Davis v. Diversified Consultants, Inc.*, 36 F. Supp.3d 217, 227 (D. Mass. 2014) (genuine issues on non-debtor plaintiff's FDCPA claims under § 1692d, where Plaintiff received 60 calls over the course of three

and one-half months). Section 1692d prohibits "conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The specific actions Jones alleges were taken by Revenue Assistance do not rise to this level of conduct. *See Davis,* 36 F. Supp.3d at 228 ("a single rude caller or the mere fact that a telephone call is unwelcome is insufficient"); *McDermott,* 911 F. Supp.2d. at 77 (citing *Johnson v. Capital Management Services,* 2011 WL 6012509, at *5 (W.D.N.Y. Dec. 1, 2011) ("[s]ection 1692d is meant to protect . . . from oppressive and outrageous conduct, but not from every negative consequence of debt collection.")). According to the allegations of the first amended complaint, Plaintiff received two calls from Revenue Assistance; there are insufficient facts alleged from which to infer that Revenue Assistance was calling when Jones' caller ID showed "blocked." (#78-1 ¶ 60.) Jones' claim that "[d]efendants . . . placed no less than 275 calls to the Plaintiff's wireless number" (#78-1 ¶ 157) cannot be attributed to Revenue Assistance individually. *See Rice v. Spencer,* 2014 WL 2453104, at *3 (D. Mass. May 29, 2014). A pair of calls placed during the hours designated by the statute to be reasonable simply do not amount to outrageous or oppressive conduct in violation of § 1692d.

   3. *Claims that Revenue Assistance Violated FDCPA Sections 1692e, 1692f, 1692g, and 1692g(2).*

   The various provisions of section 1692e protect consumers from false or misleading representations by debt collectors. 15 U.S.C. § 1692e. Plaintiff alleges that "[d]uring this communication, the employee (sic) of defendants Palma, Weltman, McCarthy, Revenue, Dynamic, Pollack & Integrity failed to disclose the identity of the company from which he or she was calling and failed to disclose that the company was a debt collector calling to collect a debt." (#78-1 ¶ 65.) Failing to disclose that information would be a violation of the FDCPA. 15 U.S.C. § 1692(e)(11).

However, Jones does not allege any facts concerning the "communication" with Revenue Assistance. Did Plaintiff speak to a Revenue Assistance employee? What was the content of any such conversation? Did Plaintiff instead just receive a recorded message? What was the content of that message? Was the "communication" merely a hang-up call?

The use of broad brush allegations against a group of defendants without the factual underpinnings fails to satisfy pleading requirements of Fed. R. Civ. P. 8(a). Due to the inadequacy of the allegations, Revenue Assistance is unable to determine whether Jones is plausibly entitled to relief. The plaintiff's obligation to provide the grounds of his claims "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a **plausible** claim for relief" states a claim upon which relief may be granted." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the amended complaint does not show that "'the pleader is entitled to relief.'" *Id.* (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Further, in his opposition Jones relies on the decision in *Kaniewski v. National Action Financial Services*, where the Court agreed that "plaintiff [could] not succeed on his claims under §§ 1692e and 1692f because he knew that Defendant was not trying to collect a debt owed by him." (#200 ¶ 18)(citing 678 F. Supp.2d 541, [545-46] (E.D. Mich. 2009)). In the first amended complaint Jones repeatedly alleges that Revenue Assistance was attempting to collect a non-existent debt from him. (#78-1.) Accepting these allegations as true, Plaintiff knew that Revenue Assistance was not trying to collect a debt owed by him. For this reason his § 1692e claim must fail.

8

Section § 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. While Revenue Assistance is said to have violated section 1692f(1), which makes it unlawful to collect any amount of debt unless such amount is "expressly authorized by the agreement creating the debt or permitted by law," no factual basis is provided to support the bald allegation that Revenue Assistance's actions specifically violated this provision. (#78-1.) Because the pleading standards have not been met, the § 1692f claim is doomed.[5]

Last, Plaintiff alleges violations of §§ 1692g(a) and 1692g(b), specifically that the defendants failed to send a validation notice within five days of the initial communication, and that they did not cease collection efforts until the debt was validated. Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, *unless the following information is contained in the initial communication* or the consumer has paid the debt, send the consumer a written notice containing--(1) the amount of the debt;(2) the name of the creditor to whom the debt is owed;(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g(a) (emphasis added).

Plaintiff only alleges two calls from Revenue Assistance, both of which occurred on the same day,

---

[5] Jones's § 1692f claim also fails under *Kaniewski*, 678 F. Supp.2d at 545-46.

November 6, 2016, twenty-three minutes apart. Jones alleges no facts regarding whether he spoke with an employee of Revenue Assistance during those telephone calls and, if so, the content of the conversation. Absent this information, Plaintiff has failed to allege that the information required by the statute was not imparted to him in the first "communication" thereby requiring Revenue Assistance to send a notice of debt under § 1692g(a) of the statute. The allegations are inadequate and so the § 1692g(a) claim must fail.

Similarly, Jones' allegations foreclose the applicability of § 1692g(b), which provides that upon notification from a consumer that a debt is disputed, the debt collector is to stop attempting to collect the debt until the debt is verified. Here, Plaintiff alleges only a pair of telephone calls on the same day from Revenue Assistance. There are no factual allegations supporting any continued debt collection activities by Revenue Assistance after November 6, 2016, the day the two calls were made.

For the above reasons, Count I should be dismissed.

B. *Counts II and III - Violation of the TCPA.*

Plaintiff alleges violations of two provisions of the TCPA. The first provision makes it

> unlawful for any person within the United States . . . to make any call
> . . . using any automatic telephone dialing system or an artificial or
> prerecorded voice . . . to any telephone number assigned to a paging
> service, cellular telephone service, specialized mobile radio service,
> or other radio common carrier service, or any service for which the
> called party is charged for the call, unless such call is made solely to
> collect a debt owed to or guaranteed by the United States.

47 U.S.C. 227(b)(1)(A)(iii). "The elements of this type of TCPA claim are: (1) the defendant called a cellular telephone service or a service for which the called party is charged on a per call basis; (2) using an [Automated Telephone Dialing System, ("ATDS")]; and (3) without the recipient's prior

consent." *Karle v. Southwest Credit Systems*, 2015 WL 5025449, at *5 (D. Mass. June 22, 2015),

*Report and Recommendation adopted by* 2015 WL 5031966 (D. Mass. Aug. 25, 2015); *Jones v.*

*FMA Alliance Ltd.*, 978 F. Supp.2d 84, 86 (D. Mass. 2013).   As defined in the TCPA, an ATDS

"means equipment which has the capacity--(A) to store or produce telephone numbers to be called,

using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §

227(a)(1).

  In its memorandum,  Revenue Assistance argues that because Jones' telephone numbers in

question are registered through a VoIP[6] service provider, a type of "internet telephone," they are not

protected by the TCPA. (#199 at 10.)  A TCPA claim brought by a VoIP user was discussed in

*Karle*, 2015 WL 5025449, at *6.  The Court did not decide whether VoIP technology was explicitly

covered by the statute, concluding instead that the plaintiff had not successfully pleaded all the

elements of the cause of action. *Id.*   Summary judgment entered for the defendants, not because

VoIP is not a protected technology but rather because the plaintiff failed to prove her VoIP service

was a "service for which the called party [was] charged for the call." *Id.*; 47 U.S.C.

227(b)(1)(A)(iii).  Why the use of a VoIP service would change the analysis of a TCPA claim has

been questioned. *Davis*, 36 F. Supp.3d at 221 n.3.  Here, while Revenue Assistance claims that VoIP

technology is not protected by the statute, the authority relied on only expressly refuses to cover

calls where the called party is not charged for the call.[7]

---

[6]

  "VoIP technology allows a person to make voice calls using a broadband Internet connection instead
of a regular (or analog) telephone line." *Karle*, 2015 WL 5025449, at *5 n.4.

[7]

  For example, Revenue Assistance relies on *Nieto v. Allied Interstate, Inc.*, where the Court noted that
"[a]t all relevant times, [Plaintiff's] number was assigned to a Voice over Internet Protocol ("VoIP")
telephone service . . . *which never charged Nieto on a per-call basis*." 2014 WL 4980376, at * 1 (D. Md. Oct.

11

Except where there is no evidence that the called party was charged for the call, courts generally view VoIP services as a protected technology under the TCPA. *See Lynn v. Monarch Recovery Management, Inc,* 953 F. Supp.2d 612, 616-17 (D. Md. 2013) (granting Plaintiff's motion for summary judgment on TCPA claims where he provided evidence that "[his] account . . . was charged $0.0149 per minute for each of [Defendant's] 37 incoming calls"); *Ghawi v. Law Offices Howard Lee Schiff, P.C.,* 2015 WL 6958010, at \*3 (D. Conn. Nov. 10, 2015) ("[T]here is no apparent conceivable reason on the record why the use of a VoIP number to connect to a cell phone should be treated differently from a direct call to a cell phone, at least where, as here, the caller informs the debt collector that the number connects to a cell phone."); *Telephone Science Corporation v. Asset Recovery Solutions, LLC,* 2016 WL 47916, at \*1 (N.D. Ill. Jan. 5, 2016) (granting Defendant's motion to stay based on lack of standing for unanswered calls placed to a VoIP number, but recognizing standing where "[Plaintiff] answered 450 of [the received] calls, resulting in . . . 'per minute charges in the amount of $3.38.'"). Jones' amended complaint states that his subscription is a "service for which the called party is charged for the call," and that the calls from the defendants collectively caused him to be charged for the minutes used to take those calls. (#78-1 ¶ 82.) Revenue Assistance has presented nothing to refute these factual allegations. In these circumstances, Revenue is not entitled to the entry of judgment on the pleadings on this part of the TCPA claim.

Jones' other potential claim falls under a provision of the TCPA that makes it unlawful "to initiate any telephone call to any *residential* telephone line using an artificial or prerecorded voice

---

3, 2014), *aff'd sub nom. Nieto v. Allied Interstate, LLC,* 599 F. App'x 74 (4th Cir. 2015) (emphasis added). Further, the Court concluded that "whether Nieto's service falls within the scope of the TCPA is not a question the court needs to resolve for this case." *Nieto,* 2014 WL 4980376, at \*3.

12

to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B)

(emphasis added).  Revenue Assistance argues that Plaintiff holds the relevant telephone numbers

out to the public as belonging to businesses, and, therefore, they are not protected as residential

lines.[8] (#199 at 7.)  In his opposition, Jones argues that the telephone numbers in question are used

as personal numbers.[9]  (#200 at 3.)  This dispute need not be resolved.

Pursuant to 47 U.S.C. § 227 (b)(2)(B), the FCC created exemptions from the prohibition on

automated calls to residences where "the call i) [i]s made for emergency purposes; ii) [i]s not made

for a commercial purpose; iii)[i]s made for commercial purposes but does not include or introduce

---

[8]
Revenue Assistance argues that a business-to-business call would be exempt from § 227(b)(1)(A)(iii).  While the First Circuit has yet to address the issue, Judge Barbadoro in New Hampshire agreed with the Third Circuit that "[t]he only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent. Unlike the exemptions that apply exclusively to residential lines, there is no established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones." *Himes v. Client Services, Inc.*, 990 F. Supp.2d 59, 68 (D.N.H. 2014) (quoting *Gager v. Dell Fin. Servs. LLC*, 727 F.3d 265, 273 (3d Cir. 2013) (further citation omitted)).  In essence, if an autodialer is used to call a cellular phone or service for which the called party is charged for the call, permission is required or § 227(b)(1)(A)(iii) applies. *See id.; Hamlett v. Santander Consumer USA Inc.*, 931 F. Supp.2d 451, 456 (E.D.N.Y. 2013); *Bentley v. Bank of America, N.A.*, 773 F. Supp.2d 1367, 1374 (S.D. Fla. 2011).
Revenue Assistance also relies on the narrow exception for autodialed calls "placed to a wireless number that has been ported from wireline service . . . not knowingly made to a wireless number and made within 15 days of porting of the number from wireline to wireless service." *See Himes*, 990 F. Supp.2d at 68 n.12 (quoting 47 C.F.R. § 64.1200(a)(1)(iv)).  However, viewing all the facts alleged in the light most favorable to Jones, the numbers in question are wireless numbers or a "service for which the charged party is called" and no facts indicate they had been ported from a wireline.

[9]The First Circuit has yet to address whether a line may be shared between an individual and a business for the purposes of the TCPA, and other courts are divided. *Compare Bank v. Independence Energy Group, LLC*, 2014 WL 4954618 (E.D.N.Y. Oct. 2, 2014) ("[I]f the subscriber holds out . . . a telephone number to the general public as a business line, the line should not be considered 'residential' for the purposes of the TCPA") *with Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp.3d 937, 943 (C.D. Cal. 2015) ("[E]ven assuming the line is used by J and J Thomas, Inc. for business purposes . . . .[nothing] suggests Plaintiff is not the current subscriber, regular user, or intended recipient of the calls to 'his' . . . telephone.").  In any event, the evidence on this issue is unclear.  While the original information lists Paugatti Tobacco as the account/customer name in the CallSource documentation, the new/updated information lists Paul Jones as the account/customer name. (#187-11.)

an advertisement or constitute telemarketing; iv) is made by or on behalf of a tax-exempt non-profit organization. . . ." 47 C.F.R. § 64.1200(a)(3).  As explained by Magistrate Judge Robertson:

> The FCC has stated that no further exemption was needed for debt-collection calls because such calls are adequately covered by exemptions [adopted] for commercial calls which do not transmit an unsolicited advertisement. In short, the FCC, acting pursuant to its authority under 47 U.S.C. § 227(b)(2)(B), has enacted a rule, and has issued several orders, exempting debt-collection calls from the prohibition stated in 227(b)(1)(B).  Because the record demonstrates that [Defendant] made debt-collection calls to Plaintiff's telephone number, her claim under section 227(b)(1)(B) fails as a matter of law.

*Karle*, 2015 WL 5025449, at *5 (internal quotation marks and citations omitted).  Throughout his first amended complaint, Jones consistently alleges that all calls placed by Revenue Assistance were made with the purpose of collecting a debt (either from Jones or a third party). (#78-1 ¶¶ 42, 70, 77, 100.)  Based on these allegations, it is clear that the debt collection messages are exempt as commercial calls made without conveying an unsolicited advertisement.  As such, Revenue Assistance's motion for judgment on the pleadings should be allowed on this aspect of the TCPA claim alleged in Count II.

With respect to Count III, Jones again claims violations of the TCPA but does not allege a different set of unlawful actions that would support separate counts. Pursuant to Fed. R. Civ. P. 12(f), Count III should be dismissed as redundant. *See Bougopoulos v. Altria Group, Inc.*, 954 F. Supp.2d 54, 52 (D.N.H. 2013) ("[B]ecause [Plaintiff] bases his claim in Count II on [the same unlawful activity as his other counts], his claim in Count II is redundant and should be dismissed to avoid confusing repetition of the same claims.").

C. *Count IV - Violation of MFDCPA.*

As to Count IV, Revenue Assistance argues that there is no private right of action under the

14

MFDCPA. Jones does not dispute Defendant's contention.[10] (#200 ¶¶ -22-23.)   Revenue Assistance's motion for judgment on the pleadings should be allowed with respect to Count IV.

## V. RECOMMENDATION

For all of the reasons stated, I RECOMMEND that Defendant's Motion for Judgment on the Pleadings (#198) be ALLOWED with respect to Counts I, III, and IV of the amended complaint. I FURTHER RECOMMEND that the motion be ALLOWED with respect to the TCPA claim in Count II alleging violation of 47 U.S.C. § 227(b)(1)(B) and DENIED with respect to the TCPA claim in Count II alleging violation of 47 U.S.C. § 227(B)(1)(A).

## VI. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford*

---

[10] Indeed, Plaintiff has previously litigated this issue and lost. *See Jones v. NCO Financial Services*, 2014 WL 6390633, at * (D. Mass. Nov. 14, 2014 )("[T]he regulations cited here, . . . provide no indication that a private right of action exists under these regulations. Rather, '[t]he purpose of 940 CMR § 7.00 is to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts.'").

*Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn,* 474 U.S. 140 (1985).


April 13, 2016                                   /s/ M. Page Kelley
                                                 M. Page Kelley
                                                 United States Magistrate Judge

16